# EXHIBIT A

Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TINTRI, INC.,[1] | ) | Case No.: 18-11625 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER PURSUANT TO SECTIONS 105(a), 507(a)(8), AND 541(d) OF THE BANKRUPTCY CODE (I) AUTHORIZING THE PAYMENT OF PREPETITION SALES, USE, FRANCHISE AND OTHER SIMILAR TAXES AND FEES**

Upon the *Motion Pursuant to Sections 105(a), 507(a)(8), and 541(d) of the Bankruptcy Code Authorizing the Payment of Prepetition Sales, Use, Franchise and Other Similar Taxes and Fees* (the "Motion")[2] of the debtor and debtor in possession in the above-captioned case (the "Debtor"); and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is necessary to the ongoing orderly operation of the Debtor's business and is in the best interests of the Debtor, its estate, and its creditors; and it appearing that the notice of the Motion having been given as set forth herein was appropriate and that no other or further notice need by given; and the "first day" hearing on the Motion having been held before the Court; and objections, if any, to the Motion having been overruled, withdrawn, or otherwise

---

[1] The Debtor and the last four digits of its taxpayer identification numbers are (6978). The headquarters and service address for the above-captioned Debtor is 303 Ravendale Dr., Mountain View, CA 94043.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

resolved at the hearing; and after due deliberation and good and sufficient cause appearing therefor; IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtor is authorized to pay the Prepetition Tax Obligations due and owing as of the Petition Date, including, without limitation, through the issuance of postpetition checks or wire transfer requests, as the Debtor deems necessary, in their sole discretion, in an amount not to exceed $309,000 (the "Prepetition Tax Obligations Cap").

3. All, applicable banks, other financial institutions are authorized to receive, process, honor, and pay any and all prepetition checks or by automated clearinghouse payment issued by the Debtor for the payment of Prepetition Tax Obligations approved herein, whether prior to or after commencement of this chapter 11 case.

4. The Debtor is authorized (consistent with this Order) to issue postpetition checks or to effect postpetition automated clearinghouse requests in replacement of any checks or automated clearinghouse requests relating to taxes that were dishonored or rejected.

5. Nothing herein shall impair any rights of the Debtor or any other party in interest to dispute or object to any taxes asserted as owing to the Taxing Authorities or those parties who ordinarily collect the Prepetition Tax Obligations as to amount, liability, classification, or otherwise.

6. Notwithstanding anything to the contrary contained herein, any payment made or to be made under this Order, any authorization contained in this Order, or any claim for which payment is authorized hereunder, shall be subject to any orders of this Court approving

2

any debtor in possession financing for, or any use of cash collateral by, the Debtor, and any documents providing for such debtor in possession financing and the Budget governing such debtor in possession financing and use of cash collateral.

7. Notwithstanding the possible applicability of Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the Motion or otherwise deemed waived. To the extent the 14-day stay of Bankruptcy Rule 6004(h) may be construed to apply to the subject matter of this Order, such stay is hereby waived.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and Rule 9013-1(m) of the Local Rules of the United States Bankruptcy Court for the District of Delaware are satisfied by such notice.

9. This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Dated: _____, 2018

_____
UNITED STATES BANKRUPTCY JUDGE