IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TINTRI, INC.,[1] | ) | Case No.: 18-11625 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS (A) APPROVING THE DEBTOR'S PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (B) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, (C) APPROVING THE DEBTOR'S PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS, AND (D) GRANTING RELATED RELIEF**

The above-captioned debtor and debtor in possession (the "Debtor") files this motion (the "Motion") for entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, respectively, (a) approving the Debtor's Proposed Adequate Assurance (as defined herein) of payment for future utility services, (b) prohibiting Utility Companies (as defined herein) from altering, refusing, or discontinuing services, (c) approving the Debtor's proposed procedures for resolving Adequate Assurance Requests (as defined herein), and (d) granting related relief. In support of this Motion, the Debtor respectfully states as follows.

**Jurisdiction and Venue**

1.    The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

---

[1] The Debtor and the last four digits of its taxpayer identification numbers are (6978). The headquarters and service address for the above-captioned Debtor is 303 Ravendale Dr., Mountain View, CA 94043.

*Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a) and 366 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9013-1(m).

### Background

4.      On the date hereof (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor has continued in the possession of its property and has continued to operate and manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner or committee has been appointed in the Debtor's chapter 11 case.

5.      The factual background regarding the Debtor, including its current and historical business operations and the events precipitating the chapter 11 filing, is set forth in

detail in the *Declaration of Robert J. Duffy in Support of First Day Pleadings* (the "First Day

Declaration") filed concurrently herewith and fully incorporated herein by reference[2].

## Relief Requested

6.      By this Motion, the Debtor seeks entry of interim and final orders,

substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, respectively:

(a) approving the Debtor's Proposed Adequate Assurance (as defined herein) of payment for

future utility services; (b) prohibiting Utility Companies (as defined herein) from altering,

refusing, or discontinuing services; (c) approving the Debtor's proposed procedures for resolving

Adequate Assurance Requests (as defined herein); and (d) granting related relief.  In addition, the

Debtor requests that the Court schedule a final hearing within approximately 25 days of the

commencement of this chapter 11 case to consider approval of this Motion on a final basis.

## Utility Services and Proposed Adequate Assurance
### The Utility Services and Utility Companies

7.      In connection with the operation of its business and management of its

property, the Debtor obtains electricity and natural gas, and other similar services (collectively,

the "Utility Services") from a number of utility companies or brokers (collectively, the "Utility

Companies").  A nonexclusive list of the Utility Companies and their affiliates that provide

Utility Services to the Debtor as of the Petition Date (the "Utility Services List") is attached

---

[2]  Capitalized term used but not otherwise defined herein shall have the meanings ascribed to them in the First Day
     Declaration.

hereto as **Exhibit C**.[3]  The relief requested herein is requested with respect to all Utility

Companies providing Utility Services to the Debtor.

      8.      Uninterrupted Utility Services are essential to the Debtor's ongoing

business operations.  The Debtor's operations require electricity and gas for lighting, heating,

trash, sewer services, air conditioning, and telecommunications (including telephone and

internet/data).  Should any Utility Provider refuse or discontinue service, even for a brief period,

the Debtor's business operations could be severely disrupted, and such disruption would

jeopardize the Debtor's ability to operate its business.  Accordingly, it is essential that the Utility

Services continue uninterrupted during the chapter 11 case.

      9.      To the best of the Debtor's knowledge, there are no defaults or arrearages

with respect to the Debtor's undisputed invoices for prepetition Utility Services.  On average, the

Debtor pays approximately $40,000 each month for third party Utility Services.

### Proposed Adequate Assurance of Payment

      10.      The Debtor intends to pay postpetition obligations owed to the Utility

Companies in a timely manner.  Cash held by the Debtor, cash generated in the ordinary course

of business, and cash available to the Debtor through its debtor in possession financing facility,

will provide sufficient liquidity to pay the Debtor's Utility Service obligations in accordance

with prepetition practice.

---

[3]  The inclusion of any entity on, or the omission of any entity from, the Utility Services List is not an admission by the Debtor that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtor reserves all rights with respect to any such determination.

