IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TINTRI, INC.,[1] | ) | Case No.: 18-11625 (KJC) |
| | ) | |
| Debtor. | ) | |
| | ) | **Related to Docket No. 8** |

### INTERIM ORDER (A) APPROVING THE DEBTOR'S PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (B) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, (C) APPROVING THE DEBTOR'S PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS, AND (D) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an interim order (this "Interim Order"), (a) approving the Debtor's Proposed Adequate Assurance of payment for future utility services, (b) prohibiting Utility Companies from altering, refusing, or discontinuing services, (c) approving the Debtor's proposed procedures for resolving Adequate Assurance Requests, (d) granting related relief, and (e) scheduling a final hearing to consider approval of the Motion on a final basis; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28

---

[1] The Debtor and the last four digits of its taxpayer identification numbers are (6978). The headquarters and service address for the above-captioned Debtor is 303 Ravendale Dr., Mountain View, CA 94043.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. Subject to the Adequate Assurance Procedures, the Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on Aug 10, 2018, at 10:00 a.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on Aug 3, 2018, and shall be served on: (i) the Debtor, Tintri, Inc., 303 Ravendale Dr., Mountain View, CA 94943, Attn: Robert J. Duffy; (ii) proposed counsel for the Debtor, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801, Attn: Colin R. Robinson, Esq.; (iii) counsel to any statutory committee appointed in this case; (iv) counsel for the DIP Lender, McDermott Will & Emery LLP, 2049 Century Park East,

38th Floor, Los Angeles, CA 90067-3218, Attn: Riley T. Orloff and prepetition lenders, Riemer & Braunstein LLP, Three Center Plaza, 6th Floor, Boston, Massachusetts 02108, Attn: Paul S. Samson; and (v) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Timothy J. Fox, Jr.) (collectively, the "Notice Parties"). In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. The Debtor shall serve a copy of the Motion and this Interim Order on each Utility Company listed on the Utility Services List no later than two business days after the date this Interim Order is entered.

4. No later than fifteen days after the date this Interim Order is entered, the Debtor shall cause the Adequate Assurance Deposit to be deposited into a segregated account and held during the pendency of these chapter 11 cases.

5. The Adequate Assurance Deposit, together with the Debtor's ability to pay for future utility services in the ordinary course of business subject to the Adequate Assurance Procedures, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

6. Until such time as the Court enters a final order on the Motion, all Utility Companies are prohibited from altering, refusing, or discontinuing services on account of any unpaid prepetition charges, the commencement of these chapter 11 cases, or any perceived inadequacy of the Proposed Adequate Assurance.

DOCS_SF:96979.4

7. The following Adequate Assurance Procedures are hereby approved on an interim basis:

    a. Any Utility Company that objects to the Debtor's Proposed Adequate Assurance must serve an Adequate Assurance Request on: (i) the Debtor, Tintri, Inc., 303 Ravendale Dr., Mountain View, CA 94943, Attn: Robert J. Duffy; (ii) proposed counsel for the Debtor, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801, Attn: Colin R. Robinson, Esq.; (iii) counsel to any statutory committee appointed in this case; (iv) counsel for the DIP Lender, McDermott Will & Emery LLP, 2049 Century Park East, 38th Floor, Los Angeles, CA 90067-3218, Attn: Riley T. Orloff and prepetition lenders, Riemer & Braunstein LLP, Three Center Plaza, 6th Floor, Boston, Massachusetts 02108, Attn: Paul S. Samson; and (v) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Timothy J. Fox, Jr.) (collectively, the "Notice Parties").

    b. Any Adequate Assurance Request must: (i) be made in writing; (ii) identify the location for which Utility Services are provided; and (iii) explain why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

    c. The Debtor is authorized to resolve, in its sole discretion, any Adequate Assurance Request by mutual agreement with a Utility Company and without further order of the Court and, in connection with any such agreement, in its sole discretion, provide a Utility Company with alternative adequate assurance of payment, including cash

4

deposits, payments of prepetition balances, prepayments, or other forms of security, without further order of the Court, if the Debtor believes such alternative assurance is reasonable.

    d. If the Debtor is unable to consensually resolve an Adequate Assurance Request by mutual agreement within 14 days of receipt of the Adequate Assurance Request, the Debtor will seek a hearing with the Court (the "<u>Determination Hearing</u>") to determine the appropriate amount of adequate assurance required with respect to such Adequate Assurance Request. Pending resolution of such Adequate Assurance Request at the Determination Hearing, the Utility Company shall be prohibited from altering, refusing, or discontinuing services to the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

    e. The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

    f. All Utility Companies who do not file an objection or serve an Adequate Assurance Request shall be forbidden to discontinue, alter, or refuse services to, or discriminate against, the Debtor on account of any unpaid prepetition charges, or require additional assurance of payment other than the Proposed Adequate Assurance.

    g. The Debtor is authorized to add or remove any Utility Company from the Utility Services List, and the Debtor shall add to or subtract from the Adequate Assurance Deposit an amount equal to one half of the Debtor's average monthly cost for each subsequently-added or removed Utility Company as soon as practicable, provided, however, the Debtor shall not withdraw funds from the Adequate Assurance Deposit for any removed Utility

5

DOCS_SF:96979.4

Company to the extent there are disputes over postpetition amounts owed to such removed Utility Company. For Utility Companies that are added to the Utility Services List, the Debtor will cause a copy of this Interim Order, including the Adequate Assurance Procedures, to be served on such subsequently added Utility Company. Any Utility Company subsequently added to the Utility Services List shall be bound by the Adequate Assurance Procedures.

8. The relief granted herein is for all Utility Companies providing Utility Services to the Debtor and is not limited to those parties or entities listed on the Utility Services List.

9. The Debtor's service of the Motion upon the Utility Services List shall not constitute an admission or concession that each such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtor reserves all rights and defenses with respect thereto.

10. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Interim Order.

11. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute, an admission as to the validity or

6

DOCS_SF:96979.4

priority of any claim or lien against the Debtor, a waiver of the Debtor's rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

12. The Debtor is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Utility Services.

13. Notwithstanding anything to the contrary contained herein, any payment made or to be made under this Order, any authorization contained in this Order, or any claim for which payment is authorized hereunder, shall be subject to any orders of this Court approving any debtor in possession financing for, or any use of cash collateral by, the Debtor, and any documents providing for such debtor in possession financing and the Budget governing such debtor in possession financing and use of cash collateral.

14. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

15. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

17. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

18. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: July 4, 2018

_____
Honorable Kevin J. Carey
United States Bankruptcy Judge