IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TINTRI, INC.,[1] | ) | Case No.: 18-11625 (KJC) |
| | ) | |
| Debtor. | ) | **Re: Docket No. 49** |
| | ) | |

**NOTICE OF INTERIM TRADING ORDER ESTABLISHING
NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS
ON CERTAIN TRANSFERS OF INTERESTS IN DEBTOR'S ESTATE**

TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN THE DEBTOR:[2]

On July 10, 2018 (the "Petition Date"), the Debtor and Debtor in possession in the above-captioned Chapter 11 Case (the "Debtor") commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Upon commencement of a chapter 11 case, section 362(a) of the Bankruptcy Code operates as a stay of any act to obtain possession of property of Debtor's estate or of property from Debtor's estate or to exercise control over property of Debtor's estate.

On July 11, 2018, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), having jurisdiction over this Chapter 11 Case, upon motion of the Debtor (the "Motion"), entered an interim order [Docket No. 49] (the "Interim Trading Order") (i) finding that Debtor's net operating loss carryforwards and certain other tax attributes (the

---

[1] The last four digits of the Debtor's taxpayer identification number are (6978): The headquarters and service address for the above-captioned Debtor is 303 Ravendale Dr., Mountain View, CA 94043.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Order.

"Tax Attributes") are property of Debtor's estate and are protected by section 362(a) of the Bankruptcy Code (which operates as a stay of any act to obtain possession of property of Debtor's estate or of property from Debtor's estate or to exercise control over property of Debtor's estate); (ii) finding that unrestricted trading of the common stock of Tintri, Inc. (the "Stock") could severely limit Debtor's ability to use the Tax Attributes for purposes of the Internal Revenue Code of 1986, as amended (the "Tax Code"), and (iii) approving the procedures contained herein (these "Procedures") to preserve the Tax Attributes pursuant to sections 362(a) and 105(a) of the Bankruptcy Code. A copy of the Interim Trading Order may be downloaded at: **http://www.kccllc.net/tintri**.

**Any sale or other transfer in violation of the Procedures set forth below shall be null and void *ab initio* as an act in violation of the automatic stay under sections 105(a) and 362 of the Bankruptcy Code.**

**PLEASE TAKE NOTICE** that the following procedures and restrictions have been approved by the Court:

1. Notice of Substantial Equityholder Status. Any Person who is or becomes a Tax Owner as of the Petition Date of at least 1,611,225 shares of Stock, which represent approximately 4.75 percent of the issued and outstanding Stock (a "Substantial Equityholder"), must, on or before the later of: (a) 15 days after the Court's entry of an order approving these Procedures or (b) 10 days after that Person becomes a Substantial Equityholder, serve on the Debtor, the attorneys for Debtor, counsel for the Debtor's prepetition lenders and counsel for Debtor's postpetition lender (the "DIP Lender"), and the attorneys for the Creditors' Committee (when appointed) a notice (the "Substantial Equityholder Notice") containing the Tax Ownership information substantially in the form that may downloaded at: **http://www.kccllc.net/tintri**.

2. <u>Restrictions and Procedures for Trading in Stock.</u> Any Person that, after the Petition Date,

    (i)    is not a Substantial Equityholder and wishes to purchase or otherwise acquire Tax Ownership of an amount of Stock that would cause the Person to become a Substantial Equityholder;

    (ii)    is a Substantial Equityholder and wishes to purchase or otherwise acquire Tax Ownership of any additional Stock; or

