IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TINTRI, INC.,[1] | ) | Case No.: 18-11625 (KJC) |
| | ) | |
| Debtor. | ) | **Re: Docket No:** 69 |
| | ) | |

**DEBTOR'S EMERGENCY MOTION FOR ORDER FIXING HEARING DATE AND SHORTENING TIME REGARDING DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO ENTER INTO DIRECT RESELLER AGREEMENT PURSUANT TO SECTIONS 105(A) AND 363(B) OF THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF**

The above-captioned debtor and debtor in possession (the "Debtor"), files this emergency motion to shorten time (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), in connection with the *Debtor's Motion for Entry of an Order Authorizing Debtor to Enter Into Direct Reseller Agreement Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Granting Related Relief* (the "Motion"),[2] filed contemporaneously herewith, such that a hearing ("Hearing") on the Motion may be held on Wednesday, July 25, 2018 at 10:00 a.m., or such other date and time as the Court deems appropriate, with any objections or responses to the Motion due at the Hearing. In support of this Motion to Shorten, the Debtor respectfully states as follows.

**Preliminary Statement**

1. The Debtor is in the process of marketing its assets to sell as a going concern. The Debtor's financial and operational distress has hurt the Debtor's ability to retain

---

[1] The Debtor and the last four digits of its taxpayer identification numbers are (6978): The headquarters and service address for the above-captioned Debtor is 303 Ravendale Dr., Mountain View, CA 94043.
[2] Capitalized terms not defined herein shall have the meaning set forth in the Motion.

customers and preserve the value of its business. For example, pror to the Petition Date, customers purchased the Debtor's products and systems because (a) the Debtor provided excellent post-purchase technical support (*i.e.*, 7 days a week and 24 hours a day), (b) the Debtor was financially and operationally stable and would therefore continue to provide customers with additional products as their needs evolved, and (c) the Debtor had a strong product roadmap that ensured customers that new features and capabilities would continue to be made available to them.

2. The Debtor's current distressed situation hinders its ability to provide the same level of support that its customers are accustomed to receiving. For example, the Debtor currently has two technical support employees to address world-wide support request on a 24-hours per day, 7-days per week basis. While the Debtor has the ability to continue purchasing part and other products to customers through its sole provider, Flextronics, the Debtor has limited liquidity and in the event the Debtor is requested to provide numerous full systems it likely does not have the available cash to do so without DDN's assistance. The Debtor's engineering team can no longer develop a roadmap as more than 90% of the engineering team has been terminated or left.

3. In an effort to preserve the value of the estate and slow down and ultimately stop the significant value erosion that is taking place daily, the Debtor believes its necessary to enter into an agreement with a strong reseller who will deploy significant resources in cash, people, and supply chain to stabilize and instill confidence in the Debtor's customer base, and generate revenue for the benefit of the Debtor, the estate, and creditors. To this end, the Debtor proposes to enter into a direct reseller agreement (the "Agreement") with DataDirect Networks, Inc. ("DDN").

4. The Debtor seeks entry of the Order to shorten time and schedule a hearing on the Motion. The Debtor needs emergency relief immediately or it will suffer irreparable harm.

**Jurisdiction**

5. This Court has jurisdiction over this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory basis for the relief requested herein is Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**Relief Requested**

7. The Debtor requests that the Court enter the Order such that a hearing on the Motion may be held on Wednesday, July 25, 2018 at 10:00 a.m. with any objections or responses to the Motion due at the Hearing.

**Basis for Relief**

8. Local Rule 9006-1(c)(i) provides that unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date." Local Rule 9006-1(e) provides in pertinent part that "no motion will be scheduled on less notice than

required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."

9. In support of this Motion to Shorten, the Debtor represents that immediate entry of Order to schedule a hearing on the Motion is in the best interest of Debtor's estate and that the exigencies justify shortened notice.

10. The Debtor believes that entry into the Agreement normally would be an ordinary course transaction as the agreement is non-exclusive and does not prevent the Debtor from entering into any other agreements with third parties or continuing to perform under its existing reseller agreements. However, as the Court is aware, see [Docket No. 35], DDN signed a letter of intent to purchase substantially all of the Debtor's assets. In addition, the Debtor expects to file a sale and bidding procedures motion contemporaneously with this Motion that seeks the approval of DDN as a stalking horse buyer. As result, the Debtor is seeking approval to enter into the Agreement out of an abundance of caution.

11. Unless the Debtor is authorized to enter into the Agreement, the Debtor believes it will be irreparably harmed because its current work-force and limited liquidity hinders its ability to: (a) stabilize its customer base, (b) generate revenue, (c) provide service and support coverage for customers, and (d) purchase products from Flextronics in the event the Debtor receives orders that exceed its ability to prepay. In addition, by having the Agreement in place the Debtor believes that it will benefit any purchaser even if DDN is not the ultimate buyer of the Debtor's assets.

12. The Debtor believes that in the absence of a reseller agreement that can go in effect immediately, revenue will continue to decline, customer satisfaction will reach unacceptably low levels and could cause an acceleration of customer migration, it will not be

able to fulfill customer orders for full systems that exceed its currently liquidity constraints requiring payment to Flextronics in advance, which will also drive customers away, and not being present at VMWorld will send a strong message to the industry and the Debtor's customer base that its product and any potential going concern has a limited life at best.

13. This Motion to Shorten and the Motion are being served via hand delivery, email, express mail or overnight delivery on the following parties, or their counsel, if known: (i) the U.S. Trustee; (ii) the Debtor's postpetition and prepetition lenders, and counsel thereto if known; (iii) those parties listed on the list of creditors holding the 20 largest unsecured claims against the Debtor, as identified in its chapter 11 petition; (iv) counsel to any statutory committees appointed in this case; and (v) parties requesting notice pursuant to Bankruptcy Rule 2002. (collectively, the "Notice Parties").

14. Accordingly, the Debtor respectfully submits that exigent circumstances and sufficient cause exist to justify: (a) entry of the Order scheduling a hearing on the Motion for July 25, 2018; and (b) requiring that any objections or responses to the Motion be made at the Hearing.

**Notice**

15. The Debtor has provided notice of this Motion to Shorten by e-mail, hand delivery, overnight mail, express mail, or facsimile to the Notice Parties.

16. If the Court grants this Motion to Shorten, the Debtor will immediately serve a copy of the Order on the above-noted Notice Parties by e-mail, hand delivery, overnight mail, express mail, or facsimile.

## No Prior Request

17. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court: (a) enter the Order scheduling a hearing on the Motion for July 25, 2018, or such other date and time as the Court deems appropriate; (b) require that any objections or responses to the Motion be made at the Hearing; and (c) grant such other relief as is just and proper.

Dated: July 18, 2018

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Henry C. Kevane (CA Bar No. 125757)
John D. Fiero (CA Bar No. 136557)
John W. Lucas (CA Bar No. 271038)
Colin R. Robinson (DE Bar No. 5524)
919 N. Market Street, 17th Floor
Wilmington, DE 91899
Tel: (302) 652-4100
Fax: (302) 652-4400
E-mail: hkevane@pszjlaw.com
jfiero@pszjlaw.com
jlucas@pszjlaw.com
crobinson@pszjlaw.com

Proposed Attorneys for Debtor and Debtor in Possession