**Exhibit B**

**Sale Order**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TINTRI, INC.,[1] | ) | Case No.: 18-11625 (KJC) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER (A) AUTHORIZING THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTOR'S ASSETS PURSUANT TO ASSET
PURCHASE AGREEMENT(S) FREE AND CLEAR OF LIENS,
CLAIMS AND ENCUMBRANCES, AND OTHER INTERESTS, AND
OTHER INTERESTS; (B) APPROVING THE ASSUMPTION AND
ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED
LEASES RELATED THERETO; AND (C) GRANTING RELATED RELIEF**

This matter coming before the Court on the motion (the "Motion")[2] of the above-captioned affiliated Debtor and Debtor in possession (the "Debtor") for the entry of an order pursuant to sections 105(a), 363, 365 and 503 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedures of the Bankruptcy Court for the District of Delaware (the "Local Rules") (a) authorizing the sale of the Assets free and clear of Liens, Claims and Encumbrances, and other interests, except as provided in the asset purchase agreement by and between the Debtor and _____ (the "Successful Bidder") and (b) approving the assumption and assignment of certain of the Debtor's executory contracts and

---

[1] The Debtor and the last four digits of its taxpayer identification numbers are (6978): The headquarters and service address for the above-captioned Debtor is 303 Ravendale Dr., Mountain View, CA 94043.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

unexpired leases related thereto to the Successful Bidder; and (c) granting related relief; and the Court having reviewed the Motion and the Court having found that (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) notice of the Motion was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate and its creditors; and good and sufficient cause having been shown;

**AND IT IS FURTHER FOUND AND DETERMINED THAT**:

    A.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

    B.    The Debtor's notice of the Bid Procedures, the Cure Amounts, the Auction and the hearing to approve any sale of the Assets (the "Sale Hearing") was appropriate and reasonably calculated to provide all interested parties with timely and proper notice, and no other or further notice is required.

    C.    The Successful Bidder is not a successor to Debtor or this bankruptcy estate by any reason or theory of law or equity, and that Successful Bidder shall not be subject to successor liability for any products sold prior to Closing.

    D.    The Purchase Price was negotiated at arms' length and constitutes fair consideration for the Assets. The Successful Bidder is a good faith purchaser of the Assets

pursuant to section 363(m) of the Bankruptcy Code and that the provisions of Section 363(n) of the Bankruptcy Code have not been violated.

E.      Notice of the hearing on the Motion of the Sale and any related Auction was proper under the Bankruptcy Code, Bankruptcy Rules and Local Rules;

F.      To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.  The sale of the Assets to the Successful Bidder on the terms and conditions set forth in the Successful Bidder APA (defined below) are approved.  The Debtor is authorized to consummate the transactions under the Successful Bidder APA in accordance with this Order.

2.      All objections and responses to the Motion that have not been overruled, withdrawn, waived, settled or resolved, and all reservations of rights included therein, are hereby overruled and denied.

3.      The Successful Bidder's offer for the Assets, as embodied in the Successful Bidder's asset purchase agreement (the "Successful Bidder's APA"), is the highest and best offer for the correlative portion of the Assets and is hereby approved.

4.      The Successful Bidder's APA annexed hereto as **Exhibit 1** is hereby approved pursuant to section 363(b) of the Bankruptcy Code, and the Debtor is authorized to consummate and perform all of its obligations under the Successful Bidder's APA and to execute

such other documents and take such other actions as are necessary or appropriate to effectuate the Successful Bidder's APA.

5. Pursuant to section 363(f) of the Bankruptcy Code, the Assets may be sold and transferred free and clear of all Liens, Claims and Encumbrances, and other interests, except as otherwise provided in the Successful Bidder's APA, with any and all such Liens, Claims and Encumbrances, and other interests to attach to proceeds of such sale with the same validity (or invalidity), priority, force, and effect such Liens, Claims and Encumbrances, and other interests had on the Assets immediately prior to the Sale and subject to the rights, claims, defenses, and objections, if any, of the Debtor and all interested parties with respect to any such asserted Liens, Claims and Encumbrances, and other interests.

