**Exhibit D**

**(Highlighted Provisions Pursuant to Del. Bankr. L.R. 6004-1)**

In accordance with Local Rule 6004-1,[1] the Debtor respectfully represents the following:

(1) **Sale to an Insider**: The Stalking Horse Purchaser is not an insider of the Debtor.

(2) **Agreements with Management**: To the Debtor's knowledge, the Stalking Horse Purchaser has not entered into any agreements with management or key employees regarding compensation or future employment.

(3) **Releases**: The Purchase Agreement does not provide for any releases by and between the Stalking Horse Purchaser and the Debtor of any claims or causes of action.

(4) **Private Sale/No Competitive Bidding**: The Sale is being conducted pursuant to the competitive bidding process detailed in the Motion.

(5) **Closing and Other Deadlines**: Articvles X and XI of the Purchase Agreement set forth the conditions and terms for the Closing of the Sale, and the Purchase Agreement provides an outside Closing date of September 7, 2018.

(6) **Good Faith Deposit**: The Stalking Horse Purchaser will provide a good faith deposit in the amount of $150,000,000. The proposed Bid Procedures provide that all bidders will be required to post a good faith deposit in the form of a wire transfer (to a bank account specified by the Debtor), certified check or such other form acceptable to the Debtor, payable to the order of the Debtor (or such other party as the Debtor may determine) in the amount of $150,000.

(7) **Interim Arrangements with Proposed Buyer**: Section 9.1 of the Purchase Agreement contains customary provisions regarding the Debtor's conduct of its business pending the Closing Date. Section 9.3 of the Purchase Agreement provides that the Debtor will permit the Stalking Horse Purchaser reasonable access during Debtor's regular business hours with respect to certain matters. Additionally, the Debtor is seeking the approval of its entry into a Reseller Agreement with the Stalking Horse Purchaser and seeks to have that motion heard on shortened time prior to the hearing on the Motion.

(8) **Use of Proceeds**: Upon Closing, the net sale proceeds shall be, to the extent permitted and appropriate, distributed or reserved in accordance with applicable cash collateral and financing orders, or as otherwise permitted by the Bankruptcy Code and applicable Bankruptcy Court Order.

(9) **Tax Exemption**: No tax exemptions under section 1146(a) of the Bankruptcy Code are contemplated in connection with the Sale.

---

[1] The foregoing is intended to summarize certain of the provisions of the Purchase Agreement (the "LR 6004-1 Summary"). In the event of any inconsistency between this summary and the Purchase Agreement, the Purchase Agreement controls. Unless otherwise noted, defined terms used in this LR 6004-1 Summary have the meanings ascribed in the Purchase Agreement.

(10) **Record Retention**:  Section 9.3 of the Purchase Agreement provides for Debtor's access to books and records prior to Closing.  There are no post-Closing obligations with repect to records retention by the Debtor.

(11) **Sale of Avoidance Actions**:  Section 2.2(f) specifies that all claims and actions of the Debtor arising under sections 544, 547, 548, 549, and 550 of the Bankruptcy Code are Excluded Assets.

(12) **Requested Findings as to Successor Liability**:  The proposed sale order provides that Successful Bidder is not a successor to Debtor or this bankruptcy estate by any reason or theory of law or equity, and that Successful Bidder shall not be subject to successor liability for any products sold prior to Closing.  All creditors or other persons are hereby barred from bringing any claim or asserting any Liens, Claims and Encumbrances, and other interests against Successful Bidder or the Assets, except as relates to Assumed Liabilities.

(13) **Sale Free and Clear of Unexpired Leases**:  The Debtor is seeking to sell the Assets free and clear of all Liens, Claims and Encumbrances, and other interests, claims, encumbrances, and other interests pursuant to Section 363(f) of the Bankruptcy Code.

(14) **Credit Bid**:  The proposed Bid Procedures do not purport to limit or restrict credit bid rights under section 363(k) of the Bankruptcy Code.

(15) **Relief from Bankruptcy Rule 6004(h)**:  As noted in the Motion, the Debtor is requesting relief from the 14-day stay imposed by Rules 6004(h) and 6006(d).