## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>TINTRI, INC.,[1]<br><br><div align="center">Debtor.</div> | Chapter 11<br><br>Case No. 18-11625 (KJC)<br><br>**Objection Deadline: August 3, 2018 at 4:00 p.m.**<br>**Hearing Date: August 10, 2018 at 10:00 a.m.** |

### DEBTORS' APPLICATION PURSUANT
### TO SECTION 327(e) OF THE BANKRUPTCY CODE,
### RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY
### PROCEDURE, AND LOCAL RULE 2014-1 FOR AN ORDER AUTHORIZING
### THE RETENTION AND EMPLOYMENT OF WILSON SONSINI GOODRICH &
### ROSATI, PROFESSIONAL CORPORATION, AS SPECIAL CORPORATE COUNSEL
### TO THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtor and debtor in possession (the "Debtor") hereby files this application (the "Application") for the entry of an order substantially in the form annexed hereto as Exhibit A (the "Proposed Order"), pursuant to section 327(e) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtor to retain and employ Wilson Sonsini Goodrich & Rosati, Professional Corporation ("WSGR"), as special corporate counsel to the Debtor *nunc pro tunc* to the commencement of this case. In support of the Application, the Debtor relies upon and incorporates by reference the declaration of Tony Jeffries (the "WSGR Declaration"), a copy of which is attached hereto as Exhibit C. In further support of the Application, the Debtor respectfully states as follows:

---

[1] The last four digits of the Debtor's federal taxpayer identification numbers are 6978. The Debtor's service address is: 303 Ravendale Drive, Mountain View, CA 94043.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief sought herein are sections 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1.

## BACKGROUND

3.      On July 10, 2018 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor has continued in the possession of its property and has continued to operate and manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in this chapter 11 case.

4.      The factual background regarding the Debtor, including its current and historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the *Declaration of Robert J. Duffy in Support of First Day Pleadings* [Docket No. 2] and fully incorporated herein by reference.

DOCS_SF:96999.3

## RELIEF REQUESTED

5.      By this Application, the Debtor seeks the entry of an order authorizing the employment of WSGR as special corporate counsel to the Debtor.  The Debtor requests that WSGR be retained to perform the services described in this Application.

## BASIS FOR RELIEF

6.      Section 327(e) of the Bankruptcy Code authorizes a debtor, with court approval, to retain

> for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).  Clarifying the statute, Bankruptcy Rule 1107(b) provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case."

7.      Accordingly, retention of special counsel is permissible so long as: (a) the appointment is in the best interest of the debtor's estate, (b) counsel does not hold an interest adverse to the estate with respect to the subject matter of its retention, and (c) the engagement does not amount to conducting the bankruptcy case for the debtor in possession.  *See In re DeVlieg, Inc.*, 174 B.R. 497 (N.D. Ill. 1994); *In re Carla Leather, Inc.*, 44 B.R. 457, 474 (Bankr. S.D.N.Y. 1984), aff'd, 50 B.R. 764 (S.D.N.Y. 1985) ("[section] 327(e) bars engagement of special counsel only in the presence of an actual conflict of interest concerning the subject matter of the engagement.").

3

8.      WSGR's retention as the Debtor's special corporate counsel falls within the scope of section 327(e) of the Bankruptcy Code. *See, e.g., In re Bertucci's Holdings, Inc.,* Case No. 18-10894 (MFW) (Bankr. D. Del. May 31, 2018) (authorizing retention of special corporate counsel under section 327(e) of the Bankruptcy Code); *In re Dex Liquidating Co.,* Case No. 17-12913 (KJC) (Bankr. D. Del. January 19, 2018) (same).

## SERVICES TO BE PROVIDED BY WSGR

9.      WSGR was initially employed and retained by the Debtor on February 20, 2013 to provide general corporate representation.

10.     The Debtor has filed an application contemporaneously herewith seeking to employ Pachulski Stang Ziehl & Jones LLP ("PSZJ") as general bankruptcy counsel in connection with the commencement and prosecution of this chapter 11 case. It is the intention of the Debtor that the services to be performed by WSGR, and those services to be performed by PSZJ, and any other parties retained by the Debtor, will not be duplicative, but rather will ensure the most economic and effective means for the Debtor to be represented in this case while continuing to operate its business. However, WSGR may be required, from time to time, to consult and/or advise PSZJ with regard to the matters on which WSGR is representing the Debtor, which may include without limitation, matters that impact the Debtor's efforts to consummate a sale of its assets or formulation of a chapter 11 plan and accompanying disclosure statement.

