# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 18-11625 (KJC) |
| Tintri, Inc., | ) | |
| | ) | Hearing: 08/06/18 @ 2:00 p.m. |
| | ) | Objection Deadline: 07/30/18 at 4:00 p.m. |
| Debtor. | ) | Re: Docket No. 71 |

**OBJECTION OF CIGNA ENTITIES TO MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING ENTRY INTO ASSET PURCHASE AGREEMENT WITH RESPECT TO THE SALE OF SUBSTANTIALLY ALL THE DEBTOR'S ASSETS, (B) APPROVING BID PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL THE DEBTOR'S ASSETS, (C) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE SALE AND APPROVE THE FORM AND MANNER OF NOTICES RELATED THERETO, (D) ESTABLISHING PROCEDURES RELATING TO THE ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS AND LEASES, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS, (E) APPROVING CERTAIN BREAKUP FEE AND EXPENSE REIMBURSEMENT PROVISIONS; (II) AUTHORIZING AND APPROVING (A) THE SALE OF CERTAIN ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES, AND OTHER INTERESTS, AND (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS AND LEASES, AND (III) GRANTING RELATED RELIEF**

Cigna Health and Life Insurance Company, Life Insurance Company of North America, Cigna Behavioral Health, Inc., and Cigna Life Insurance Company of New York (collectively, "Cigna"), by and through its undersigned counsel, hereby objects to *Motion for Entry of an Order (A) Authorizing Entry Into Asset Purchase Agreement With Respect to the Sale of Substantially All the Debtor's Assets, (B) Approving Bid Procedures for the Sale of Substantially All the Debtor's Assets, (C) Scheduling an Auction and Hearing to Consider the Sale and Approve the Form and Manner of Notices Related Thereto, (D) Establishing Procedures Relating to the Assumption and Assignment of Certain Contracts and Leases, Including Notice of Proposed Cure Amounts, (E) Approving Certain Breakup Fee and Expense Reimbursement*

*Provisions; (II) Authorizing and Approving (A) the Sale of Certain Assets Free and Clear of All Liens, Claims, and Encumbrances, and Other Interests, and (B) the Assumption and Assignment of Certain Contracts and Leases, and (III) Granting Related Relief* [D.I. 71] ("Sale Motion"). In support of its Objection, Cigna states as follows:

## BACKGROUND

1. On July 10, 2018, the above-captioned debtor ("Debtor"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. Cigna and Debtor are parties to the following contracts (collectively, the "Cigna Contracts") pursuant to which Cigna provides insurance and administrative services for Debtor's employee benefits program:

- Group Life Insurance Policy between Life Insurance Company of North America and Tintri, Inc. Effective date 1/1/2017- Policy FLX 967506, including all amendments, riders, schedules, certificates, renewal caveats and addendums related thereto;

- Group Life Insurance Policy between Life Insurance Company of North America and Tintri, Inc. Effective date 1/1/2017- Policy FLX967507, including all amendments, riders, schedules, certificates, renewal caveats and addendums related thereto;

- Group Accident Policy between Life Insurance Company of North America and Tintri, Inc. Effective date 1/1/2017- Policy OK969015, including all amendments, riders, schedules, certificates, renewal caveats and addendums related thereto;

- Group Accident Policy between Life Insurance Company of North America and Tintri, Inc. Effective date 1/1/2017- Policy OK969016, including all amendments, riders, schedules, certificates, renewal caveats and addendums related thereto;

- Group Short Term Disability Policy between Life Insurance Company of North America and Tintri, Inc. Effective date 1/1/2017- Policy LK752065, including all amendments, riders, schedules, certificates, renewal caveats and addendums related thereto;

- ➢ Group Long Term Disability Policy between Life Insurance Company of North America and Tintri, Inc. Effective 1/1/2017- Policy LK965139, including all amendments, riders, schedules, certificates, renewal caveats and addendums related thereto ("LTD Policy");

- ➢ Life Assistance Program Services Agreement between Cigna Behavioral Health, Inc. and Tintri, Inc. Effective date 1/1/2017, including all amendments, riders, schedules, exhibits, certificates, renewal caveats and addendums related thereto ("LAP Agreement");

- ➢ New Jersey Temporary Disability Benefits Program Policy between Life Insurance Company of North America and Tintri, Inc. Effective date 1/1/2017- Policy SDJ960655, including all amendments, riders, schedules, certificates, renewal caveats, endorsements and addendums related thereto;

- ➢ Administrative Services Agreement between Life Insurance Company of North America and Tintri, Inc. Effective date 8/26/2016 -FML 752065, including all amendments, riders, schedules, exhibits, certificates, renewal caveats and addendums related thereto;

- ➢ New York Disability Benefits Policy between Cigna Life Insurance Company of New York and Tintri, Inc. Effective 10/1/2016- Policy NYD075453 with a Paid Family Leave Rider (PFL), including all amendments, riders, schedules, certificates, renewal caveats and addendums related thereto; and

- ➢ Cigna Dental Choice Policy between Cigna Health and Life Insurance Company and Tintri, Inc. (Texas) Effective date 1/1/2017- Policy 3340155, including all amendments, riders, schedules, certificates, renewal caveats and addendums related thereto.

