# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TINTRI, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 18-11625 (KJC)<br><br>Objection Deadline: August 21, 2018 at 4:00 p.m. (ET)<br>Hearing Date: August 28, 2018 at 1:30 p.m. (ET) |

## FIRST OMNIBUS MOTION FOR THE ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO REJECT CERTAIN EXECUTORY CONTRACTS *NUNC PRO TUNC* TO THE REJECTION DATE

**IF YOU HAVE RECEIVED THIS MOTION AND ARE A COUNTERPARTY TO AN AGREEMENT WITH TINTRI, INC., PLEASE REVIEW THIS MOTION IN ITS ENTIRETY, INCLUDING <u>EXHIBIT A</u> ATTACHED HERETO, TO DETERMINE IF THIS MOTION AFFECTS YOUR AGREEMENT AND YOUR RIGHTS THEREUNDER**

The above-captioned debtor and debtor in possession (the "Debtor") hereby files this motion (the "Motion") for the entry of an order substantially in the form attached hereto as Exhibit B, authorizing the rejection of certain contracts (the "Rejected Contracts") as set forth on Exhibit A hereto, *nunc pro tunc* to the date of the filing of the Motion (the "Rejection Effective Date"). In support of this Motion, the Debtor respectfully represents as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection

---
[1] The last four digits of the Debtor's federal taxpayer identification number are 6978. The Debtor's service address is: 303 Ravendale Drive, Mountain View, CA 94043.

with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief sought herein are sections 365(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4. On July 10, 2018 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has continued in the possession of its property and has continued to operate and manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this chapter 11 case.

5. On July 20, 2018, the United States Trustee appointed the following to the Official Committee of Unsecured Creditors pursuant to section 1102(a)(1) of the Bankruptcy Code: (a) Flextronics International USA, Inc., (b) Clari, Inc., and (c) NCR Corporation.

6. The factual background regarding the Debtor, including its current and historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the *Declaration of Robert J. Duffy in Support of First Day Pleadings* [Docket No. 2] and fully incorporated herein by reference.

7. In order to manage its business and assets responsibly and economically, the Debtor has been actively reviewing and evaluating its executory contracts, including evaluating the ongoing cost of continuing to perform under such contracts. In connection with

this review, the Debtor has determined to reject the Rejected Contracts because they will accrue administrative expenses without any accompanying benefit to the Debtor's estate and are no longer necessary to the Debtor's ongoing operations.

## RELIEF REQUESTED

8. The Debtor seeks the entry of an order, pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, authorizing and approving the Debtor's rejection of the Rejected Contracts *nunc pro tunc* to the Rejection Effective Date. As set forth in detail below, the relief requested herein is in the best interest of the Debtor's estate and creditors because the contracts are no longer necessary to the Debtor's ongoing operations and the Debtor, in the exercise of its business judgment, does not believe that that the Rejected Contracts have any net value to the Debtor's estate.

## BASIS FOR RELIEF

9. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). Courts routinely approve motions to reject executory contracts and unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts to authorize the rejection of an executory contract is that of "business judgment"); *see also In re Taylor*, 913 F.2d 102 (3d. Cir. 1990); *In re Buckhead America Corp.*, 180 B.R. 83 (Bankr. D. Del. 1995).

10. Courts generally will not second-guess a debtor's business judgment concerning the rejection of an executory contract or unexpired lease. *See In re Armstrong World Indus.*, 348 B.R. 136, 162 (Bankr. D. Del. 2006) ("Courts have uniformly deferred to the

business judgment of the debtor to determine whether the rejection of an executory contract of unexpired lease by the debtor is appropriate under section 365(a) of the Bankruptcy Code."); *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("A debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice." (internal quotations omitted)). The "business judgment" test is not a strict standard and merely requires a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *N.L.R.B. v. Bildisco*, 682 F.2d 72, 79 (3rd Cir. 1982) (noting that the "usual test for rejection of an executory contract is simply whether rejection would benefit the estate") *aff'd*, 465 U.S. 513 (1984). Further, "[s]ection 365 enables the trustee to maximize the value of the debtor's estate by assuming executory contracts and unexpired leases that benefit the estate and rejecting those that do not." *L.R.S.C. Co. v. Rickel Home Centers, Inc. (In re Rickel Home Centers, Inc.)*, 209 F.3d 291, 298 (3d Cir. 2000); *see also Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (section 365 of the Bankruptcy Code "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed").

