IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TINTRI, INC.,[1] | ) | Case No.: 18-11625 (KJC) |
| | ) | |
| Debtor. | ) | **Objection Deadline: August 21, 2018 at 4:00 p.m. (ET)** |
| | | **Hearing Date: August 28, 2018 at 1:30 p.m. (ET)** |

## DEBTOR'S MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 521, BANKRUPTCY RULE 1007(c), AND LOCAL BANKRUPTCY RULE 1007–1(b) EXTENDING DEADLINE FOR <u>DEBTOR TO FILE SCHEDULES AND STATEMENTS</u>

The above-captioned debtor and debtor in possession (collectively, the "<u>Debtor</u>") move the Court for the entry of an order, pursuant to sections 105 and 521 of the Bankruptcy Code, Rule 1007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007–1(b) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), extending the time by which the Debtor must file their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules") to seven (7) days after the current deadline imposed by Local Bankruptcy Rule 1007–1(b). In support of the Motion, the Debtor respectfully represents as follows:

### BACKGROUND

1. On July 10, 2018 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtor and the last four digits of its taxpayer identification numbers are (6978): The headquarters and service address for the above-captioned Debtor is 303 Ravendale Dr., Mountain View, CA 94043.

3. On July 20, 2018, the United States Trustee appointed the following to the Official Committee of Unsecured Creditors pursuant to section 1102(a)(1) of the Bankruptcy Code: (a) Flextronics International USA, Inc., (b) Clari, Inc., and (c) NCR Corporation.

4. The factual background regarding the Debtor, including its current and historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the *Declaration of Robert J. Duffy in Support of First Day Pleadings* [Docket No. 2] and fully incorporated herein by reference.

## RELIEF REQUESTED

5. By this Motion, the Debtor seeks entry of an order extending the time by which the Debtor must file their Schedules to seven (7) days after the current deadline imposed by Local Bankruptcy Rule 1007-1(b), which is August 7, 2018, to August 14, 2018 (the "Requested Filing Deadline"), without prejudice to the Debtor's right to request additional time should it become necessary. The Debtor submits that the relief requested is in the best interest of the Debtor, its estate, creditors, and other parties in interest, and therefore, should be granted.

## BASIS FOR RELIEF

6. Under section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(b), the Debtor are required to file their Schedules. See Fed. R. Bankr. P. 1007(b). In Delaware, Bankruptcy Rule 1007(c), which provides that Debtor must file Schedules within fourteen (14) days after the Petition Date, is automatically extended by Local Bankruptcy Rule 1007-1(b) to twenty-eight (28) days after the Petition Date, not including the Petition Date, if (i) the debtor's bankruptcy petition is accompanied by a list of all the debtor's creditors and their addresses in accordance with Local Bankruptcy Rule 1007-2; and (ii) if the total number of creditors in the case exceeds 200. Del. Bankr. L.R. 1007-1(b).

7. On the Petition Date, the Debtor filed a creditor matrix listing the Debtor's creditors and their addresses in accordance with Local Bankruptcy Rule 1007-2, which includes more than 200 creditors. Accordingly, by operation of Local Bankruptcy Rule 1007-1(b), the deadline for the Debtor to file their Schedules is automatically extended to twenty-eight (28) days from the Petition Date.

8. This Court has authority to grant the Debtor's requested additional extension under Bankruptcy Rule 1007(c) and Local Bankruptcy Rule 1007-1(b). Bankruptcy Rule 1007(c) provides that "any extension of time to file schedules, statements, and other documents . . . may be granted only on motion for cause shown . . . ." Fed. R. Bankr. P. 1007(c). Similarly, Local Bankruptcy Rule 1007-1(b) provides that such an extension "shall be granted, for cause, only upon filing of a motion by the debtor . . . ." Del. Bankr. L.R. 1007-1(b).

9. The Debtor seeks an extension of the deadline to file their Schedules imposed by Bankruptcy Rule 1007(c). Given the substantial burdens already imposed on the Debtor's management by the commencement of these cases, the limited number of employees available to collect the information, the competing demands upon such employees, the time and attention the Debtor must devote to the chapter 11 process, including, but not limited to the Debtor's pending sale process, and the size and complexity of the Debtor's operations, the Debtor believes they may be unable to complete their Schedules by the current deadline imposed by the Bankruptcy Rules.

10. Accordingly, the Debtor submits that "cause" exists to extend the current deadline imposed by Local Bankruptcy Rule 1007-1(b) for an additional seven (7) days, until the Requested Filing Deadline. The requested extension will enhance the accuracy of the Debtor's Schedules and avoid the necessity of substantial subsequent amendments. Additionally, the

DOCS_DE:220612.1 83990/001

3

short, requested extension ensures that the Debtor's schedules are filed prior to the objection deadline, August 21, 2018, set for the motion to approve the sale of the Debtor's assets and to the assumption and assignment of an executory contract or a proposed cure amount.

11. The Court routinely grants similar relief to that requested here in other cases in this district. *See, e.g., In re Vitamin World, Inc., et al.*, No. 17-11933 (KJC) (Bankr. D. Del. October 6, 2017) (D.I. 227); *In re CMTSU Liquidation, Inc.*, No. 17-10772 (BLS) (Bankr. D. Del. Apr. 28, 2017); *In re Eastern Outfitters, LLC*, No. 17-10243 (LSS) (Bankr. D. Del. Mar. 2, 2017); *In re FIAC Corp.*, No. 16-12238 (BLS) (Bankr. D. Del. Nov. 29, 2016); *In re Sorenson Commc'ns, Inc.*, No. 14-10454 (BLS) (Bankr. D. Del. March 4, 2014); *In re Physiotherapy Holdings, Inc.*, No. 13-12965 (KG) (Bankr. D. Del. Dec. 6, 2013); *In re Longview Power, LLC*, No. 13-12211 (BLS) (Bankr. D. Del. Sept. 24, 2013); *In re SSI Group Holding Corp.*, Case No. 11-12917 (MFW) (Bankr. D. Del. Sept. 15, 2011); *In re Crucible Materials Corp.*, No. 09-11582 (MFW) (Bankr. D. Del. May 27, 2009).

## NOTICE

12. Notice of this Motion shall be given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) counsel for the Debtor's prepetition and postpetition lenders; (c) counsel to the Official Committee of Unsecured Creditors; and (d) parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

13. No previous requests for the relief sought in this Motion has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtor respectfully request that this Court enter an order, substantially in the form annexed hereto, granting the relief sought herein and such other and further relief as may be just and proper.

Dated: August 7, 2018
      Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Henry C. Kevane (CA Bar No. 125757)
John D. Fiero (CA Bar No. 136557)
John W. Lucas (CA Bar No. 271038)
James E. O'Neill (DE Bar No. 4042)
Colin R. Robinson (DE Bar No. 5524)
919 N. Market Street, 17th Floor
P. O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Tel: (302) 652-4100
Fax: (302) 652-4400
E-mail: hkevane@pszjlaw.com
        jfiero@pszjlaw.com
        jlucas@pszjlaw.com
        joneill@pszjlaw.com
        crobinson@pszjlaw.com

*Proposed Attorneys for Debtor and Debtor in Possession*