**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TINTRI, INC.,[1]<br><br>         Debtor. | Chapter 11<br><br>Case No. 18-11625 (KJC)<br><br>**Hearing Date: August 28, 2018 at 1:30 p.m. ET**<br>**Objections Due: August 21, 2018 at 4:00 p.m. ET** |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR AN ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 328(a) AND 1103
AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION
OF WOMBLE BOND DICKINSON (US) LLP AS COUNSEL
NUNC PRO TUNC TO JULY 20, 2018**

The Official Committee of Unsecured Creditors (the "Committee") of Tintri, Inc. (the "Debtor"), submits this application (the "Application") for an order pursuant to sections 328(a) and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended and applicable to the above-captioned case, the "Bankruptcy Code") and Rule 2014(a) of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing and approving the employment and retention of Womble Bond Dickinson (US) LLP ("WBD"), as counsel for the Committee, nunc pro tunc to July 20, 2018. In support of the Application, the Committee respectfully represents as follows:

**BACKGROUND**

1. On July 10, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court in the District of Delaware (the "Court").

---

[1] The Debtor and the last four digits of its taxpayer identification numbers are (6978). The headquarters and service address for the Debtor is 303 Ravendale Dr., Mountain View, CA 94043.

2. The Debtor has continued in possession of its properties and has continued to operate and manage its business as a debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

3. On July 20, 2018, the Office of the United States Trustee appointed the Committee pursuant to Bankruptcy Code section 1102(a)(1) [Docket No. 78]. The members of the Committee are as follows: (i) Flextronics International USA, Inc.; (ii) Clari, Inc.; and (iii) NCR Corporation. After its appointment, the Committee selected and authorized the employment of WBD as its counsel.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are Bankruptcy Code sections 328 and 1103. The requested relief is also appropriate pursuant to Bankruptcy Rule 2014.

## RELIEF REQUESTED

5. By this Application, the Committee respectfully requests the entry of an order, substantially in the form attached hereto, authorizing and approving the employment of WBD as its counsel to perform services relating to the Debtor's bankruptcy case (the "Chapter 11 Case"), effective as of July 20, 2018.

6. Bankruptcy Code section 328(a) empowers a committee appointed under Bankruptcy Code section 1102, with the Court's approval, to employ attorneys under Bankruptcy Code section 1103 on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis, to perform services for such committee.

7. Pursuant to Bankruptcy Code section 1103(b), an attorney employed to represent a committee may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. WBD has advised the Committee that WBD does not represent any other entity having an adverse interest in connection with the Chapter 11 Case and does not have any disabling connections with the United States Trustee, any person employed by the Office of the United States Trustee, or the Bankruptcy Judge to whom this case is assigned. Submitted herewith is the Declaration of Matthew P. Ward, Esq., a partner of WBD, which sets forth WBD's connections with the Debtor, its creditors, and other parties-in-interest (the "Declaration").

8. The Committee has selected WBD because of its attorneys' experience and knowledge. The Committee believes that WBD is well-qualified to represent the Committee in the Chapter 11 Case.

9. The professional services that WBD will provide to the Committee include, but are not limited to, the following:

- providing legal advice as necessary with respect to the Committee's powers and duties as an official committee appointed under Bankruptcy Code section 1102;
- assisting the Committee in investigating the acts, conduct, assets, liabilities, and financial condition of the Debtor, the operation of the Debtor's businesses, potential claims, and any other matters relevant to the case, to the sale of assets, or to the formulation of a plan of reorganization or liquidation (a "Plan");
- participating in the formulation of a Plan;
- providing legal advice as necessary with respect to any disclosure statement and Plan filed in this case and with respect to the process for approving or disapproving disclosure statements and confirming or denying confirmation of a Plan;
- preparing on behalf of the Committee, as necessary, applications, motions, objections, complaints, answers, orders, agreements, and other legal papers;
- appearing in Court to present necessary motions, applications, objections, and pleadings, and otherwise protecting the interests of those represented by the Committee;
- assisting the Committee in requesting the appointment of a trustee or examiner, should such action be necessary; and

- performing such other legal services as may be required and as are in the best interests of the Committee and creditors.

10. Subject to the Court's approval and pursuant to Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and any other rules and procedures that this Court may fix, the Committee requests that WBD be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that WBD incurs. WBD requests that it receives such compensation in accordance with the ordinary and customary rates which are in effect on the date the services are rendered.

11. WBD's hourly rates are as follows:

| | |
|---|---|
| Partners | $320 - $825 |
| Of Counsel | $225 - $810 |
| Senior Counsel | $125 - $665 |
| Counsel | $100 - $585 |
| Associates | $230 - $580 |
| Paralegals | $41 - $415 |

12. The charges set forth herein are based upon actual time charges on an hourly basis and based upon the experience and expertise of the attorney or legal assistant involved. The hourly rates set forth are subject to periodic adjustments to reflect economic and other conditions.

13. The Committee understands that any compensation and expenses paid to WBD must be approved by this Court upon application consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders of this Court respecting compensation of professionals.

14. To the best of the Committee's knowledge and subject to the Declaration submitted herewith, WBD has informed the Committee that it represents no other entity in

connection with this case and does not hold or represent any interest adverse to the Debtor with respect to the matters upon which it is to be employed.

**NOTICE**

15. The Committee has provided notice of this Application to (i) the Debtor; (ii) proposed counsel for the Debtor, (a) Pachulski Stang Ziehl & Jones, 919 N. Market Street, 17th Floor, Wilmington, DE 19801, Attn: James E. O'Neill, Esq. (b) Pachulski Stang Ziehl & Jones, 150 California Street, 15th Floor, San Francisco, CA 94111, Attn: John D. Fiero, Esq.; (iii) the office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Timothy J. Fox, Esq.; (iv) counsel to Silicon Valley Bank, (a) Riemer & Braunstein LLP, Times Square Tower, Seven Times Square, Suite 2506, New York, NY 10036, Attn: Steven E. Fox, Esq. and (b) Ashby & Geddes, 500 Delaware Avenue, P.O. Box 1150, Wilmington, DE 19801, Attn: Gegory A. Taylor, Esq.; (v) counsel to TriplePoint Capital LLC, (a) McDermott Will & Emery, 340 Madison Avenue, New York, NY 10173, Attn: Riley T. Orloff, Esq., (b) McDermott Will & Emery, 2049 Century Park East, Suite 3800, Los Angeles, CA 90067, Attn: Gary B. Rosenbaum, Esq., and (c) Posinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, DE 19801, Attn: Christopher A. Ward, Esq., and (vi) all parties who have filed requests for notice pursuant to Bankruptcy Rule 2002 in this Chapter 11 Case. The Committee submits that no other or further notice is necessary or required.

16. No previous application for relief sought herein has been made to this or any other Court.

5

WHEREFORE, the Committee respectfully requests that this Court enter an Order, substantially in the form filed herewith, authorizing the Committee to retain and employ Womble Bond Dickinson (US) LLP, as counsel to the Committee, <u>nunc</u> <u>pro</u> <u>tunc</u> to July 20, 2018, and grant such further relief as the Court deems just or proper.

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TINTRI, INC.

Date: August 7, 2018

**Flextronics International USA, Inc.**
Solely in its capacity as Committee Chairperson and not in its individual capacity

    */s/ Todd Atkinson*
By: Todd Atkinson
    Counsel to Flextronics International USA, Inc. and Proxy