# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| TINTRI, INC.,[1] ) | Case No. 18-11625 (KJC) |
| ) | |
| Debtor. ) | |

## DECLARATION OF MATTHEW P. WARD IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 328(a) AND 1103 AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF WOMBLE BOND DICKINSON (US) LLP AS COUNSEL <u>NUNC</u> <u>PRO</u> <u>TUNC</u> TO JULY 20, 2018

Matthew P. Ward, pursuant to 28 U.S.C. § 1746, certifies as follows:

1. I am a partner of the law firm of Womble Bond Dickinson (US) LLP ("WBD")[2] which maintains an office for the practice of law at 222 Delaware Avenue, Suite 1501, Wilmington, DE 19801, as well as offices in California, the District of Columbia, Georgia, Maryland, Massachusetts, North Carolina, South Carolina, and Virginia. I am admitted to practice before this Court, and will assume primary responsibility within WBD for its engagement in this Chapter 11 Case.

2. I am familiar with the facts hereinafter stated, and submit this declaration (the "Declaration") in support of the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtor (the "Debtor") for entry of an Order authorizing and approving the employment and retention of WBD, as counsel to the Committee, <u>nunc</u> <u>pro</u> <u>tunc</u> to July 20, 2018.

---

[1] The Debtor and the last four digits of its taxpayer identification numbers are (6978). The headquarters and service address for the Debtor is 303 Ravendale Dr., Mountain View, CA 94043.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

3. I am fully familiar with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and I am sufficiently competent to handle whatever might foreseeably be expected of the Committee's counsel in this matter.

4. The professional services that WBD will provide to the Committee include those set forth in the Application. Subject to the Court's approval and pursuant to Bankruptcy Code sections 330 and 331, the Bankruptcy Rules and Local Rules, and any other rules and procedures that this Court may fix, WBD will seek compensation on an hourly basis, plus reimbursement of the actual and necessary expenses that WBD incurs. WBD requests that it receive such compensation in accordance with the ordinary and customary rates that are in effect on the date the services are rendered.

5. Set forth below is a schedule of hourly rates of certain professionals at WBD:

| | |
|---|---|
| Partners | $320 - $825 |
| Of Counsel | $225 - $810 |
| Senior Counsel | $125 - $665 |
| Counsel | $100 - $585 |
| Associates | $230 - $580 |
| Paralegals | $41 - $415 |

6. The charges for the attorneys and legal assistants who will render services to the Committee are based upon actual time charges on an hourly basis. The hourly rates for such professionals are based upon the experience and expertise of the attorney or legal assistant involved and are subject to periodic adjustments to reflect economic and other conditions.

7. Insofar as I have been able to ascertain, except as described herein, the other attorneys of WBD and I have no interest adverse to and no connections to the Committee, the Debtor's estate, its creditors, the United States Trustee, any person employed by the Office of the United States Trustee, the Bankruptcy Judge to whom this case is assigned, or any other party

in interest herein or their respective attorneys and accountants.[3] Although WBD from time to time has represented and in the future may represent various entities that are creditors of the Debtor or otherwise have had or have an interest in the Debtor in matters wholly unrelated to this bankruptcy case, WBD will not, while employed by the Committee, represent any other entity having an adverse interest in connection with this Chapter 11 Case, absent further disclosure and to the extent that such representation would be permissible under Bankruptcy Code section 1103.

### A. WBD's Conflict Check System

8. In connection with preparing this Declaration, WBD submitted the names of the individuals and entities that are currently known to be material parties and parties-in-interest in this case (the "Parties-in-Interest") for review in the computerized conflict database system maintained by WBD. WBD maintains and systematically updates its conflict check system in the regular course of business of the firm, and it is the regular practice of the firm to make and maintain these records. The conflict check system maintained by WBD is designed to include every matter on which the firm is now or has been engaged, the entity for which the firm is now or has been engaged, and in each instance, the identity of related parties and adverse parties and the attorney in the firm that is knowledgeable about the matter. It is the policy of WBD that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each such matter for conflicts, including the identity of the prospective client,

---

[3] WBD appears in numerous cases involving a substantial number of creditors and parties-in-interest. WBD is reviewing the parties-in-interest in this proceeding and will make every effort to disclose all connections to these parties as they become known to WBD. Although it is not possible to guarantee that each and every connection is disclosed, WBD will file additional and supplemental disclosure statements in the event that WBD becomes aware of any additional connections. In addition, it is possible that some creditors or parties-in-interest herein are creditors or parties-in-interest with de minimis interest in other cases in which WBD plays a role.

as well as related and adverse parties. Accordingly, the database is regularly updated for every new matter undertaken by WBD.

9. A list of the names of the Parties-in-Interest described above, which was submitted to the conflict check system, is attached hereto as Exhibit 1.

**B. WBD's Relationship With Parties-in-Interest In Unrelated Matters**

10. A list of the Parties-in-Interest or their affiliates with respect to which WBD serves or has served as counsel is set forth on Exhibit 2 attached hereto. A significant part of WBD's practice includes representations of creditors' committees. Accordingly, this exhibit includes persons that may have been members of any creditors' committee represented by WBD, in addition to WBD current and/or past clients.

11. As disclosed in this exhibit, WBD and its partners, counsel, and associates have in the past represented, currently represent, and may in the future represent entities that are creditors of the Debtor, or other parties-in-interest in the Debtor's Chapter 11 Case in matters unrelated to this bankruptcy case. Further, WBD appears in cases, proceedings, and transactions involving a substantial number of different attorneys, accountants, financial consultants, and investment bankers, some of which now or may in the future represent creditors or parties-in-interest in this case.

