# UNITED STATES BANKRUPTCY COURT FOR THE
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TINTRI, INC.,[1]<br><br>      Debtor.[1] | Chapter 11<br><br>Case No.: 18-11625 (KJC)<br><br>Hearing Date: August 28, 2018, at 1:30 p.m. (ET)<br>Objections Due: August 21, 2018 at 4:00 p.m. (ET) |

## APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TINTRI, INC., FOR ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR *NUNC PRO TUNC* TO JULY 22, 2018

   The Official Committee of Unsecured Creditors (the "Committee") appointed in this case of the above-captioned debtor and debtor in possession (collectively, the "Debtor") hereby submits this application (the "Application") for entry of an order pursuant to sections 328 and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the employment and retention of Alvarez & Marsal North America, LLC (together with its and its affiliates' and wholly owned subsidiaries' respective agents, independent contractors, and employees, "A&M"), as financial advisor to the Committee, effective as of July 22, 2018. In support of this Application, the Committee relies on the declaration of Rich Newman (the "Newman Declaration"), attached hereto as Exhibit B incorporated herein by reference, and respectfully states as follows:

## JURISDICTION

   1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1] The Debtor and the last four digits of its taxpayer identification number is: Tintri, Inc. (6978). The headquarters and service address for the Debtor is: 303 Ravendale Drive, Mountain View, California 94043.

2. The statutory bases for the relief requested herein are Bankruptcy Code sections 328 and 1103, rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1(b) and 9013-1 of the Local Bankruptcy Rules for the District of Delaware (the "Local Rules").

3. The Committee confirms its consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**BACKGROUND**

4. On July 10, 2018 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 et seq. as amended, the "Bankruptcy Code").

5. Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtor continues to operate its business and manage its property as a debtor-in-possession. No trustee or examiner has been appointed in the Debtor's chapter 11 case. On July 20, 2018 (the "Formation Date"), the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee pursuant to Bankruptcy Code section 1102(a)(1) [Docket No. 78]. The members of the Committee are as follows: (i) Flextronics International USA, Inc.; (ii) Clari, Inc.; and (iii) NCR Corporation.

6. After its appointment, on July 22, 2018, the Committee selected A&M to provide financial advisory services to the Committee.

**RELIEF REQUESTED**

7.     By this Application, the Committee requests entry of an order, in the form attached hereto as <u>Exhibit A</u>, pursuant to sections 328 and 1103(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a) approving the employment and retention of A&M as financial advisor to the Committee in this chapter 11 case.

8.     The Committee requests that A&M's retention be approved <u>nunc</u> <u>pro</u> <u>tunc</u> to July 22, 2018.

9.     The Committee is familiar with the professional standing and reputation of A&M. The Committee understands and recognizes that A&M has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in chapter 11 cases on behalf of debtors and creditors throughout the United States.

10.     The services of A&M are deemed necessary to enable the Committee to assess and monitor the efforts of the Debtor and its professional advisors to maximize the value of the estate and to reorganize successfully. Further, A&M is well qualified and able to represent the Committee in a cost-effective, efficient, and timely manner.

**SCOPE OF SERVICES**

11.     The Committee and A&M arrived at a mutual agreement as to the substantial efforts that will be required in this engagement as described herein. Subject to approval of this Court, A&M will provide such advisory services to the Committee and its legal advisors as A&M and the Committee deem appropriate and feasible over the course of this chapter 11 case, including but not limited to the following:

    (a)     Assist in the assessment and monitoring of cash flow budgets, liquidity and operating results;

(b) Assist in the review of Court disclosures, including the Schedules of Assets and Liabilities, the Statements of Financial Affairs, Monthly Operating Reports, and Periodic Reports;

(c) Assist in the review of the Debtor's cost/benefit evaluations with respect to the assumption or rejection of executory contracts and/or unexpired leases;

(d) Assist in the analysis of any assets and liabilities and any proposed transactions for which Court approval is sought;

(e) Assist in the review of any proposed key employee retention plan and key employee incentive plan;

(f) Attend meetings with the Debtor, the Debtor's creditors, potential investors, the Committee and any other official committees organized in this chapter 11 case, the U.S. Trustee, other parties in interest, and professionals hired by the same, as requested;

(g) Assist in the investigation and pursuit of avoidance actions;

(h) Assist in the review of the claims reconciliation and estimation process;

(i) Assist in the review of the Debtor's business plan;

(j) Assist in the review of the sales or dispositions of the Debtor's assets or business, including allocation of sale proceeds;

(k) Assist in the review of any potential alternative transactions involving the Debtor's assets or business, and provide relevant testimony as needed;

(l) Assist in the review and/or preparation of information and analysis necessary for the confirmation of a plan in this chapter 11 case; and

(m) Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary, consistent with the role of a financial advisor.

