**Exhibit B**
**(Rich Newman Declaration)**

| | |
|---|---|
| In re: <br><br> TINTRI, INC., <br><br> Debtor.[1] | Chapter 11 <br><br> Case No.: 18-11625 (KJC) |

**DECLARATION IN SUPPORT OF APPLICATION OF THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
TINTRI, INC., FOR ORDER AUTHORIZING EMPLOYMENT
AND RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC
<u>AS FINANCIAL ADVISORS *NUNC PRO TUNC* TO JULY 22, 2018</u>**

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), I, Rich Newman, declare under penalty of perjury that:

1. I am a Managing Director with Alvarez & Marsal North America, LLC (together with its and its affiliates' wholly owned subsidiaries' respective agents, independent contractors and employees "A&M"), a financial advisory services firm with numerous offices throughout the country. I submit this Declaration on behalf of A&M (this "Declaration") in support of the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtor and debtor in possession (collectively, the "Debtor"), for an order authorizing the employment and retention of A&M as financial advisor under the terms and conditions set forth in the Application.[2] Except as otherwise noted,[3] I have personal knowledge of the matters set forth herein.

---

[1] The Debtor and the last four digits of its taxpayer identification number is: Tintri, Inc. (6978). The headquarters and service address for the Debtor is: 303 Ravendale Drive, Mountain View, California 94043.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

[3] Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at A&M and are based on information provided by them.

2

## DISINTERESTEDNESS AND ELIGIBILITY

2. A&M, together with its professional service provider affiliates (the "Firm"), utilize certain procedures to determine the Firm's relationships, if any, to the parties that may have a connection to the Debtor. In implementing the Firm procedures, the following actions were taken to identify the Firm's relationships with such parties:

(a) In connection with the preparation of this Declaration, A&M requested and obtained from the Debtor the list of potentially interested parties in the Debtor's Chapter 11 case. The Debtor provided A&M with a list categorized as follows: Debtor; Current and Former Directors & Officers; Equity Holders; Secured Parties; Professionals; and Top 20 Unsecured Creditors which list is attached as Exhibit 1 hereto (the "Potential Parties in Interest").

(b) A&M then compared the names of each of the Potential Parties in Interest to the names in its master electronic database of the Firm's current and recent clients (the "Client Database"). The Client Database generally includes the name of each client of the Firm, the name of each party who is or was known to be adverse to the client of the Firm in connection with the matter in which the Firm is representing such client, the name of each party that has, or had, a substantial role with regard to the subject matter of the Firm's retention, and the names of the Firm professionals who are, or were, primarily responsible for matters for such clients.

(c) An email was issued to all Firm professionals requesting disclosure of information regarding: (i) any known personal connections between the respondent and/or the Firm on the one hand, and either the Potential Parties in Interest or the Debtor, on the other hand,[4]

---

4 In reviewing its records and the relationships of its professionals, A&M did not seek information as to whether any A&M professional or member of his/her immediate family: (a) indirectly owns, through a public mutual fund or through partnerships in which certain A&M professionals have invested but as to which such professionals have no control over or knowledge of investment decisions, securities of the Debtor or other parties in interest; or (b) has engaged in any ordinary course consumer transaction with any party in interest. If any such relationship does exist, I do not believe it would impact A&M's disinterestedness or otherwise give rise to a finding that A&M holds or represents an interest adverse to the Debtors' estate.

(ii) any known connections or representation by the respondent and/or the Firm of any of the Potential Parties in Interest in matters relating to the Debtor; and (iii) any other conflict or reason why A&M may be unable to represent the Committee.

    (d) Based on such review, known connections between the Firm and the Potential Parties in Interest were compiled for purposes of preparing this Declaration. These connections are listed in <u>Exhibit 2</u> annexed hereto.

    3. Based on the results of its review, A&M does not have a relationship with any of the parties on Exhibit 1 in connection with these proceedings except as otherwise described below.

    4. In addition to the relationships described on Exhibit 2, we note the following:

    (a) In February 2018, A&M's affiliate, Alvarez & Marsal Private Equity Performance Improvement, LLC, and the Debtor had a preliminary discussion regarding the Debtor's cost reduction plans. No services were performed beyond an initial discussion.

    (b) A&M's affiliate, Alvarez & Marsal Valuation Services, LLC ("A&M VS"), provides portfolio valuation services to various clients in the financial industry. A&M VS provides such services to Silver Lake Kraftwerks and/or its affiliates ("Silver Lake") solely for financial reporting purposes including a portfolio that formerly contained an interest in the Debtor. No persons providing A&M's services related to the Debtor in the Chapter 11 case are involved in such valuation services for Silver Lake and A&M VS has not been asked to perform valuation services for Silver Lake in matters related to its interest in the Debtor since the first quarter of 2017. In addition, in an abundance of caution, A&M has instituted an information barrier to ensure that confidentiality of information is protected.

