**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TINTRI, INC.,[1]<br><br>                       Debtor. | Chapter 11<br><br>Case No. 18-11625 (KJC)<br><br>Related to Docket No. 83<br><br>Objection Deadline: August 3, 2018 at 4:00 p.m.<br>Hearing Date: August 10, 2018 at 10:00 a.m. |

**DECLARATION OF ROBERT J. DUFFY
IN SUPPORT OF APPLICATION PURSUANT TO
SECTION 327(a) OF THE BANKRUPTCY CODE, RULE 2014
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND
LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN
PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL FOR THE DEBTOR
AND DEBTOR IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Robert J. Duffy declares as follows:

1. I am Chief Restructuring Officer of the above-captioned debtor and debtor in possession ("Tintri" or the "Debtor"). I submit this declaration (the "Declaration") in support of the Debtor's *Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date* [Docket No. 83] (the "Application").

2. Except as otherwise noted, all facts in this Declaration are based on my personal knowledge of the matters set forth herein, information gathered from my review of

---

[1] The last four digits of the Debtor's federal taxpayer identification numbers are 6978. The Debtor's service address is: 303 Ravendale Drive, Mountain View, CA 94043.

relevant documents and information supplied to me by other members of the Debtor's management and the Debtor's advisors.

3. Pachulski Stang Ziehl & Jones LLP ("PSZJ") has provided general bankruptcy services to the Debtor since May 22, 2018 in connection with the preparation and filing of this chapter 11 case. In this matter, PSZJ's professionals have worked closely with the Debtor's management and other professionals and, as a result, have become well acquainted with the Debtor's history, business operations, capital and corporate structure and related matters. Accordingly, PSZJ has developed substantial knowledge regarding the Debtor that will result in effective and efficient services during the course of this chapter 11 case.

4. In addition to PSZJ's knowledge of the Debtor, the firm has extensive experience and knowledge in the corporate restructuring field in which they provide representation to the Debtor. Therefore, PSZJ has the necessary resources and experiences to continue to represent the Debtor and their retention would be in the best interests of the Debtor, its estates, and its creditors. After interviewing multiple firms to represent them in connection with this corporate restructuring, the Debtor determined that PSZJ's retention would be in the best interests of the Debtor, its estate, and its creditors.

5. PSZJ has informed the Debtor that its rates are comparable to PSZJ's billing rates for other matters, including for clients not in bankruptcy, and consistent with the firm's standard hourly rates for work of the nature they are providing. However, as a result of the Debtor's negotiations with PSZJ, PSZJ has agreed that PSZJ will continue to bill all attorneys at their normal hourly rate but, in the event the total amount billed exceeds a blended hourly rate of $800 per hour, PSZJ will write off the excess.

2
DOCS_SF:97430.1

6. The Debtor recognizes that it is its responsibility to closely monitor the billing practices of their counsel to ensure that the fees and expenses paid by the estate remain consistent with the Debtor's expectations. Consistent with the Debtor's procedures and policies for reviewing fees of outside counsel, I intend to review the fees in this chapter 11 case. The Debtor will endeavor to communicate regularly with PSZJ to understand the fees and expenses that have been incurred. The procedures for the budgeting, review, and approval of fees and expenses for the continued services provided by PSZJ to the Debtor will remain consistent with the prepetition procedures.

7. For the foregoing reasons, I believe PSZJ should be retained as the Debtor's general bankrutpcy counsel in this chapter 11 case.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 8, 2018

        */s/ Robert J. Duffy*
        Robert J. Duffy