**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TINTRI, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 18-11625 (KJC)<br><br>Related Docket Nos. 84 and _158_ |

**ORDER GRANTING MOTION TO**
**RETAIN BERKELEY RESEARCH GROUP, LLC TO**
**(I) PROVIDE THE DEBTOR A CHIEF RESTRUCTURING**
**OFFICER AND CERTAIN ADDITIONAL PERSONNEL AND**
**(II) DESIGNATE ROBERT J. DUFFY AS CHIEF RESTRUCTURING**
**OFFICER FOR THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the motion (the "Motion")[2] of the Debtor for the entry of an order authorizing the Debtor to retain BRG, pursuant to the terms and conditions of the Engagement Agreement, to provide (i) Robert J. Duffy as CRO of the Debtor and (ii) the services of the Additional Personnel, *nunc pro tunc* to the Petition Date, all as more fully set forth in the Motion; and upon consideration of the Duffy Declaration; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice

---

[1]   The last four digits of the Debtor's federal taxpayer identification numbers are 6978.  The Debtor's service address is: 303 Ravendale Drive, Mountain View, CA 94043.

[2].   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

need be provided; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested by the Motion is in the best interest of the Debtor and its estate and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

1.      The Debtor is authorized, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, to retain and employ BRG in accordance with the terms and conditions set forth in the Motion and the Engagement Agreement, as modified herein, effective *nunc pro tunc* to the Petition Date.

2.      Notwithstanding anything in the Motion or the Engagement Agreement to the contrary:

      a.      BRG shall not act in any other capacity (for example, and without limitation, as an investment banker, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned case.

      b.      In the event the Debtor seeks to have BRG personnel assume executive officer positions that are different than the positions disclosed in the Motion, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new executive officers, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

      c.      BRG shall file with the Court and serve on the Notice Parties a Staffing Report by the last calendar day of each month for the previous month, which shall include the names and time worked by all Additional Personnel assigned to the engagement, summarize the principal functions performed by the Additional Personnel during the month, summarize the hours worked and fee by activity category, identify the total compensation earned, itemize expenses incurred, include the time and expense records

2

(as provided in subparagraph (e) below), and provide for an objection period of 21 days (extended to the next business day if such day is not a business day) from the filing and service of such Staffing Report. The first Staffing Report shall cover the period from the Petition Date until the end of the month following the month in which this Order is entered and shall be submitted within thirty (30) days thereafter. In the event an objection is raised and not consensually resolved between the Debtor and the objecting party, all staffing and compensation set forth in such Staffing Report shall be subject to review by the Court. Upon receipt of any objection, the Debtor shall deduct an amount equal to the amount objected to from the next payment to BRG until such objection is resolved, either consensually or by Court order. The Staffing Report will be subject to review by the Court if requested by any party in interest.

d.      Subject to the requirements of paragraph (c) above, the Debtor is authorized, but not directed, to pay, in the ordinary course of business, all amounts invoiced by BRG for fees and expenses incurred in connection with BRG's retention.

e.      Each Additional Personnel will maintain detailed time entry records identifying activities and issues he or she addressed on a daily basis, grouped to the nearest one-tenth of an hour (0.1 hour) for each activity category each day.

f.      No principal, employee, or independent contractor of BRG and its affiliates shall serve as a director of the Debtor during the pendency of this Case.

g.      For a period of three years after the conclusion of the engagement, neither BRG nor any of its affiliates shall make any investments in the Debtor or the reorganized Debtor.

h.      BRG shall disclose any and all facts that may have a bearing on whether BRG, its affiliates, and/or any individuals working on the engagement have any interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason. The obligation to disclose identified in this subparagraph is a continuing obligation.

i.      BRG shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in this Case.

3

j.      Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee, or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

k.      The Debtor is permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtor's other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtor's applicable directors and officers insurance policy.

l.      Except as set forth in subparagraph (k), there shall be no indemnification of BRG or its affiliates.

3.      During the course of these cases, any limitation of liability provisions in the Engagement Agreement shall have no force or effect.

4.      Notwithstanding anything to the contrary herein, any payment made or to be made, and authorization contained in this Order shall be subject to the requirements imposed on the Debtor under any approved debtor-in-possession financing facility, any order regarding the Debtor's postpetition financing or use of cash collateral, and any budget in connection therewith.

5.      To the extent there is any inconsistency between the terms of the Engagement Agreement, the Motion, and this Order, the terms of this Order shall govern.

6.      The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

4

7.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: August 9, 2018

_____
HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

5