# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TINTRI, INC.,[1] | ) | Case No.: 18-11625 (KJC) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**Deadline for Submitting Bids: August 23, 2018 at 5:00 p.m. (Eastern time)**
**Deadline for Objections to Sale: August 21, 2018 at 4:00 p.m. (Eastern time)**
**Auction Date: August 27, 2018 at 10:00 a.m. (Eastern time)**
**Sale Hearing Date: August 28, 2018 at 1:30 p.m. (Eastern time)**

## NOTICE TO COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES THAT MAY BE ASSUMED AND ASSIGNED

**PLEASE TAKE NOTICE** that on July 10, 2018 (the "Petition Date"), the above-captioned Debtor and Debtor in possession (the "Debtor") filed a voluntary petition for relief under title 11 of the United States Code (the "Bankruptcy Code").

**PLEASE TAKE FURTHER NOTICE** that on July 18, 2018, the above-captioned Debtor and Debtor in possession (the "Debtor") filed the *Motion for Entry of an Order (I)(A) Authorizing Entry into the Asset Purchase Agreement with Respect to the Sale of Substantially all of the Debtor's Assets; (B) Approving Bid Procedures for the Sale of Substantially All of the Assets of Debtor; (C) Scheduling an Auction and Hearing to Consider the Sale and Approve the Form and Manner of Notice Related Thereto; (D) Establishing Procedures Relating to the Assumption and Assignment of Certain Contracts and Leases, Including Notice of Proposed Cure Amounts; (E) Approving Certain Breakup Fee and Expense Reimbursement Provisions; (II) Authorizing and Approving (A) the Sale of Certain Assets Free and Clear of All Liens, Claims and Encumbrances, Claims, Encumbrances and Interests and (B) the Assumption*

---

[1] The Debtor and the last four digits of its taxpayer identification numbers are (6978): The headquarters and service address for the above-captioned Debtor is 303 Ravendale Dr., Mountain View, CA 94043.

*and Assignment of Certain Contracts and Leases; and (III) Granting Related Relief* (the "Motion").[2] On August 1, 2018, the Court entered an order (the "Bid Procedures Order") granting the Motion in part and approving the bid procedures annexed hereto (the "Bid Procedures") to be used in connection with the auction (the "Auction") of the Debtor's assets described in the Motion (the "Assets") pursuant to the asset purchase agreement annexed as **Exhibit C** to the Motion (the "Purchase Agreement"). Pursuant to the Motion, the Debtor seeks, *inter alia*, the Bankruptcy Court's approval of the sale of substantially all of its assets (the "Assets") to TI Acquisition Corp., a wholly-owned subsidiary of DataDirect Networks, Inc. (the "Stalking Horse Purchaser"), or to the other successful purchaser(s) (the "Successful Bidder") of the Assets at an auction, free and clear of liens, claims, encumbrances and other interests.

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Motion has been set for **August 28, 2018 at 1:30 p.m. (Eastern Time)** before the Honorable Kevin J. Carey, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom No. 5, Wilmington, Delaware 19801.

**PLEASE TAKE FURTHER NOTICE** that you are a party to an executory contract(s) or unexpired lease(s) that has been designated for assumption by the Debtor and assignment to the Stalking Horse Purchaser, or alternatively, to the Successful Bidder (each an "Assumed Executory Contract"). A list of the Assumed Executory Contracts is set forth on **Exhibit A** hereto, along with the amount that must be paid to cure any defaults existing under such executory contracts (the "Cure Amount"), based upon the Debtor's books and records,

---

[2] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Motion.

which the Debtor asserts is owed to cure any defaults existing under the Assumed Executory Contract as of the Petition Date.[3]

**PLEASE TAKE FURTHER NOTICE** that a Successful Bidder, as applicable, may subsequently elect to exclude any agreement or agreements from the list of Assumed Executory Contracts at any time prior to the closing of the sale of the Assets, including the potential exclusion of the Assumed Executory Contract listed on **Exhibit A** hereto. Cure Amounts, if any, shall only be paid with respect to Assumed Executory Contracts that are actually assumed pursuant to the closing of the sale of the assets in accordance with the Purchase Agreement, or the purchase agreement of the Successful Bidder. In the event that a Successful Bidder elects to exclude any Assumed Executory Contracts, the affected counterparties will be separately notified of any such election.

