IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TINTRI, INC.,<br><br>            Debtor. | Chapter 11<br><br>Case No. 18-11625 (KJC)<br><br>**Related to Docket No. 122**<br>**Objection Deadline: August 21, 2018 at 4:00 p.m. (ET)** |

## OBJECTION OF BXP RESEARCH PARK LP TO
## DEBTOR'S PROPOSED CURE AMOUNT AND RESERVATION OF RIGHTS

BXP Research Park LP (the "Landlord") hereby objects (the "Cure Objection") to the cure amount proposed by the above-captioned debtor (the "Debtor") in the *Notice to Counterparties to Executory Contracts and Unexpired Leases that May be Assumed and Assigned* [Docket No. 122] (the "Cure Notice"). In further support of this Cure Objection, the Landlord states as follows:

### THE LEASE

1. The Landlord and Debtor, as tenant, are parties to that certain Office Lease dated February 13, 2013 (as amended from time to time, the "Lease"), for the Debtor's office space located at 201 Ravendale Drive, Mountain View California 94043 (as described in more detail in the Lease, the "Premises"). Debtor also leased space at 205 Ravendale Drive, but the parties terminated Debtor's possession of that space effective on February 23, 2018 under the Second Amendment to Lease dated February 15, 2018 (the "205 Premises").

2. Exhibit A-3 to the Cure Notice identifies the Lease and designates the "Cure" as $0.00. It is not zero.

## CURE OBJECTION

3. The actual arrearages currently owed under the Lease are no less than $81,097.08 (the "Cure Claim"). See Exhibit A for further detail.

4. In addition, under Article 4 of the Lease, Debtor is responsible for paying Additional Rent including its share of Building Direct Expenses, Building Operating Expenses, Building Tax Expenses, and any additional Direct Expenses (all as defined in the Lease). In addition to paying the estimated amount of Additional Rent in monthly installments, Debtor is responsible for paying annual reconciliations to the extent the actual expenses and taxes exceed the estimated amount paid. The reconciliation for this calendar year will not be completed until the first quarter of 2019. Accordingly, if the Lease were to be assumed or assumed and assigned, any order approving the same should expressly provide that the Debtor or its assignee shall be liable to pay all costs and expenses that are billed or become due under the Lease after the effective date of any assumption or assignment, including, without limitation, any reconciliations of amounts due under the Lease as Additional Rent, without regard to whether such costs or expenses are attributable to the period prior to the effective date of an assumption or assignment.

5. Furthermore, the Landlord is entitled to be reimbursed for its actual pecuniary losses, including, but not limited to, attorneys' fees and costs incurred in connection with the Debtor's defaults and chapter 11 case. *See In re Westworld Cmty. Healthcare, Inc.,* 95 B.R. 730, 733 (Bankr. C.D. Cal. 1989) ("attorneys' fees constitute a pecuniary loss resulting from debtors (sic) default pursuant to 11 U.S.C. § 365(b)(1)(B), and such fees must be recompensed by the debtor before it may assume its lease"); *In re Child World, Inc.,* 161 B.R. 349, 353 (Bankr. S.D.N.Y. 1993) ("section 365(b)(1)(B) allows for such recovery if based upon the existence of a

separate agreement between the parties"); *In re F & N Acquisition Corp.,* 152 B.R. 304, 308 (Bankr. W.D. Wash. 1993) (collecting cases).

6. As of August 17, 2018, post-petition attorneys' fees and costs incurred in connection with the case were no less than $4,000.00. The Landlord is entitled to reimbursement of any additional reasonable attorneys' fees and costs incurred in connection with this case after August 17, 2018.

7. Additionally, Article 10 of the Lease provides the Landlord with rights of indemnification as against the Debtor. Any order approving the assumption or assumption and assignment of the Lease should provide that the Debtor (if assumed) or its assignee (if assigned) remains responsible for the indemnification obligations thereunder, including for claims or losses that arise prior to the effective date of any Lease assumption or assignment.

## RESERVATION OF RIGHTS

8. The Landlord reserves the right to supplement this Cure Objection with additional charges, obligations and costs that may arise under the Lease prior to the effective date of any assumption of the Lease. Nothing herein shall be interpreted as a consent by the Landlord to the assumption or assignment of the Lease and all objections and defenses to any request by Debtor to assume or assume and assign the Lease are expressly preserved.

9. Although the Debtor identified the Stalking Horse in its Sale Motion, it remains to be determined whether that entity will be the successful purchaser. Nor has the Debtor provided any adequate assurance information to the Landlord with respect to the Stalking Horse bidder or any other bidder. The burden is on the Debtor to produce this information and demonstrate adequate assurance of future performance. Accordingly, the Landlord reserves its right to object at the hearing to the assumption and/or assignment of the Lease on the grounds that Debtor,

together with any assignee, have failed to satisfy the adequate assurance and other assumption and assignment requirements set forth in section 365 of the Bankruptcy Code.

WHEREFORE, the Landlord respectfully requests that the Court enter an order (i) allowing the Cure Claim in the amount of $81,097.08 and directing that such Cure Claim be paid promptly after the Lease is assumed or assumed and assigned, (ii) requiring that the Debtor or assignee be liable for any and all accrued, but unbilled, charges, reconciliations and other obligations under the Lease, as and when they are billed and whether or not they relate to a period of time prior to any assumption or assignment of the Lease, (iii) directing that Debtor reimburse Landlord for pecuniary losses in the form of attorney's fees and costs in an amount not less than $4,000, (iv) order that the Debtor (if the Lease is assumed but not assigned) or the assignee (if the Lease is assigned) remain liable for the indemnity obligations under the Lease regardless of when an indemnity claim might have arisen, and (v) granting to the Landlord such other and further relief as the Court deems just and proper.

Dated: August 21, 2018

*/s/ Karen C. Bifferato*
Karen C. Bifferato, Esq.
Connolly Gallagher LLP
1000 West Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 757-7300
Email: kbifferato@connollygallagher.com

-and-

Douglas B. Rosner, Esq.
Goulston & Storrs PC
400 Atlantic Avenue
Boston, Massachusetts 02110
Telephone: (617) 482-1776
Email: drosner@goulstonstorrs.com

*Counsel to the Landlord*

# EXHIBIT A

# CURE CLAIM

| Inv Date | Due Date | Bill Code | Description | Open Amount | Comments |
|---|---|---|---|---|---|
| 7/1/2018 | 7/1/2018 | OPER | Operating Costs | $54,382.23 | Debtor paid only $4,117.77 of the July Operating Costs. Cure Claim includes the balance due |
| 7/17/2018 | 8/1/2018 | LATE | July Late Fee | $11,239.00 | Lease provides for 6% late fee |
| 6/25/18 | 7/25/18 | AROR | 1/1/18-2/22/18 Building Fire Maintenance | $15,475.85 | Prorated to reflect termination of 205 Ravendale space on Feb. 23, 2018 |