# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>TINTRI, INC.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 18-11625 (KJC)<br><br>Re: Docket No. 173 |

## LIMITED OBJECTION TO THE POSSIBLE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND RESERVATION OF RIGHTS OF CISCO SYSTEMS CAPITAL CORPORATION

   Cisco Systems Capital Corporation ("Cisco Capital") by and through its undersigned counsel, hereby files its limited objection and reservation of rights (the "Limited Objection") to the proposed assumption and assignment by Tintri, Inc. (the "Debtor") of the Cisco Capital Lease (as hereinafter defined)[1] pursuant to the pending Sale Motion (as hereinafter defined) seeking, in pertinent part, entry of an order that approves the assumption and assignment of certain executory contracts and unexpired leases identified in the *Notice to Counterparties to Executory Contracts and Unexpired Leases that May be Assumed and Assigned* [ECF 173] (the "Cure Notice") including an executory contract to which Cisco Capital is the identified counterparty.

   Cisco Capital does not object to assumption of the Cisco Capital Lease *per se* provided the order (the "Assumption Order") approving the assumption and assignment of the Cisco Capital Lease specifically includes the following relief:

   (A)  Findings of fact and conclusions of law to the effect that: (1) the *Lease Agreement dated 11/10/16* identified on the Cure Notice as an executory contract that may be assumed and assigned by the Debtor pursuant to the pending Sale Motion is the same

---

[1] Capitalized terms used in this Limited Objection, but which are not defined herein, shall have the meanings ascribed to them in the Smith Declaration filed concurrently herewith unless otherwise specifically stated herein.

executory contract identified by Cisco Capital as the Cisco Capital Lease;[2] (2) Cisco Capital has leased the Equipment to, and provided the Services and the Soft Costs Items to, the Debtors; (3) the Debtor has used the Equipment and accepted the Soft Costs; (4) pursuant to the Cisco Capital Lease, the following amounts are due and owing by Debtors, but are unpaid, as of August 20, 2018: (a) not less than **$29,216.60**, which includes (i) $16,728.86 for amounts due as of the Petition Date, and (ii) $12,487.74 for accrued amounts due and owing for the period from and after the Petition Date through August 1, 2018, and (b) all additional amounts due and owing pursuant to the Cisco Capital Contract that accrue from and after September 1, 2018 through the date the assumption of such contract is effective (collectively, the "Cisco Capital Cure Amount"); and (5) from and after September 1, 2018 through the expiration of the Cisco Capital Lease, additional amounts will accrue and become due and owing pursuant to the Cisco Capital Lease in an amount not less than $116,866.40 (collectively, the "Future Rents").

(B)  Requires the Debtors to pay to Cisco Capital the aggregate Cisco Capital Cure Amount as a condition of the assumption and assignment of the Cisco Capital Contract pursuant to the pending Sale Motion and/or 11 U.S.C. §365;

(C)  Requires the Debtors submit competent evidence demonstrating adequate assurance of the ability to be able and willing to fully perform all terms and conditions of the Cisco Capital Lease including, without limitation, the ability and willingness to pay not less than $116,866.40 (*i.e.,* the Future Rents) that will accrue from and after September 1, 2018 through the expiration of the Cisco Capital Lease (except to the extent any of the Future Rents accrue prior to the assumption date and are paid as part of the Cisco Capital Cure Amount.)

(D)  Approves the Reservation of Rights (as set forth hereinafter); and

(E)  Grants such other relief as may be appropriate and just.

---

[2] For a description of the specific agreements and orders being assumed, *see* ¶¶ 7 and 8 of the Smith Declaration filed concurrently herewith.

The Limited Objection is based on the matters set forth herein, the *Declaration of Tammy Smith in Support of the Limited Objection to the Possible Assumption and Assignment of Executory Contracts and Unexpired Leases and Reservation of Rights of Cisco Systems Capital Corporation* (the "Smith Declaration") filed in support hereof, the files and the records in this case, and such other and further evidence as may be submitted at or before the trial on this matter.