11.    To provide additional assurance of payment, the Debtor proposes to

deposit into a segregated account $20,000 (the "Adequate Assurance Deposit"), which represents

an amount equal to approximately one half of the Debtor's average monthly cost of Utility

Services.  The Adequate Assurance Deposit will be held in the segregated account for the

duration of this chapter 11 case.  The Debtor submits that the Adequate Assurance Deposit, in

conjunction with the Debtor's ability to pay for future utility services in accordance with

prepetition practice (collectively, the "Proposed Adequate Assurance"), constitutes sufficient

adequate assurance to the Utility Companies in full satisfaction of section 366 of the Bankruptcy

Code.

## The Adequate Assurance Procedures

12.    Any Utility Company that is not satisfied with the Proposed Adequate

Assurance may make a request for additional or different adequate assurance of future payment

(each an "Adequate Assurance Request") pursuant to the adequate assurance procedures set forth

below (the "Adequate Assurance Procedures"):

a.    Any Utility Company that objects to the Debtor's Proposed

Adequate Assurance must serve an Adequate Assurance Request on:  (i)  the Debtor, Tintri, Inc.,

303 Ravendale Dr., Mountain View, CA 94943, Attn:  Robert J. Duffy; (ii) proposed counsel for

the Debtor, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington,

DE 19801, Attn:  Colin R. Robinson; (iii) counsel to any statutory committee appointed in this

case; (iv) counsel for the DIP Lender, McDermott Will & Emery LLP, 2049 Century Park East,

38th Floor, Los Angeles, CA 90067-3218, Attn: Riley T. Orloff and and prepetition lenders,

Riemer & Braunstein LLP, Three Center Plaza, 6th Floor, Boston, Massachusetts 02108, Attn: Paul S. Samson; and (v) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Timothy J. Fox, Jr.) (collectively, the "Notice Parties").

        b.      Any Adequate Assurance Request must: (i) be made in writing; (ii) identify the location for which Utility Services are provided; and (iii) explain why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

        c.      The Debtor is authorized to resolve, in its sole discretion, any Adequate Assurance Request by mutual agreement with a Utility Company and without further order of the Court and, in connection with any such agreement, in its sole discretion, provide a Utility Company with alternative adequate assurance of payment, including cash deposits, payments of prepetition balances, prepayments, or other forms of security, without further order of the Court, if the Debtor believes such alternative assurance is reasonable.

        d.      If the Debtor is unable to consensually resolve an Adequate Assurance Request by mutual agreement within 14 days of receipt of the Adequate Assurance Request, the Debtor will seek a hearing with the Court (the "Determination Hearing") to determine the appropriate amount of adequate assurance required with respect to such Adequate Assurance Request. Pending resolution of such Adequate Assurance Request at the Determination Hearing, the Utility Company shall be prohibited from altering,

refusing, or discontinuing services to the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

       e.     The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

       f.     All Utility Companies who do not file an objection or serve an Adequate Assurance Request shall be: (a) deemed to have received adequate assurance of payment "satisfactory" to such Utility Company in compliance with section 366 of the Bankruptcy Code; and (b) forbidden to discontinue, alter, or refuse services to, or discriminate against, the Debtor on account of any unpaid prepetition charges, or require additional assurance of payment other than the Proposed Adequate Assurance.

       g.     The Debtor may add or remove any Utility Company from the Utility Services List, and the Debtor shall add to or subtract from the Adequate Assurance Deposit an amount equal to one half of the Debtor's average monthly cost for each subsequently-added or removed Utility Company as soon as practicable. For Utility Companies that are added to the Utility Services List, the Debtor will cause a copy of the order granting this Motion, including the Adequate Assurance Procedures, to be served on such subsequently added Utility Company. Any Utility Company subsequently added to the Utility Services List shall be bound by the Adequate Assurance Procedures.

       13.     The Debtor submits that the Adequate Assurance Procedures set forth a streamlined process for Utility Companies to address potential concerns with respect to the Proposed Adequate Assurance, while at the same time allowing the Debtor to continue its

business operations uninterrupted.  More specifically, the Adequate Assurance Procedures permit

a Utility Company to object to the Proposed Adequate Assurance by filing and serving an

Adequate Assurance Request upon certain notice parties.  The Debtor may then resolve any

Adequate Assurance Request by mutual agreement with the Utility Company and without further

order of the Court.  If the Adequate Assurance Request cannot be resolved by mutual agreement,

the Debtor may seek Court resolution of the Adequate Assurance Request.