    (iii)    is a Substantial Equityholder and wishes to sell or otherwise dispose of Tax Ownership of any Stock,

must, prior to the consummation of any such transaction, file with the Court (at the holder's election, in a redacted form that does not include such holder's taxpayer identification number and the aggregate principal amount of Stock that such holder beneficially owns), and serve on the Debtor, the attorneys for Debtor, counsel to the DIP Lender, and the attorneys for the Creditors' Committee (when appointed) an unredacted notice in the form titled "**Notice of Intent to Purchase, Acquire or Otherwise Obtain Tax Ownership of Stock**" for any proposed acquisition of Stock and such notice may be downloaded at: **http://www.kccllc.net/tintri**, or in the case of a proposed disposition of Stock, including the case of a 50 percent shareholder who intends to claim a worthlessness deduction with respect to such Stock, an unredacted notice in the form titled "**Notice of Intent to Sell, Trade or Otherwise Dispose of Tax Ownership of Stock or to Claim a Worthlessness Deduction under Section 382(g)(4)(D)**" and such notice may be downloaded at: **http://www.kccllc.net/tintri** (either such notice, a "<u>Proposed Stock Transaction Notice</u>"). The Debtor shall consult with counsel to the DIP Lender and counsel to the Creditors' Committee (when appointed) prior to responding to any Proposed Stock Transaction Notice. If written approval of the proposed transaction is filed with the Court by Debtor within 15 calendar days following the receipt of a Proposed Stock Transaction Notice,

then the transaction may proceed. If written approval of the proposed transaction is not filed by Debtor with the Court within such period, then the transaction may not be consummated unless approved by a final and nonappealable order of the Court. Further transactions within the scope of this Section 2 must be the subject of additional notices as set forth herein with additional waiting periods.

3. <u>Confidentiality.</u> The Debtor, its counsel, counsel to the DIP Lender, and counsel to the Creditors' Committee (when appointed) shall keep all information provided in all notices delivered pursuant to the Interim Trading Order strictly confidential and shall not disclose the contents thereof to any person (including any DIP Lender and any member of any Creditors' Committee (when appointed)), except (i) to the extent necessary to respond to a petition or objection filed with the Court, (ii) to the extent otherwise required by law or (iii) to the extent that the information contained therein is already public; *provided*, *however*, that Debtor may disclose the contents thereof to its professional financial advisers, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person subject to further Court order. To the extent confidential information is necessary to respond to a petition or objection filed with the Court, such confidential information shall be filed under seal or in redacted form.

4. <u>Sanctions for Noncompliance.</u> Acquisitions and dispositions of Tax Ownership of Stock in violation of the restrictions and procedures set forth in Section 2 shall be void *ab initio*, and the sanction for violating Section 2 shall be reversal of the noncompliant transaction.

5. <u>Discretionary Waiver by Debtor.</u> The Debtor, with the consent of the DIP Lender and the Creditors' Committee (when appointed) or pursuant to an order of the Court, may

waive any sanctions, remedies or notification procedures imposed by the Interim Trading Order; *provided*, *however*, that any such waiver shall be filed with the Court.

6. Notice Procedures. Within three business days of the entry of the Interim Trading Order, the Debtor shall (i) submit a publication notice of the entry of the Interim Trading Order for posting on the Bloomberg newswire service; (ii) post such notice together with a copy of the Interim Trading Order on Debtor's case information website (www.kccllc.net); and (iii) serve a notice of the entry of the Interim Trading Order on (1) the Office of the United States Trustee for the District of Delaware; (2) any identified equity holder of Tintri, Inc.; (3) counsel for the DIP Lender; (4) those parties listed on the list of creditors holding the twenty (20) largest unsecured claims against the Debtor (on a consolidated basis), as identified in its chapter 11 petition; (5) the Internal Revenue Service, and (6) the Office of the United States Attorney for the District of Delaware. Upon receipt of such notice, counsel to the Creditors' Committee (when appointed) shall send such notice to its respective committee members.

Upon receipt of such notice of Interim Trading Order, any Agent of a beneficial holder of the Stock will be required, within five (5) business days of receipt of such notice and on at least a quarterly basis thereafter, to send the notice of Interim Trading Order to all beneficial holders of the Stock on whose behalf such Agent holds the Stock. To the extent such beneficial holder is also an Agent, such Agent must, in turn, promptly provide the notice of Interim Trading Order to any holder for whose account such holder holds the Stock, and so on down the chain of ownership.