6. The Successful Bidder is not a successor to Debtor or these bankruptcy estate by any reason or theory of law or equity, and the Successful Bidder shall not be subject to successor liability for any products sold prior to Closing. All creditors or other persons are hereby barred from bringing any claim or asserting any Liens, Claims and Encumbrances, and other interests against the Successful Bidder or the Assets, except as relates to Assumed Liabilities.

7. Pursuant to section 365 of the Bankruptcy Code, the assignment and assumption of the Assumed Executory Contracts of the Debtor, as identified in the Successful Bidder's APA, by the Successful Bidder, is hereby authorized and approved in all respects. The Successful Bidder shall pay, concurrently with the Closing and as a condition to Debtor's assumption and assignment thereof, all cure amounts owing to the counterparties to the Assumed

Executory Contracts that are assumed at the Closing. Any provision in an Assumed Executory Contract that purport to prohibit the assignment of such Assumed Executory Contract, or that purports to allow the counterparty to terminate, recapture, or impose penalties upon assignment constitute unenforceable anti-assignment provisions and are void and of no force or effect. Upon closing, in accordance with Sections 363 and 365 of the Bankruptcy Code, the Successful Bidder shall be fully and irrevocably vested with all right, title and interest of the Debtor under the Assumed Executory Contracts and the Assumed Executory Contracts shall remain in full force and effect for the benefit of the Successful Bidder. The Successful Bidder has provided adequate assurance of future performance under the Assumed Executory Contracts within the meaning of Section 365 of the Bankruptcy Code.

8. Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code, the Sale by the Debtor to the Successful Bidder of the Assets and transactions related thereto, upon the closing under any Successful Bidder's APA, are authorized and approved in all respects.

9. The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are hereby waived and this Order shall be effective immediately upon its entry.

10. The terms of this Order shall be binding on the Successful Bidder and its successors, the Debtor, creditors of the Debtor, and all other parties in interest in this Bankruptcy Case, and any successors of the Debtor, including any trustee or examiner appointed any of these cases or upon a conversion of any of these cases to Chapter 7 of the Bankruptcy Code.

11. The Successful Bidder is a good faith purchaser entitled to the benefits, protections and immunities afforded by section 363(m) of the Bankruptcy Code and the

provisions of section 363(n) of the Bankruptcy Code have not been violated.  No reversal or modification of this Order on appeal will affect the validity of the Successful Bidder's APA or the transaction contemplated thereby.  The Successful Bidder is not an "insider" as defined by Section 101 of the Bankruptcy Code.  Neither the Debtor nor the Successful Bidder is or will be entering into the Successful Bidder's APA fraudulently, or for the purposes of hindering, delaying or defrauding any of the Debtor's creditors, and the Purchase Price constitutes reasonably equivalent and fair value (as those terms or their equivalents are defined by the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act and Section 548 of the Bankruptcy Code) for the purchased Assets.

12. With respect to the transactions consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to any particular purchaser, and the sale transaction consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

13. This Court retains jurisdiction to interpret, implement and enforce the provisions of, and resolve any disputes arising under or related to, this Order and the Successful Bidder's APA, all amendments thereto, any waivers and consents thereunder and each of the agreements executed in connection therewith.

14. The failure specifically to include any particular provision of the Successful Bidder's APA or any of the documents, agreements, or instruments executed in connection therewith in this Order shall not diminish or impair the force of such provision, document, agreement, or instrument, it being the intent of the Court that the Successful Bidder's APA and each document, agreement, or instrument be authorized and approved in its entirety.

15. The Successful Bidder's APA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtor's estate.

Dated: _____, 2018

                                                Honorable Kevin J. Carey
                                                United States Bankruptcy Judge