11.     In sum, the professional services that WSGR has rendered to the Debtor and may continue to render shall include, but shall not be limited to, the following:

a.      General corporate matters, including financing representation;

b.      Representation of the Debtor and certain current and former officers and directors in class action lawsuits alleging violations

4

under the Securities Act of 1933 related to the Debtor's initial public offering;

c.       Representation regarding privacy and data protection;

d.       Provide day-to-day employment advice regarding employment matters, including termination and wage and hour matters and representation regarding non-competition agreements and trade secret matters;

e.       Representation of the Debtor in the prosecution of trademark applications, maintenance of its trademark portfolio and provide advice regarding trademark and advertising matters; and

f.       Provide mergers and acquisition advice in connection with a sale of substantially all assets of the Debtor in connection with this chapter 11 case.

12.     WSGR has stated its desire and willingness to continue to act as special corporate counsel to the Debtor, and to render the necessary professional services required in connection therewith.  Moreover, the retention and employment of WSGR as special corporate counsel would prevent the Debtor's estate from incurring the unnecessary cost of employing a new firm to essentially repeat work previously done by WSGR.  Accordingly, the employment and retention of WSGR as special corporate counsel is in the best interest of the Debtor and its estate and therefore should be approved.

<u>COMPENSATION</u>

13.     WSGR intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the guidelines promulgated by the United States Trustee, and pursuant to any additional procedures that may be established by the Court in this case.  WSGR's fees for professional services are based upon its hourly rates, which are periodically adjusted.  The Firm's current range of standard hourly rates are $785 to $1,450 for

partners, $440 to $800 for associates, $325 to $1,080 for counsel, and $150 to $400 for paralegals and legal staff.

14.    WSGR will maintain records in support of any actual and necessary costs and expenses incurred in connection with the rendering of its services in this case. Subject to application for and allowance by the Court, WSGR will receive reimbursement for reasonable and documented out-of-pocket expenses incurred in connection with the services rendered to the Debtor.[2]

15.    WSGR intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other orders entered in this chapter 11 case for all services performed and expenses incurred after the Petition Date..

16.    The Debtor believes that the compensation arrangements with WSGR are reasonable and at market rates, and similar to the rates charged to other clients in similar circumstances.

**DISINTERESTEDNESS AND DISCLOSURE OF CONNECTIONS**

17.    To the best of the Debtor's knowledge, information, and belief, other than as set forth in the WSGR Declaration, WSGR:  (i) has no connection with the Debtor, its creditors, other parties in interest, or the attorneys or accountants of any of the foregoing, or the United States Trustee or any person employed in the Office of the United States Trustee; (ii) does not hold any interest adverse to the Debtor's estate; and (iii) believes it is a "disinterested person" as defined by section 101 (14) of the Bankruptcy Code. Accordingly, the

---

[2]    WSGR's fees and expenses relating to certain securities class action litigation may be reimbursed by the Debtor's D&O liability insurance carrier rather than by the Debtor directly.

DOCS_SF:96999.3

Debtor believes that WSGR is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code.

18.    WSGR will review its files periodically during the pendency of this chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise in such review, WSGR will use reasonable efforts to identify such further developments and will promptly file a supplemental affidavit, as required by Bankruptcy Rule 2014(a).

## NOTICE

19.    Notice of the hearing of this Motion has been provided to:  (i) the U.S. Trustee; (i) counsel to the Debtor's postpetition and prepetition lenders; (iii) those parties listed on the list of creditors holding the 20 largest unsecured claims against the Debtor, as identified in its chapter 11 petition; (iv) counsel to any statutory committees appointed in this case; and (v) parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

20.    No prior request for the relief sought in the Motion has been made to this Court or any other court.

7

WHEREFORE, the Debtor respectfully requests the entry of the Proposed Order granting the relief requested and any other relief as is just and proper.

Dated:  July 20, 2018                         TINTRI, INC.

                                              _____
                                              Robert J. Duffy
                                              Chief Restructuring Officer

8