3. On July 18, 2018, Debtor filed the Sale Motion seeking this Court's approval of the sale of substantially all of its assets ("Sale") pursuant to an Asset Purchase Agreement ("APA") attached to the Sale Motion. As part of the proposed Sale, the Debtor seeks authority to assume and assign certain executory contracts. Initially, the Debtor seeks to have this Court approve procedures for the conduct of the Sale ("Proposed Sale Procedures").

**OBJECTION**

4.      Cigna objects to the Proposed Sale Procedures because, *inter alia*, they fail to provide meaningful notice to Cigna relating to any proposed assumption and assignment of the Cigna Contracts.

A.      <u>Notice Of Proposed Assumption And Assignment</u>.

5.      The Sale Motion proposes that the Debtor shall, no later than two business days after the entry of an order approving the Proposed Sale Procedures, file and serve a Cure Notice listing the executory contracts that <u>may</u> be assumed and assigned. However, the Proposed Sale Procedures and the APA (§2.1) permit the Stalking Horse to modify the list of Assumed Executory Contracts[1] at any time up to five (5) days prior to the Auction or the Sale Hearing. Further, the Proposed Sale Procedures do not address contract designation for any Successful Bidder other than the Stalking Horse, and fail to address the timing of notices and objections to changes to the list of Assumed Executory Contracts.

6.      Because the Cigna Contracts provide employee benefits that should not be discontinued without substantial notice, the Proposed Sale Procedures should be altered to provide that, absent consent from Cigna, unequivocal and irrevocable notice of proposed assumption and assignment of any Cigna Contract must be provided to Cigna and its undersigned counsel at least 7 days prior to any hearing thereon. Additionally, no assumption of any Cigna Contract should be approved until the Debtor confirms that such assumption will include any and all applicable amendments, exhibits, endorsements, riders, schedules, certificates, renewal caveats, and addendums related thereto.

---

[1] Capitalized terms not defined herein have the meaning defined in the Sale Motion.

B.  <u>Adequate Assurance</u>.

7. Section 365(b)(1)(C) of the Bankruptcy Code requires the Debtor to provide adequate assurance of any proposed assignee's future performance prior to the assumption and assignment of executory contracts. Absent a fair, adequate and timely demonstration of adequate assurance, the Cigna Contracts cannot be assumed and assigned.

8. The Proposed Sale Procedures do not require the Debtor to serve information demonstrating competing bidders' adequate assurance of future performance ("Adequate Assurance Information") upon non-Debtor counterparties to executory contracts. Further, the Proposed Sale Procedures offer no procedure for obtaining such information in advance of the Sale Hearing.

9. Adequate Assurance Information must be carefully reviewed and evaluated by Cigna in the context of, and consistent with, the terms and functions of the Cigna Contracts. Both Cigna and its counsel will need adequate time prior to any assumption/assignment hearing to complete this review and evaluation. Additionally, to the extent that any Adequate Assurance Information provided is incomplete or otherwise insufficient, Cigna will need an opportunity to request supplemental information. Accordingly, the Proposed Sale Procedures should be altered to provide that, unless Cigna and its undersigned counsel are provided with Adequate Assurance Information for any proposed assignee at least seven (7) days prior to the Sale Hearing, assumption and assignment of the Cigna Contracts to that assignee will not be considered or approved at the Sale Hearing absent Cigna's consent.

C.  <u>Cure</u>.

10. To the extent that the Debtor seeks to assume and assign any of the Cigna Contracts, the Debtor must pay the full cure amount based upon the actual amounts that are due on the date that any such Cigna Contracts are assumed and assigned by the Debtor. *See* 11 U.S.C. § 365(b)(1). Amounts due under the Cigna Contracts vary and are subject to reconciliation based upon, among other things, the continued billing and payment of premiums and eligibility reports submitted by the Debtor. Cure amounts must be based on the amount due on the effective date of any assignment, rendering any amounts set forth in the proposed Cure Notice stale.

D. <u>Interdependent Agreements</u>.

11. The LTD Policy and the LAP Agreement are interdependent. They were negotiated, executed and performed as an integrated arrangement. Accordingly, Cigna objects to any proposed assumption and assignment of the LAP Agreement without the assumption and assignment of the LTD Policy.

E. <u>No Shared Coverage</u>.

12. Cigna objects to any proposed disposition of the Cigna Contracts that would require Cigna to simultaneously provide administrative, insurance or other services under the Cigna Contracts to eligible employees of both Debtor and any buyer. Thus, to the extent that any buyer proposes to maintain employee benefits under the Cigna Contracts for employees of both the Debtor and the buyer, Cigna objects.

WHEREFORE, Cigna respectfully requests that this Court enter an order that: (i) denies approval of the Proposed Sale Procedures, except as consistent with the foregoing; and (ii) grants Cigna such additional relief to Cigna as this Court deems just and equitable.

Dated: July 27, 2018						CONNOLLY GALLAGHER LLP

/s/ Jeffrey C. Wisler
Jeffrey C. Wisler (#2795)
1000 West Street, Suite 1400
Wilmington, DE 19081
Telephone: (302) 757-7300
Facsimile: (302) 658-0380
jwisler@connollygallagher.com

#05403168

Counsel for Cigna Health and Life Insurance Company, Life Insurance Company of North America, Cigna Behavioral Health, Inc., and Cigna Life Insurance Company of New York