11. The Debtor has determined that the Rejected Contracts are no longer necessary to the operation of the Debtor's business nor are they a source of potential value for the Debtor's creditors or other parties in interest. The Debtor has undertaken a review of its contracts and has determined that (a) the Rejected Contracts are financially burdensome and no longer necessary to the operation of the Debtor's business, (b) the Rejected Contracts have no marketable value that could be generated through assumption and assignment, and (c) the Debtor's continued performance under the Rejected Contracts would constitute an unnecessary depletion of value of the Debtor's estate. Accordingly, the Debtor has determined in the sound

exercise of its reasonable business judgment, that it is in the best interests of creditors that each of the Rejected Contracts be rejected, effective as of the Rejection Effective Date.

### *NUNC PRO TUNC* RELIEF IS APPROPRIATE

12. Bankruptcy courts are empowered to grant retroactive rejection of a contract or lease under sections 105(a) and 365(a) of the Bankruptcy Code. *See Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028-29 (1st Cir. 1995) (indicating "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively" to the motion filing date); *see also Pacific Shores Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1067 (9th Cir. 2004) (same); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) ("[T]he court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)").

13. *Nunc pro tunc* rejection of the Rejected Contracts will permit the Debtor to reduce burdensome costs and avoid additional, unnecessary administrative charges for the contracts that are not necessary for the Debtor's chapter 11 efforts. The counterparties to the Rejected Contracts will not be unduly prejudiced if the Rejected Contracts are rejected *nunc pro tunc* because the Debtor has ceased all use of agreements, personal property, equipment, or services provided by the contracts and, if necessary, has made equipment or personal property available for pickup to the contract counterparty. Furthermore, each counterparty has received or will receive, through notice of this Motion, a statement of the Debtor's clear intention to reject the contracts. Thus, the equities in this case favor rejection of the Rejected Contracts *nunc pro tunc* to the Rejection Effective Date.

14. Similar relief has been granted in other cases in this jurisdiction. *See, e.g., In re UCI International, LLC*, No. 16-11354 (MFW) (Bankr. D. Del. Aug. 25, 2016 (authorizing rejection nunc pro tunc to the date of filing the motion) *In re Vestis Retail Grp., LLC*, No. 16-10971 (LSS) (Bankr. D. Del. May 16, 2016); *In re City Sports, Inc.*, No. 15-12054 (KG) (Bankr. D. Del. Oct. 30, 2015); *In re Deb Stores Holdings*, LLC, No. 14-12676 (KG) (Bankr. D. Del. Jan. 7, 2015); *In re Alsip Acquisition, LLC*, No. 14-12596 (KJC) (Bankr. D. Del. Jan. 12, 2015) (KJC). Thus, to eliminate potential administrative claims against its estate and to avoid further obligations accruing under the Rejected Contracts, the Debtor respectfully submits that rejecting the Rejected Contracts, effective retroactively, is appropriate.

## CLAIMS BAR DATE

15. The counterparties may seek to assert a rejection damage claim under section 502 of the Bankruptcy Code or other claims in connection with the Rejected Contracts and must do so in accordance with any claim bar date set by the Court.

16. The failure to file a timely claim by such bar date shall forever prohibit the counterparty of the Rejected Contracts from receiving any distribution on account of such claims from the Debtor's estate or otherwise. The Debtor will give notice of such bar date to the counterparties.

## COMPLIANCE WITH BANKRUPTCY RULE 6006(f)

17. Bankruptcy Rule 6006(f) establishes requirements for a motion to reject multiple executory contracts or unexpired leases that are not between the same parties. Rule 6006(f) states, in part, that such a motion shall: (a) state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion; (b) list parties alphabetically and identify the corresponding contract or lease; (c) specify

the terms, including the curing of defaults, for each requested assumption or assignment; (d) specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment; (e) be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and (f) be limited to no more than 100 executory contracts or unexpired leases.

18. The Debtor respectfully submits that the relief requested in this Motion complies with the requirements of Bankruptcy Rule 6006(f).

## NOTICE

19. Notice of this Motion shall be given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) counsel for the Debtor's prepetition and postpetition lenders; (c) cocunsel to the Official Committee of Unsecured Creditors; (d) the counterparties to the Rejected Contracts and their counsel if known; and (e) parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

20. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order granting the relief requested herein, substantially in the form attached hereto as <u>Exhibit B</u>.

Dated: July 31, 2018          PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
John D. Fiero (CA Bar No. 136557)
John W. Lucas (CA Bar No. 271038)
Colin R. Robinson (DE Bar No. 5524)
919 N. Market Street, 17th Floor
Wilmington, DE 91899
Tel: (302) 652-4100
Fax: (302) 652-4400
E-mail: jfiero@pszjlaw.com
        jlucas@pszjlaw.com
        crobinson@pszjlaw.com

*Proposed Counsel for Debtor and Debtor in Possession*