12. WBD has not agreed to share (a) any compensation it may receive with another party or person, other than with the partners, counsel, and associates of WBD, or (b) any compensation another person or party has received or may receive.

13. WBD did not receive a retainer with respect to its representation of the Committee.

14. Consistent with the United State Trustees' Appendix B - Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "U.S. Trustee Guidelines"), which became effective on November 1, 2013, I state as follows:

(a) WBD did not agree to a variation of its standard and customary billing arrangements for the engagement;

(b) WBD's professionals included in the engagement have not varied their rates based on the geographic location of this Chapter 11 Case;

(c) WBD did not represent the Committee prior to the Petition Date; and

(d) The Committee has approved WBD's proposed hourly billing rates, staffing plan, and fee carve out. In accordance with the U.S. Trustee Guidelines, each may be amended as necessary to reflect changed or unanticipated developments in this Chapter 11 Case.

15. Based upon the information available to me, and except as otherwise described herein, WBD holds no interest adverse to the Committee, the Debtor, its estate, or creditors as to the matters in which it is to be employed.

16. If WBD discovers any connection with any interested party or enters into any new relationship with any interested party, the firm will promptly supplement its disclosure to the Court.

I hereby declare under the penalty of perjury that the foregoing statements made by me are true and correct to the best of my knowledge, information, and belief.

Dated: August 7, 2018

*/s/ Matthew P. Ward*
Matthew P. Ward (DE Bar No. 4471)

# EXHIBIT 1

Debtor
Tintri, Inc.

Current and Former Directors & Officers
Adam Grosser
Charles Giancarlo
Chris Schaepe
Doug Kahn
Harvey Jones
Ian Halifax
Jeff Horing
John Bolger
Ken Klein
Kieran Harty
Mark Gritter
Michael McGuire
Peter Sonsini
Tom Barton
Tom Cashman

Equity Holders
Adam Grosser
Cary Harty
Christopher Schaepe
Ian Halifax
Insight Venture Parkers (Delaware) VIII, L.P.
Insight Venture Partners (Co-Investors), L.P.
Insight Venture Partners VIII, L.P.
Insight Veture Partners (Cayman) VIII, L.P.
Ken Klein
Kieran Harty
Lightspeed Venture Partners VIII, L.P.
Michael McGuire
NEA Ventures 2008, Limited Partnership
New Enterprise Associates 12, Limited Partnership
Peter Sonsini
SilverLake Kraftwek Fund L.P.
Silverlake Technology Investors Kraftwerk, L.P.
Star Trinity, L.P.
Thomas Cashman

Secured Parties
Cisco Systems Capital Corporation
Everbank Commercial Finance, Inc.
Key Equipment Finance
Silicon Valley Bank
Triplepoint Capital LLC
U.S. Bank Equipment Finance

Professionals
Berkeley Research Group LLC
Deloitte & Touche
Houlihan Lokey
McDermott Will & Emery LLP
Riemer & Braunstein LLP
Wilson Sonsini Goodrich & Rosati

Top 20 Unsecured Creditors
Bizible
CDW
CDW LLC
Clari, Inc.
Flash Global Logistics
Flextronics International USA Inc.
Fusion
Google Inc
Groupware Technology
Hilda Trigoso/ECS Supplier Accounting
HMG Strategy LLC
Linkedin Corporation
NCR Corp.
O'Melveny & Myers, LLP
Promark Technology, Inc.
Richmar Associates Inc.
Salesforce.com, Inc.
Savills Studley, Inc.
Sidley Austin LLP
Van Pelt, Yi & James LLP

**Exhibit 2**

| Party In Interest | Role in Case | Connection |
|---|---|---|
| Alvarez & Marsal | Professional | Womble currently does represent and has in the past represented this entity in matters unrelated to this chapter 11 case. |
| Cisco Systems Capital Corporation | Secured Party | Womble has in the past represented affiliates of this entity in matters unrelated to this chapter 11 case. |
| Clari, Inc. | Top 20 Creditor | Womble currently does represent and has in the past represented this entity in matters unrelated to this chapter 11 case. |
| Deloitte & Touche | Professional | Womble has in the past represented this entity in matters unrelated to this chapter 11 case. |
| Flextronics International USA Inc. | Top 20 Creditor | Womble currently does represent and has in the past represented this entity and certain of its affiliates in matters unrelated to this chapter 11 case. |
| Google Inc. | Top 20 Creditor | Womble currently does represent and has in the past represented this entity in matters unrelated to this chapter 11 case. |
| Houlihan Lokey | Professional | Womble has in the past represented this entity in matters unrelated to this chapter 11 case. |
| Key Equipment Finance | Secured Party | Womble has in the past represented this entity in matters unrelated to this chapter 11 case. |
| LinkedIn Corporation | Top 20 Creditor | Womble currently does represent and has in the past represented this entity in matters unrelated to this chapter 11 case. |
| McDermott Will & Emery LLP | Professional | Womble has in the past represented this entity in matters unrelated to this chapter 11 case. |
| NCR Corporation | Top 20 Creditor | Womble currently does represent and has in the past represented this entity in matters unrelated to this chapter 11 case. |
| Sidley Austin LLP | Top 20 Creditor | Womble has in the past represented this entity in matters unrelated to this chapter 11 case. |
| Silicon Valley Bank | Secured Party | Womble has in the past represented this entity in matters unrelated to this chapter 11 case. |