12. In order for A&M to perform the services set forth above, it will be necessary for A&M personnel to have access to certain books, records and reports of the Debtor and to have discussions with the Debtor's personnel. Accordingly, the Committee understands that, to the extent A&M is not given the Debtor's cooperation or access to the Debtor's personnel, books and records and other sources of data, A&M's ability to provide the services set forth above will be limited.

13. Because of the limitations in this proposed retention, the depth of A&M's analysis and verification of the data are limited. It is understood by the Committee that A&M is not being requested to perform an audit and that A&M will rely on the accuracy and validity of the data disclosed to A&M or supplied to A&M by, or on behalf of, employees and representatives of the Debtor or the Committee. A&M is not updating, nor is A&M under any obligation to update, data submitted to A&M or reviewing any other areas unless specifically requested by the Committee.

14. The Committee understands that the services to be rendered may include a review and assessment of projections and other forward-looking statements and that numerous factors can affect the actual results of the Debtor's operations, which may materially and adversely differ from those projections and other forward-looking statements.

15. All advice (written or oral) provided by A&M to the Committee in connection with this engagement is intended solely for the benefit and use of the Committee in considering the matters to which this engagement relates.

16. From time to time A&M may utilize the services of the employees of its affiliates in the performance of services hereunder. Such affiliates are wholly-owned by A&M's parent company and certain employees.

**PROFESSIONAL COMPENSATION**

17. The Committee has agreed to the following compensation, in addition to certain indemnification obligations described below, for the services to be provided by A&M in this chapter 11 case:

    (a) <u>Hourly Rates:</u> A&M will be paid by the Debtor for the services of A&M professionals at the following hourly rates, subject to periodic adjustments:

        a. Managing Directors     $850-$1,050

|   | b. | Directors | $650-$800 |
|---|----|-----------|-----------|
|   | c. | Associates | $500-$625 |
|   | d. | Analysts | $400-$475 |

    (b)    <u>Expense Reimbursement</u>: A&M will be reimbursed for reasonable expenses incurred in connection with this engagement such as travel, lodging, third party duplication, messenger and telephone charges; reasonable expenses include, but are not limited to, any reasonable legal fees incurred for A&M's fee applications and defense of its retention application submitted in this chapter 11 case, subject to Court approval.

    18.    The proposed order provides that A&M shall file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, such Bankruptcy Rules as may then be applicable, and any applicable orders and procedures of this Court, including the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "<u>Interim Compensation Order</u>") [Docket No. 81-2].

## **INDEMNIFICATION PROVISIONS**

    19.    The Committee has agreed that neither A&M nor any of its agents, representatives, members or employees shall have any liability (whether direct or indirect, in contract or tort or otherwise), to the Committee for, or in connection with, the engagement of A&M contemplated hereunder except for any such liability for losses, claims, damages or liabilities incurred by the Committee that are finally judicially determined by the Court to have primarily resulted from the gross negligence or willful misconduct of A&M.

    20.    As part of the overall compensation payable to A&M, subject to paragraphs 22 and 23 below, the Committee has agreed to request that the Court require the Debtor to indemnify, defend and hold harmless A&M and its affiliates and their respective personnel ("Indemnified Parties") for any claims arising from, related to, or in connection with A&M's

engagement and to request that this Court enter an order approving such indemnification obligation.

21. In addition, subject to paragraphs 22 and 23 below, in the event that, at any time whether before or after termination of the engagement or the Agreement, as a result of, or in connection with, A&M's engagement and its personnel's role hereunder, A&M or any Indemnified Party is required to produce any of its personnel (including former employees) for examination, deposition or other written, recorded or oral presentation, or A&M or any of its personnel (including former employees) or any other Indemnified Party is required to produce or otherwise review, compile, submit, duplicate, search for, organize or report on any material within such Indemnified Party's possession or control pursuant to a subpoena or other legal (including administrative) process, the Committee requests that the Court approve the Debtor's obligation to reimburse the Indemnified Party for its out-of-pocket expenses, including the reasonable fees and expenses of its counsel, and to compensate the Indemnified Party for the time expended by its personnel based on such personnel's then current hourly rate.