(c) The Debtor's proposed counsel, Pachulski Stang Ziehl & Jones, LLP ("PSZJ"), currently serves as counsel to A&M and Stan Springel ("Springel") as defendants in an adversary proceeding captioned <u>Kennedy v. Skadden Arps Slate Meagher & Flom LLP, et al. (In re Radnor Holdings Corp.)</u>, Adv. Pro. No. 12-51308 (KG) (the "Radnor Adversary") and pending in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). The Delaware Bankruptcy Court's dismissal of the Radnor Adversary was affirmed on appeal by the United States District Court for the District of Delaware, Civ. Action No. 16-cv-332-RGA and again affirmed by the U.S. Court of Appeals for the Third Circuit, Case No. 17-1415 by a decision dated November 30, 2017. Kennedy moved for a rehearing en banc, which was denied by the Third Circuit on January 16, 2018. Kennedy filed a petition for certiorari with the U.S. Supreme Court, Case No. 17-1456, and the parties have filed briefs on certiorari. The petition for certiorari is scheduled to be distributed for conference on September 24, 2018, among the Justices of the Supreme Court. The Radnor Adversary is unrelated to the Debtor or this Case; rather, it relates to a prior A&M engagement from 2006 in which Springel, then an A&M employee, served as Radnor's Chief Restructuring Officer.

(d) Kelly Beaudin Conlan, an A&M Managing Director, is married to Jim Conlan, the Chairman and Global Practice Leader of Sidley Austin LLP's Restructuring Practice. Sidley Austin LLP is counsel to a special committee of the Debtor's board of directors. Mrs. Conlan is not performing services for the Debtor.

5. A&M has provided and reasonably expects to continue to provide services unrelated to the Debtor's case for the various entities shown on <u>Exhibit 2</u>. Except as otherwise described herein, A&M's assistance to these parties has been, and will be, related to providing various business advisory, performance improvement, financial restructuring, interim management, litigation support, investigatory or other consulting services in matters unrelated to

5

the Debtor's Chapter 11 case.  To the best of my knowledge, no services adverse to the rights of the Committee have been provided to these parties in interest, nor does A&M's involvement in this case compromise its ability to continue such consulting services.

6.	Further, as part of its diverse practice, A&M appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and parties-in-interest in the Debtor's case.  Also, A&M has performed in the past, and may perform in the future, advisory services for various attorneys and law firms, and has been represented by several attorneys, law firms and financial institutions, some of whom may be involved in these proceedings.  In addition, A&M has in the past, currently is, and will likely in the future be working with or against other professionals involved in this case in matters unrelated to the Debtor's Chapter 11 case.  Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create any interest materially adverse to the Committee herein in matters upon which A&M is to be employed, and none are in connection with this case.

7.	A&M is not believed to be a "Creditor" with respect to fees and expenses of any of the Debtor within the meaning of Section 101(10) of the Bankruptcy Code.  Further, neither I nor any other member of the A&M engagement team serving this Committee, to the best of my knowledge, is a holder of any outstanding debt instruments or shares of the Debtor's stock.

8.	To the best of my knowledge, A&M does not have any connection with the employees within the U.S. Trustee's office in this District; however, I note that Kelly Beaudin Conlan, an A&M Managing Director, served as the United States Trustee for Region 3 from 2005-2008.

9. To the best of my knowledge, A&M does not represent any other entity having an interest adverse to the Committee in connection with this case, and therefore believes it is eligible to represent the Committee under section 1103(b) of the Bankruptcy Code.

## PROFESSIONAL COMPENSATION

10. A&M will apply to the Court for allowances of compensation and reimbursement of expenses for its financial advisory support services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding Local Rules, orders of this Court and guidelines established by the Office of the United States Trustee.

11. According to A&M's books and records, during the ninety-day period prior to the Debtor's petition date, A&M performed no professional services or incurred any reimbursable expenses on behalf of the Debtor.

12. To the best of my knowledge, (a) no commitments have been made or received by A&M with respect to compensation or payment in connection with this case other than in accordance with the provisions of the Bankruptcy Code and (b) A&M has no agreement with any other entity to share with such entity any compensation received by A&M in connection with this Chapter 11 case.

13. Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: August 7, 2018
New York, New York

*/s/ Rich Newman*
Rich Newman
Managing Director

**Exhibit 1**
**Potential Parties in Interest**

**Debtor**
Tintri, Inc.

**Current and Former Directors & Officers**
Adam Grosser
Charles Giancarlo
Chris Schaepe
Doug Kahn
Harvey Jones
Ian Halifax
Jeff Horing
John Bolger
Ken Klein
Kieran Harty
Mark Gritter
Michael McGuire
Peter Sonsini
Tom Barton
Tom Cashman

**Equity Holders**
Adam Grosser
Cary Harty
Christopher Schaepe
Ian Halifax
Insight Venture Parkers (Delaware) VIII, L.P.
Insight Venture Partners (Co-Investors), L.P.
Insight Venture Partners VIII, L.P.
Insight Venture Partners (Cayman) VIII, L.P.
Ken Klein
Kieran Harty
Lightspeed Venture Partners VIII, L.P.
Michael McGuire
NEA Ventures 2008, Limited Partnership
New Enterprise Associates 12, Limited Partnership
Peter Sonsini
Silverlake Kraftwek Fund L.P.
Silverlake Technology Investors Kraftwerk, L.P.
Star Trinity, L.P.

Thomas Cashman

**Secured Parties**
Cisco Systems Capital Corporation
Everbank Commercial Finance, Inc.
Key Equipment Finance
Silicon Valley Bank
Triplepoint Capital LLC
U.S. Bank Equipment Finance

**Professionals**
Berkeley Research Group LLC
Deloitte & Touche
Houlihan Lokey
McDermott Will & Emery LLP
Pachulski Stang Ziehl & Jones
Riemer & Braunstein LLP
Wilson Sonsini Goodrich & Rosati
Womble Bond Dickinson

**Top 20 Unsecured Creditors**
Bizible
CDW
CDW LLC
Clari, Inc.
Flash Global Logistics
Flextronics International USA Inc.
Fusion
Google Inc
Groupware Technology
Hilda Trigoso/ECS Supplier Accounting
HMG Strategy LLC
Linkedin Corporation
NCR Corp.
O'Melveny & Myers, LLP
Promark Technology, Inc.
Richmar Associates Inc.
Salesforce.com, Inc.
Savills Studley, Inc.
Sidley Austin LLP
Van Pelt, Yi & James LLP

**Current and Former Clients of A&M and/or its Affiliates** [1]
Cisco Systems Capital Corporation
Deloitte & Touche
Everbank Commercial Finance, Inc.
Flextronics International USA Inc.
Google Inc.
Insight Venture Partners, LP
Key Equipment Finance
NCR Corp.
Salesforce.com, Inc.
Silverlake Kraftwerk Fund L.P.

**Significant Equity Holders of Current and Former A&M Clients** [2]
Cisco Systems Capital Corporation
Google Inc.
Insight Venture Partners, LP
Lightspeed Venture Partners VII, LP
NCR Corp.
New Enterprise Associates 12, LP
Salesforce.com, Inc.
Silicon Valley Bank
Silverlake Kraftwerk Fund L.P.
Sonsini, Peter
Triplepoint Capital LLC

**Creditors/Noteholders in A&M Engagements** [3]
Key Equipment Finance

**Professionals & Advisors** [4]
Berkeley Research Group LLC
Deloitte & Touche
Houlihan Lokey
McDermott Will & Emery LLP
O'Melveny & Myers LLP
Pachulski Stang Ziehl & Jones
Riemer & Braunstein LLP
Sidley Austin LLP
Wilson Sonsini Goodrich & Rosati

**Board Members** [5]
Giancarlo, Charles
McGuire, Michael

**A&M Vendors** [6]
CDW LLC
Cisco Systems Capital Corporation
Deloitte & Touche
Houlihan Lokey
LinkedIn Corporation
McDermott Will & Emery LLP
O'Melveny & Myers LLP
Pachulski Stang Ziehl & Jones
Salesforce.com, Inc.
Sidley Austin LLP

---

[1] A&M and/ or an affiliate is currently providing or has previously provided certain consulting or interim management services to these parties or their affiliates (or, with respect to those parties that are investment funds or trusts, to their portfolio or asset managers or their affiliates) in wholly unrelated matters.

[2] These parties or their affiliates (or, with respect to those parties that are investment funds or trusts, their portfolio or asset managers or other funds or trusts managed by such managers) are significant equity holders of clients or former clients of A&M or its affiliates in wholly unrelated matters.

[3] A&M is currently advising or has previously advised these parties or their affiliates (or, with respect to those parties that are investment funds or trusts, their portfolio or asset managers or other funds managed by such managers) as noteholders or creditors or various creditors' or noteholders' committees in which these parties or their affiliates were members or which represented the interests of these parties or their affiliates.

[4] These professionals have represented clients in matters where A&M was also an advisor (or provided interim management services) to the same client. In certain cases, these professionals may have engaged A&M on behalf of such client.

[5] These parties or their affiliates are board members of other clients or former clients of A&M or their affiliates in wholly unrelated matters.

[6] These parties or their affiliates provide or have provided products, goods and/or services (including but not limited to legal representation) to A&M and/or its affiliates