**PLEASE TAKE FURTHER NOTICE** that if you disagree with the Cure Amount shown for the Assumed Executory Contract on **Exhibit A**, or if you object to the assumption and assignment of your Assumed Executory Contract on any grounds, you must file an objection in writing with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801, on or before **August 21, 2018, at 4:00 p.m. (Eastern Time)**. In addition, any objection must set forth the specific default or defaults alleged, set forth any such other ground for objection, and set forth any Cure Amount as alleged by you, including such documentation and records as supports your asserted cure amount.

**PLEASE TAKE FURTHER NOTICE** that any objection to any of the relief to be requested at the Sale Hearing must be in writing, state the basis of such objection with specificity, and shall be filed with the Court, with a courtesy copy to Chambers, and shall be

---

[3] Your receipt of this notice does not constitute an admission by the Debtor that your agreement actually constitutes an executory contract or unexpired lease under section 365 of the Bankruptcy Code, and the Debtor expressly reserve the right to challenge the status of any agreement.

served on: (i) counsel to the Debtor and Debtor-in-Possession, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), (Attn: John D. Fiero, Esq. and Colin R. Robinson, Esq.); Email: jfiero@pszjlaw.com, crobinson@pszjlaw.com ; (ii) counsel to the Official Committee of Unsecured Creditors, Womble Bond Dickinson (US) LLP, 222 Delaware Avenue, Suite 1501, Wilmington, DE 19801, (Attn: Matthew P. Ward, Esq. and Ericka F. Johnson, Esq.), Email: matthew.ward@wbd-us.com, ericka.johnson@wbd-us.com; (iii) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801, Attn: Timothy J. Fox, Jr.; and (iv) counsel to SVB, (a) Riemer & Braunstein LLP, Times Square Tower, Seven Times Square, Suite 2506, New York, NY 10036 (Attn: Steven E. Fox, Esq.), Email: sfox@riemerlaw.com, and (b) Ashby & Geddes, 500 Delaware Avenue, P.O. Box 1150, Wilmington, DE 19899 (Attn: Gregory A. Taylor, Esq.), Email: GTaylor@ashbygeddes.com; (v) counsel to TriplePoint Capital LLC, Debtor's debtor in possession lender, (a) McDermott Will & Emery, 340 Madison Avenue, New York, NY 10173 (Attn: Riley T. Orloff, Esq.), Email: rorloff@mwe.com, (b) McDermott Will & Emery, 2049 Century Park East, Suite 3800, Los Angeles, CA 90067 (Attn: Gary B. Rosenbaum, Esq.), Email: grosenbaum@mwe.com, and (c) Polsinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, DE 19801 (Attn: Stephen J. Astringer, Esq.), Email: sastringer@polsinelli.com; and (vi) counsel to the Stalking Horse Purchaser: Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, (Attn: John H. Knight, Esq.), Email: Knight@rlf.com and Manatt, Phelps & Phillips, LLP, 11355 W. Olympic Blvd, Los Angeles, CA 90064 (Attn: Blase Dillingham, Esq.), Email: bdillingham@manatt.com, so as to be received by **August 21, 2018, at 4:00 p.m. (Eastern Time)**.

PLEASE TAKE FURTHER NOTICE THAT IF YOU DO NOT TIMELY FILE AND SERVE AN OBJECTION OR OBJECTIONS AS STATED ABOVE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE. ANY NON-DEBTOR PARTY TO ANY ASSUMED EXECUTORY CONTRACT WHO DOES NOT FILE A TIMELY OBJECTION TO THE CURE AMOUNTS FOR SUCH ASSUMED EXECUTORY CONTRACT IS DEEMED TO HAVE CONSENTED TO SUCH CURE AMOUNTS, AND ANY NON-DEBTOR PARTY TO ANY ASSUMED CONTRACT WHO DOES NOT FILE A TIMELY OBJECTION ON OTHER GROUNDS IS DEEMED TO HAVE CONSENTED TO SUCH ASSIGNMENT AND ASSUMPTION.

Dated: August 17, 2018  PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
John D. Fiero (CA Bar No. 136557)
Henry C. Kevane (CA Bar No. 125757)
John W. Lucas (CA Bar No. 271038)
Colin R. Robinson (DE Bar No. 5524)
919 N. Market Street, 17th Floor
Wilmington, DE 91899
Tel: (302) 652-4100
Fax: (302) 652-4400
E-mail: jfiero@pszjlaw.com
 hkevane@pszjlaw.com
 jlucas@pszjlaw.com
 crobinson@pszjlaw.com

Attorneys for Debtor and Debtor in Possession