Cisco Capital requests that the Court take judicial notice of the pleadings filed in this case and the facts set forth in the Court's orders, findings of fact and conclusions of law pursuant to Rule 201 of the Federal Rules of Evidence (as incorporated by Rule 9017 of the Federal Rules of Bankruptcy Procedure).

## BACKGROUND

1. Cisco Capital is a wholly-owned subsidiary of Cisco Systems, Inc. ("Cisco Systems") and, among other activities, Cisco Capital enters into agreements to lease equipment (the "Equipment")[3] and software (the "Software") to third parties, and/or to provide financing with respect to Equipment, Software and services ("Services") leased and/or purchased by customers and channel partner resellers of Cisco Systems, Inc. *See Smith Declaration* at ¶2.

2. On November 21, 2016, Cisco Capital (as lessor) and Tintri, Inc. (as lessee) entered into the *Agreement to Lease Equipment No. 11304-MM002-0* (the "Cisco Capital Lease"). *See Smith Declaration* at ¶7.

3. Pursuant to the Cisco Capital Lease, Cisco Capital agreed to lease the Equipment to the Debtor, and/or to extend financing for license fees with respect to the Software, maintenance fees and other fees for Services, taxes and other one-time charges or related expenses (together with the Software and Services, collectively, the "Soft Cost

---

[3] Capitalized terms used in this Declaration, but which are not defined herein, shall have the meanings ascribed to them in the Limited Objection filed concurrently herewith.

Items"), and the Debtor agreed to lease the Equipment and pay the monthly amount due pursuant to the Cisco Capital Lease with respect to the Equipment and the Soft Cost Items. *See Smith Declaration* at ¶8.

4.  On December 19, 2016, the Debtor executed the *Certificate of Acceptance* and thereby acknowledged and agreed that, as of that date, (A) the Equipment and Software subject to the Cisco Capital Lease had been (i) delivered to the Debtor, (ii) inspected by the Debtor and found to be in good order and condition for the purpose for which it was intended and, (iii) was accepted irrevocably by the Lessee and, further, (B) the Soft Cost Items subject to the Cisco Capital Lease had been (i) received or incurred (as applicable) by the Debtor and (ii) irrevocably accepted by the Debtor. *See* the *Smith Declaration* at ¶9.

## BANKRUPTCY CASE

5.  On July 10, 2018 (the "Petition Date"), the Debtor filed its voluntary petition in the above-captioned Court seeking relief under Chapter 11 of title 11 of the United States Code. *See Smith Declaration* at ¶10.

6.  On July 18, 2018, the Debtor filed a motion to approve bidding procedures and sale procedures for the sale of substantially all of its assets (the "Sale Motion").[4] On August 1, 2018, the Court entered its Order approving the bidding procedures requested in the Sale Motion (the "Bidding Procedures Order").[5] The Bidding Procedures Order provides, among other things, procedures for assumption and assignment of unexpired leases

---

[4] See, *Motion for Entry of an Order (I)(A) Authorizing Entry into the Asset Purchase Agreement with Respect to the Sale of Substantially all of the Debtor's Assets; (B) Approving Bid Procedures for the Sale of Substantially All of the Assets of Debtor; (C) Scheduling an Auction and Hearing to Consider the Sale and Approve the Form and Manner of Notice Related Thereto; (D) Establishing Procedures Relating to the Assumption and Assignment of Certain Contracts and Leases, Including Notice of Proposed Cure Amounts; (E) Approving Certain Breakup Fee and Expense Reimbursement Provisions; (II) Authorizing and Approving (A) the Sale of Certain Assets Free and Clear of All Liens, Claims and Encumbrances, Claims, Encumbrances and Interests and (B) the Assumption and Assignment of Certain Contracts and Leases; and (III) Granting Related Relief (the "Sale Motion")* [ECF 71].

[5] See, *Order (I)(A) Authorizing Entry into the Asset Purchase Agreement with Respect to the Sale of Substantially all of the Debtor's Assets; (B) Approving Bid Procedures for the Sale of Substantially All of the Assets of Debtor; (C) Scheduling an Auction and Hearing to Consider the Sale and Approve the Form and Manner of Notice Related Thereto; (D) Establishing Procedures Relating to the Assumption and Assignment of Certain Contracts and Leases, Including Notice of Proposed Cure Amounts; (E) Approving Certain Breakup Fee and Expense Reimbursement Provisions; and (F) Granting Related Relief* (the "Bidding Procedures Order") [ECF 113].

and executory contracts by the Debtor. *See Smith Declaration* at ¶11.