**Basis For Relief**

14.    As discussed above, section 366 of the Bankruptcy Code protects a debtor

against the immediate termination or alteration of utility services after the Petition Date.

*See* 11 U.S.C. § 366.  Section 366(c) of the Bankruptcy Code requires the debtor to provide

"adequate assurance" of payment for postpetition services in a form "satisfactory" to the utility

company within thirty days of the petition, or the utility company may alter, refuse, or

discontinue service.  11 U.S.C. § 366(c)(2).  Section 366(c)(1) of the Bankruptcy Code provides

a non-exhaustive list of examples for what constitutes "assurance of payment."  11 U.S.C. § 366

(c)(1).  Although assurance of payment must be "adequate," it need not constitute an absolute

guarantee of the Debtor's ability to pay.  *See, e.g., In re Great Atl. & Pac. Tea Co.*, No. 11-CV-

1338, 2011 WL 5546954, at *5 (Bankr. S.D.N.Y. Nov. 14, 2011) (finding that "[c]ourts will

approve an amount that is adequate enough to insure against unreasonable risk of nonpayment,

but are not required to give the equivalent of a guaranty of payment in full"); *In re Caldor, Inc.*,

199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires . . . 'adequate assurance' of payment.

8

The statute does not require an absolute guarantee of payment." (citation omitted)), *aff'd sub nom. Va. Elec. & Power Co. v. Caldor, Inc.*, 117 F.3d 646 (2d Cir. 1997).

15.     When considering whether a given assurance of payment is "adequate," the Court should examine the totality of the circumstances to make an informed decision as to whether the Utility Company will be subject to an unreasonable risk of nonpayment. *See In re Keydata Corp.*, 12 B.R. 156, 158 (B.A.P. 1st Cir. 1981) (citing *In re Cunha*, 1 B.R. 330 (Bankr. E.D. Va. 1979)); *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 82–83 (Bankr. S.D.N.Y. 2002).  In determining the level of adequate assurance, however, "a bankruptcy court must focus upon the need of the utility for assurance, and . . . require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources." *Va. Elec. & Power Co.*, 117 F.3d at 650 (internal quotations omitted) (citing *In re Penn Jersey Corp.*, 72 B.R. 981, 985 (Bankr. E.D. Pa. 1987)).

16.     Here, the Utility Companies are adequately assured against any risk of nonpayment for future services.  The Adequate Assurance Deposit, the Debtor's proposed debtor in possession financing, and the Debtor's ongoing ability to meet obligations as they come due in the ordinary course, provides assurance of the Debtor's payment of its future obligations.  Moreover, termination of the Utility Services could result in the Debtor's inability to operate its business to the detriment of all stakeholders.  *Cf. In re Monroe Well Serv., Inc.*, 83 B.R. 317, 321–22 (Bankr. E.D. Pa. 1988) (noting that without utility service the debtors "would have to cease operations" and that section 366 of the Bankruptcy Code "was intended to limit the leverage held by utility companies, not increase it").

17.    Courts are permitted to fashion reasonable procedures, such as the Adequate Assurance Procedures proposed herein, to implement the protections afforded under section 366 of the Bankruptcy Code. *See, e.g., In re Circuit City Stores Inc.*, No. 08-35653, 2009 WL 484553, at *5 (Bankr. E.D. Va. Jan. 14, 2009) (stating that "[t]he plain language of §366 of the Bankruptcy Code allows the court to adopt the Procedures set forth in the Utility Order"). Such procedures are important because, without them, the debtors "could be forced to address numerous requests by utility companies in an unorganized manner at a critical period in their efforts to reorganize." *Id.* Here, notwithstanding a determination that the Debtor's Proposed Adequate Assurance constitutes sufficient adequate assurance, any rights the Utility Companies believe they have under sections 366(b) and (c)(2) of the Bankruptcy Code are wholly preserved under the Adequate Assurance Procedures. *See id.* at *5–6. The Utility Companies still may choose, in accordance with the Adequate Assurance Procedures, to request modification of the Proposed Adequate Assurance. *See id.* at *6. The Adequate Assurance Procedures, however, avoid a haphazard and chaotic process whereby each Utility Company could make an extortionate, last-minute demand for adequate assurance that would force the Debtor to pay under the threat of losing critical Utility Services. *See id.* at *5.