7. Continued Compliance with Other Applicable Laws and Rules. The requirements set forth in this Order are in addition to the requirements of Bankruptcy Rule

3001(e) and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

       8. <u>Definitions.</u> For purposes of this Motion:

"**Agent**" means a broker, account manager, agent, custodian, nominee, prime broker, clearinghouse or trustee (including a Trustee but not including a trustee qualified under section 401(a) of the Tax Code).

"**Person**" means a person or Entity (as such term is defined in Treasury regulations section 1.382-3(a)).

"**Tax Ownership**" means beneficial ownership of Stock as determined in accordance with applicable rules under section 382 and, to the extent provided in those rules shall include, but not be limited to, direct and indirect ownership (e.g., a holding company would be considered to have Tax Ownership of all shares owned or acquired by its 100 percent owned subsidiaries), ownership by members of a person's family and persons acting in concert and, in certain cases, the creation or issuance of an option (in any form). Any variation of the term Tax Ownership shall have the same meaning and an "option" to acquire stock shall include any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable. Tax Ownership of Covered Claims shall be determined as if such Covered Claims were stock of Debtor.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE WILL CONSTITUTE A VIOLATION OF THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY PROHIBITED SALE, TRADE OR OTHER TRANSFER OF THE STOCK OR COVERED CLAIMS IN VIOLATION OF THE INTERIM TRADING ORDER WILL BE NULL AND VOID *AB INITIO* AND MAY LEAD TO CONTEMPT, COMPENSATORY DAMAGES, PUNITIVE DAMAGES OR SANCTIONS BEING IMPOSED BY THE COURT.**

**PLEASE TAKE FURTHER NOTICE** that the deadline to file an objection ("<u>Objection</u>") to the Motion shall be 4:00 p.m. (prevailing Eastern Time) on August 3, 2018 (the "<u>Objection Deadline</u>"). An Objection shall be considered timely if it is (i) filed with the Court, 824 Market Street North, 3rd Floor, Wilmington, DE 19801 and (ii) actually received on or before the Objection Deadline by (a) the Office of the United States Trustee for Delaware, Attn:

Timothy J. Fox, Jr., 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, (b) the proposed attorneys for the Debtor, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801) (Attn: Colin R. Robinson, Esq.), (c) counsel for the DIP Lender, McDermott Will & Emery LLP, 340 Madison Avenue, New York, NY 10173-1922 (Attn: Riley T. Orloff), and (d) attorneys for any official committee then-appointed in this case.

**PLEASE TAKE FURTHER NOTICE** that if timely objections are received there shall be a hearing held to consider the timely Objections to the Motion.

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served, as set forth herein, the Debtor shall, on or after the Objection Deadline, submit to the Court a final order granting the relief requested herein, which order shall be submitted and may be entered with no further notice or opportunity to be heard afforded to any party, and the Motion shall be approved *nunc pro tunc* to the date of the commencement.

| | |
|---|---|
| Dated: July 16, 2018 | PACHULSKI STANG ZIEHL & JONES LLP |
| | */s/ Colin R. Robinson* |
| | Henry C. Kevane (CA Bar No. 125757) |
| | John D. Fiero (CA Bar No. 136557) |
| | John W. Lucas (CA Bar No. 271038) |
| | Colin R. Robinson (DE Bar No. 5524) |
| | 919 N. Market Street, 17th Floor |
| | Wilmington, DE 91899 |
| | Tel: (302) 652-4100 |
| | Fax: (302) 652-4400 |
| | E-mail: hkevane@pszjlaw.com |
| | jfiero@pszjlaw.com |
| | jlucas@pszjlaw.com |
| | crobinson@pszjlaw.com |
| | Proposed Attorneys for Debtor and Debtor in Possession |