22. The Debtor shall have no obligation to indemnify A&M for any claim or expense that is either (i) judicially determined (such determination having become final) to have arisen primarily from A&M's bad faith, gross negligence or willful misconduct, or (ii) settled prior to a judicial determination as to A&M's bad faith, gross negligence or willful misconduct but determined by this Court, after notice and a hearing pursuant to paragraph 23 below, to be a claim or expense for which A&M is not entitled to receive indemnity under the terms of this Application.

23. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing this chapter 11 case, A&M believes that it is entitled to the payment of any

amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations described above, including, without limitation, the advancement of defense costs, A&M must file an application therefore in this Court, and the Debtor may not pay any such amounts to A&M before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by A&M for indemnification, contribution or reimbursement and not a provision limiting the duration of the Debtor's obligation to indemnify A&M.

24. Because A&M and its professional service provider affiliates and subsidiaries comprise a consulting firm (the "Firm") that serves clients on an international basis in numerous cases, both in and out of court, it is possible that the Firm may have rendered or will render services to, or have business associations with, other entities or people which had, have or may have relationships with the Committee members. The Firm will not be prevented or restricted by virtue of providing the services under this Agreement from providing unrelated services to other entities or individuals, including entities or individuals whose interests may be in competition or conflict with the Committee members, provided the Firm makes appropriate arrangements to ensure that the confidentiality of information is maintained.

25. The Committee respectfully submits that these indemnification provisions are reasonable for financial advisory engagements both out of court and in chapter 11 cases. Accordingly, as part of this Application, the Committee requests that this Court approve the indemnification provisions.

## NO DUPLICATION OF SERVICES

26. The Committee believes that the services provided by A&M will not duplicate the services that other professionals will be providing to the Committee in this chapter 11 case. Specifically, A&M will carry out unique functions and will use reasonable efforts to coordinate with the Committee, Womble Bond Dickinson (US) LLP and the other professionals retained in this chapter 11 case to avoid the unnecessary duplication of services.

## A&M'S RELATIONSHIPS AND CONFLICTS DISCLOSURES

27. The Committee believes that A&M has no connection with the Debtor, their creditors, or other parties in interest, except as otherwise set forth in the Newman Declaration. Pursuant to Bankruptcy Code section 1103(b), the Committee believes that, except as set forth in the Newman Declaration, A&M does not represent any other entity having an adverse interest in connection with the chapter 11 case.

28. A&M has conducted, and will conduct, an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered, A&M will supplement its disclosure to this Court.

29. A&M has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with this case.

## SATISFACTION OF LOCAL RULE 2014-1

30. Local Rule 2014-1 provides that an application for employment of a professional made within 30 days of such employment shall be deemed contemporaneous. This Application was filed within 30 days after the Committee's employment of A&M. The Committee therefore submits that the criteria set forth in Local Rule 2014-1 have been satisfied.

## NO PRIOR REQUEST

31. No prior application for the relief requested herein has been made to this or any other court.

## NOTICE

32. No trustee or examiner has been appointed in the Debtor's chapter 11 case. The Committee has provided notice of this Application to (i) the Debtor; (ii) proposed counsel for the Debtor, (a) Pachulski Stang Ziehl & Jones, 919 N. Market Street, 17th Floor, Wilmington, DE 19801, Attn: James E. O'Neill, Esq. (b) Pachulski Stang Ziehl & Jones, 150 California Street, 15th Floor, San Francisco, CA 94111, Attn: John D. Fiero, Esq.; (iii) the office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Timothy J. Fox, Esq.; (iv) counsel to Silicon Valley Bank, (a) Riemer & Braunstein LLP, Times Square Tower, Seven Times Square, Suite 2506, New York, NY 10036, Attn: Steven E. Fox, Esq. and (b) Ashby & Geddes, 500 Delaware Avenue, P.O. Box 1150, Wilmington, DE 19801, Attn: Gegory A. Taylor, Esq.; (v) counsel to TriplePoint Capital LLC, (a) McDermott Will & Emery, 340 Madison Avenue, New York, NY 10173, Attn: Riley T. Orloff, Esq., (b) McDermott Will & Emery, 2049 Century Park East, Suite 3800, Los Angeles, CA 90067, Attn: Gary B. Rosenbaum, Esq., and (c) Posinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, DE 19801, Attn: Christopher A. Ward, Esq., and (vi) all parties who have filed requests for notice pursuant to Bankruptcy Rule 2002 in this Chapter 11 Case. The Committee submits that no other or further notice is necessary or required..