7. On August 17, 2018, pursuant to the Bidding Procedures, the Debtors filed the Cure Notice stating, in pertinent part, that (a) Cisco Capital is the counterparty to that certain executory contract identified as the "Lease Agreement dated 11/10/16", (b) such agreement is an executory contract that may be assumed and assigned pursuant to the pending Sale Motion, and (c) the monetary default that must be cured with respect to such contract is $0.00. *See Smith Declaration* at ¶12.

## THE CURE AMOUNT

8. Based on its books and records pertinent to the Debtor's account, Cisco Capital contends that (a) the Debtor has failed to pay all amounts due and owing pursuant to the Cisco Capital Lease, and (b) more specifically, as of August 20, 2018 the aggregate amount of $**29,216.60** (the "Cisco Capital Cure Amount") remains due and owing, but unpaid, by the Debtor pursuant to the Cisco Capital Lease, and such amount includes (1) $16,728.86 for amounts due as of the Petition Date, and (2) $12,487.74 for accrued amounts due and owing for the period from and after the Petition Date through August 1, 2018. A summary of the Cure Amount is set forth below:

| Invoice No. | Invoice Due Date | Total Outstanding (USD) | Pre-petition | Post-petition Accrued | Future Billing |
|---|---|---|---|---|---|
| 256602 | 1-May-18 | $7,304.15 | $7,304.15 | | |
| 274026 | 1-Jun-18 | $7,304.15 | $7,304.15 | | |
| 297204 | 1-Jul-18 | $7,304.15 | $2,120.56 | $5,183.59 | |
| 308066 | 1-Aug-18 | $7,304.15 | | $7,304.15 | |
| 323948 | 1-Sep-18 | $7,304.15 | | | $7,304.15 |
| TBD | 1-Oct-18 | $7,304.15 | | | $7,304.15 |
| TBD | 1-Nov-18 | $7,304.15 | | | $7,304.15 |
| TBD | 1-Dec-18 | $7,304.15 | | | $7,304.15 |

5

| | | | | | |
|---|---|---|---|---|---|
| TBD | 1-Jan-19 | $7,304.15 | | | $7,304.15 |
| TBD | 1-Feb-19 | $7,304.15 | | | $7,304.15 |
| TBD | 1-Mar-19 | $7,304.15 | | | $7,304.15 |
| TBD | 1-Apr-19 | $7,304.15 | | | $7,304.15 |
| TBD | 1-May-19 | $7,304.15 | | | $7,304.15 |
| TBD | 1-Jun-19 | $7,304.15 | | | $7,304.15 |
| TBD | 1-Jul-19 | $7,304.15 | | | $7,304.15 |
| TBD | 1-Aug-19 | $7,304.15 | | | $7,304.15 |
| TBD | 1-Sep-19 | $7,304.15 | | | $7,304.15 |
| TBD | 1-Oct-19 | $7,304.15 | | | $7,304.15 |
| TBD | 1-Nov-19 | $7,304.15 | | | $7,304.15 |
| TBD | 1-Dec-19 | $7,304.15 | | | $7,304.15 |
| **TOTAL** | | **$146,083.00** | **$16,728.86** | **$12,487.74** | $116,866.40 |

*See Smith Declaration* at ¶13.

9. Further, from and after September 1, 2018 through the expiration of the Cisco Capital Lease, additional amounts will accrue and become due and owing pursuant to the Cisco Capital Lease in an amount not less than $116,866.40 (collectively, the "Future Rents"). *See Smith Declaration* at ¶14.