18.    Because the Adequate Assurance Procedures are reasonable and in accord with the purposes of section 366 of the Bankruptcy Code, the Court should grant the relief requested herein. Indeed, similar procedures have been approved by courts in this district. *See, e.g., In re The Walking Company Holdings, Inc.*, Case No. 18-10474 (LSS) (Bankr. D. Del. Apr. 4, 2018); *In re Central Grocers, Inc.*, Case No. 17-10993 (LSS) (Bankr. D. Del. May 4, 2017)

(approving adequate assurance deposit equal to one half of debtor's monthly utility expenses); *In re APP Winddown, LLC, et al. (f/k/a/ American Apparel, LLC, et al.)* Case No. 16-12551 (BLS) (Bankr. Dist. Del. Nov. 15, 2016) (same); *In re Garden Fresh Restaurant Intermediate Holding, LLC,* Case No. 16-12174 (CSS) (Bankr. Dist. Del. Oct. 3, 2016) (same); *In re Deb Stores Holding LLC*, Case No. 14-12676 (KG) (Bankr. D. Del. Dec. 4, 2014) (same); *In re Sorenson Commc'ns, Inc.*, No. 14-10454 (BLS) (Bankr. D. Del. Mar. 26, 2014) (same); *In re Dolan Co.*, No. 14-10614 (BLS) (Bankr. D. Del. Mar. 25, 2014) (same).

19.    Further, the Court possesses the power, under section 105(a) of the Bankruptcy Code, to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Adequate Assurance Procedures and the Proposed Adequate Assurance are necessary and appropriate to carry out the provisions on the Bankruptcy Code, particularly section 366 thereof. Accordingly, the Court should exercise its powers under sections 366 and 105(a) of the Bankruptcy Code and approve both the Adequate Assurance Procedures and the Proposed Adequate Assurance.

### The Requirements of Bankruptcy Rule 6003 are Satisfied

20.    Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." For the reasons discussed above, prohibiting Utility Companies from altering or discontinuing services, authorizing the Debtor to deposit the Proposed Adequate Assurance and utilize the Adequate Assurance Procedures, and granting the other relief requested herein is integral to the Debtor's ability to transition its operations into this chapter 11 case. Failure to

receive such authorization and other relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtor's operations at this critical juncture. For the reasons discussed herein, the relief requested is necessary in order for the Debtor to operate its business in the ordinary course and preserve the ongoing value of the Debtor's operations and maximize the value of its estate for the benefit of all stakeholders. Accordingly, the Debtor submits that it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

### Reservation of Rights

21.    Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtor, a waiver of the Debtor's rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code. The Debtor expressly reserve its rights to contest any claim related to the relief sought herein. Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtor's rights to subsequently dispute such claim.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

22.    To implement the foregoing successfully, the Debtor requests that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtor has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

12

## Notice

23.    Notice of this Motion shall be given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) counsel for postpetition and prepetition lenders; and (c) the Debtor's twenty largest unsecured creditors.  As the Motion is seeking "first day" relief, within two business days after the hearing on the Motion, the Debtor will serve copies of the Motion and any order entered respecting the Motion as required by Del. Bankr. LR 9013-1(m).  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

24.    No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests entry of interim and final orders,

substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, respectively, (a) granting

the relief requested herein, and (b) granting such other relief as is just and proper.

Dated:   July 10, 2018               PACHULSKI STANG ZIEHL & JONES LLP

                                     _____
                                     Henry C. Kevane (CA Bar No. 125757)
                                     John D. Fiero (CA Bar No. 136557)
                                     John W. Lucas (CA Bar No. 271038)
                                     Colin R. Robinson (DE Bar No. 5524)
                                     919 N. Market Street, 17th Floor
                                     Wilmington, DE 91899
                                     Tel:  (302) 652-4100
                                     Fax: (302) 652-4400
                                     E-mail:  hkevane@pszjlaw.com
                                          jfiero@pszjlaw.com
                                          jlucas@pszjlaw.com
                                          crobinson@pszjlaw.com

                                     Proposed Attorneys for Debtor and Debtor in
                                     Possession