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court enter an order granting the relief requested herein and such further relief as the Court deems just and proper.

Dated: August 7, 2018

Respectfully submitted,

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF
TINTRI, INC.

**Flextronics International USA, Inc.**

Solely in its capacity as Committee Chairperson and not in its individual capacity

*/s/ Todd Atkinson*

By: Todd Atkinson
Counsel to Flextronics International USA, Inc.
and Proxy

WBD (US) 43415733v2

**Exhibit A**
**(Proposed Order)**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TINTRI, INC.,<br><br>Debtor.[1] | Chapter 11<br><br>Case No.: 18-11625 (KJC) |

## ORDER AUTHORIZING AND APPROVING EMPLOYMENT AND RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR *NUNC PRO TUNC* TO JULY 22, 2018

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtor and debtor in possession (collectively, the "Debtor"), for entry of an order pursuant to sections 328 and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the employment and retention of Alvarez & Marsal North America, LLC (together with its and its affiliates' and wholly owned subsidiaries' respective agents, independent contractors, and employees, "A&M"), as financial advisor to the Committee, effective as of July 22, 2018; and upon the Newman Declaration; and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that A&M does not represent any adverse interest in connection with this case; and it appearing that the relief requested in the Application is in the best interest of the Committee; it is hereby

ORDERED that:

1. The Application is approved as set forth therein.

---

[1] The Debtor and the last four digits of its taxpayer identification number is: Tintri, Inc. (6978). The headquarters and service address for Debtor is: 303 Ravendale Drive, Mountain View, California 94043.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

2. In accordance with Bankruptcy Code sections 328 and 1103, the Committee is authorized to employ and retain A&M nunc pro tunc to July 22, 2018, as its financial advisor on the terms set forth in the Application, as modified by this Order, without the need for any further action on the part of A&M or the Committee to document such retention.

3. The indemnification provisions included in the Application are approved, subject to the following:

    (a) Neither A&M nor any other indemnified party (each an "Indemnified Party" and collectively the "Indemnified Parties") shall be entitled to indemnification, contribution or reimbursement for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by this Court.

    (b) The Debtor shall have no obligation to indemnify any Indemnified Party, or provide contribution or reimbursement to any Indemnified Party, for any claim or expense to the extent it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from the Indemnified Party's gross negligence, willful misconduct or bad faith; (ii) for a contractual dispute in which the Debtor or the Committee allege breach of an Indemnified Party's contractual obligations, unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Company*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which the Indemnified Party should not receive indemnity, contribution or reimbursement under the terms of the indemnification set forth in the Application, as modified by this Order.

    (c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Case (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing the Chapter 11 Case, an Indemnified Party believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement set forth in the Application (as modified by this Order), including without limitation, the advancement of defense costs, the Indemnified Party must file an application therefor in this Court,

and the Debtor may not pay any such amounts to the Indemnified Party before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by any Indemnified Party for indemnification, contribution and/or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify, or make contributions or reimbursements to, the Indemnified Parties. All parties in interest shall retain the right to object to any demand by any Indemnified Party for indemnification, contribution and/or reimbursement.

4. In the event that, during the pendency of this case, A&M seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in A&M's fee applications and such invoices and time records shall be in compliance with Rule 2016-2(f) of the Local Rules of this Court, and shall be subject to the U.S. Trustee Guidelines and approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 or 1103 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330 (a)(3)(C) of the Bankruptcy Code.

5. A&M shall file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, such Bankruptcy Rules as may then be applicable, and any applicable orders and procedures of this Court, including the Interim Compensation Order. A&M shall comply with all requirements of Bankruptcy Rule 2016(a) and Local Rule 2016-2, including all information and time keeping requirements of those rules, and any request in the Application, or any of its attachments, for A&M to be excused from any of the information and time keeping requirements of Bankruptcy Rule 2016(a) or Local Rule 2016-2 is hereby denied.

6. To the extent that there may be any inconsistency between the terms of the Application and this Order, the terms of this Order shall govern.

7. The Committee is authorized to take all actions it deems necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. This court shall retain jurisdiction with respect to all matters arising or related to the implementation of this order or A&M's services for the Committee.


Dated: August___, 2018
       Wilmington, Delaware

                                          HONORABLE KEVIN J. CAREY
                                          UNITED STATES BANKRUPTCY JUDGE