## GROUNDS FOR THE RELIEF REQUESTED

## All Defaults Under an Assumed Contract Must Be Cured

10. Pursuant to the U.S. Bankruptcy Code, a debtor in possession (or trustee) is prohibited from assuming an executory contract or unexpired leases unless it cures all monetary defaults in full – including all monetary defaults that arise both pre-petition and post-petition. *See* 11 U.S.C. §365(b)(1)(A); *In re Kiwi Intern. Air Lines, Inc.*, 344 F.3d 311, 318 (3d Cir. 2003) ("Once an assumption order is entered, the creditor must perform in accordance with the terms of the assumed agreements. . . In other words, the debtor must
6

21380614v.1

cure all defaults, assure future performance, and make the other contracting party whole before it may be permitted to assume the agreement."); *In re Columbia Gas System Inc.,* 50 F.3d 233, 238–39 (3d Cir.1995) ("the Bankruptcy Code provides that the cost of performing the debtor's obligations is an administrative expense of the estate. . . ."); *accord, Stoltz v. Brattleboro Housing Authority,* 315 F.3d 80, 94 (2d Cir. 2002). "The other party to the contract or lease that the [debtor in possession or] trustee proposes to assume is entitled to insist that any defaults, whenever they may have occurred, be cured, that appropriate compensation be provided, and that, a past default having occurred, adequate assurance of future performance is available." 3 COLLIER ON BANKRUPTCY § 365.05[2] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2008). These conditions "protect[t] the creditor's pecuniary interests before requiring a creditor to continue a contractual relationship with a debtor." *Stoltz, supra.*

11. The evidence adduced by Cisco Capital establishes that, as of August 1, 2018, the Cisco Capital Cure Amount is (A) not less than **US$ 29,216.60** is due and owing, but unpaid, pursuant to the Cisco Capital Lease and (B) all additional amounts which accrue pursuant to the Cisco Capital Contract, from and after September 1, 2018 through the effective date of the assumption of the Cisco Capital Contract. Accordingly, as a condition of assumption of the Cisco Capital Contract pursuant to 11 U.S.C. §365(b)(1)(A), the Debtor must pay the, above-described aggregate Cisco Capital Cure Amount, that is due and owing, but unpaid, as of the date assumption of the, Cisco Capital Contract is effective.

### Assignment of the Executory Contract and Unexpired Lease

12. The Bankruptcy Code permits assignment of an unexpired executory contract or unexpired lease only if (A) the debtor in possession or trustee assumes the contract or lease in accordance with 11 U.S.C. §365(b)(1) and (B) the assignee provides adequate assurance of future performance of such contract or lease, whether or not there has been a default in such contract or lease. *See* 11 U.S.C. §365(f)(1), (2)(A) and (B); *In re Fleming*

7

*Companies, Inc.*, 499 F.3d 300, 305 (3d Cir. 2007) (assignment denied where the prospective assignee cannot perform a material and significant term of the agreement). *Accord, In re Kiwi Int'l Air Lines, Inc.,* 344 F.3d 311, 318 (3rd Cir. 2003); *Cinicola v. Scharffenberger*, 248 F.3d 110, 120 (3d Cir. 2001); *In re Joshua Slocum Limited*, 922 F.2d 1081, 1091 (3rd Cir. 1990).

13. Determining whether an assignee has provided adequate assurance of its ability to perform the contract in the future "must be determined by consideration of the facts of the proposed assumption." *In re Fleming Companies, Inc.*, 499 F.3d at 307 *quoting Cinicola,* 248 F.3d at 120 n. 10. "Adequate assurance of future performance' are not words of art; the legislative history of the [Bankruptcy] Code shows that they were intended to be given a practical, pragmatic construction...." *Id.*

14. Adequate assurance of future performance has to be provided before an assignment may be authorized even if the executory contract at issue is not in default (*e.g.*, a monetary default has been cured as a condition of assumption pursuant to 11 U.S.C. §365(b)(1)). *See In re Fleming Companies, Inc.*, 499 F.3d at 305; In *re Joshua Slocum Limited*, 922 F.2d at 1091.

15. Additionally, the non-debtor counterparty to the executory contract that may be assumed and assigned is entitled to notice of the identity of the actual assignee and to demand adequate assurance of future performance by that specific assignee. *In re Golden Books Family Entertainment, Inc.*, 269 B.R. 300 (Bankr. D. Del. 2001).

16. From and after September 1, 2018 through the expiration of the Cisco Capital Lease, additional amounts will accrue and become due and owing pursuant to the Cisco Capital Lease in an amount not less than $116,866.40. *See Smith Declaration* at ¶14. Prior to assignment of the Cisco Capital Lease, then, the Debtor must provide evidence providing assurance of its ability to perform all terms of the Cisco Capital Lease including, without limitation, the Future Rents of not less than $116,866.40.

**RESERVATION OF RIGHTS**

17. Cisco Capital does not object to assumption of the Cisco Capital Lease *provided the* Assumption Order includes the relief requested below (including, without limitation, payment of the Cisco Capital Cure Amount).

18. However, with respect to any and all other executory contracts and/or unexpired leases to which it is a counterparty (individually, an "Excluded Contract") and, collectively, the "Excluded Contracts") other than the Cisco Capital Lease, Cisco Capital hereby expressly reserves (the "Reservation of Rights") all rights, interests, claims, counterclaims, rights of setoff and recoupment and/or defenses pertaining to any or all Excluded Contracts including, without limitation, (a) the right to object to the assumption and/or assignment by the Debtors of any such Excluded Contract, (b) the right to payment of all monetary defaults that exist with respect to each such Excluded Contract, and/or (c) the right to have the assignment of any such Excluded Contract specifically conditioned on the Court finding, based on competent evidence, that the actual, proposed assignee of such contract is capable of performing all terms and conditions of such Excluded Contract including, without limitation, payment of all amounts that will come due and owing subsequent to any such assignment.

WHEREFORE, if the Court determines to approve assumption of the Cisco Capital Lease, Cisco Capital requests that the Assumption Order include the following specific relief:

(A) Findings of fact and conclusions of law to the effect that: (1) the *Lease Agreement dated 11/10/16* identified on the Cure Notice as an executory contract that may be assumed and assigned by the Debtor pursuant to the pending Sale Motion is the same executory contract identified by Cisco Capital as the Cisco Capital Lease; (2) Cisco Capital has leased the Equipment to, and provided the Services and the Soft Costs Items to, the Debtors; (3) the Debtor has used the Equipment and accepted the Soft Costs; (4) pursuant to the Cisco Capital Lease, the following amounts are due and owing by Debtors, but are unpaid, as of August 20, 2018: (a) not less than **$29,216.60**, which includes (i) $16,728.86 for amounts due as of the Petition Date, and (ii) $12,487.74 for accrued amounts due and owing

for the period from and after the Petition Date through August 1, 2018, and (b) all additional amounts due and owing pursuant to the Cisco Capital Contract that accrue from and after September 1, 2018 through the date the assumption of such contract is effective; and (5) from and after September 1, 2018 through the expiration of the Cisco Capital Lease, not less than $116,866.40 will accrue and become due and owing pursuant to the Cisco Capital Lease;

(B) Requires the Debtors to pay to Cisco Capital the aggregate Cisco Capital Cure Amount as a condition of the assumption and assignment of the Cisco Capital Contract pursuant to the pending Sale Motion and/or 11 U.S.C. §365;

(C) Requires the Debtors submit competent evidence demonstrating adequate assurance of its ability and willingness to fully perform all terms and conditions of the Cisco Capital Lease including, without limitation, the ability to pay not less than $116,866.40 that will accrue from and after September 1, 2018 through the expiration of the Cisco Capital Lease (except to the extent any of the Future Rents accrue prior to the assumption date and are paid as part of the Cisco Capital Cure Amount);

(D) Approves the Reservation of Rights; and

(E) Grants such other relief as may be appropriate and just.

Dated: August 21, 2018 WHITE AND WILLIAMS LLP

By: /s/ Marc S. Casarino
Marc S. Casarino (#3613)
600 N. King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 467-4520
Fax: (302) 467-4550
Email: casarinom@whiteandwilliams.com

and

Thomas M. Gaa, Esq.
BIALSON, BERGEN & SCHWAB,
A Professional Corporation
633 Menlo Avenue, Suite 100
Menlo Park, CA 94025
Telephone: (650) 857-9500
Fax: (650) 494-2738
Email: Tgaa@bbslaw.com

*Attorneys for Cisco Systems Capital Corporation*