# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TINTRI, INC.,<br><br>               Debtor.[1] | Chapter 11<br><br>Case No. 18-11625 (KJC)<br><br>Related to Docket No. 122<br><br>Objection Deadline: August 21, 2018 at 4:00 p.m.<br>Hearing Date: August 28, 2018 at 1:30 p.m. |

## 303 MVRP LLC'S OBJECTION AND RESERVATIONS OF RIGHTS TO THE NOTICE TO COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES THAT MAY BE ASSUMED AND ASSIGNED

303 MVRP LLC ("Landlord"), by and through its undersigned counsel, files this *Objection and Reservations of Rights* (the "Objection") to the *Notice to Counterparties to Executory Contracts and Unexpired Leases that May Be Assumed and Assigned* [Docket No. 122] (the "Cure Notice"), and in support thereof, respectfully states as follows:

## BACKGROUND

1. On July 10, 2018 (the "Petition Date"), the above-captioned debtor (the "Debtor") filed voluntary petition pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Since the Petition Date, Debtor has continued to manage its properties and operate its businesses as a debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

2. Landlord is the lessor, and Debtor is lessee, under a certain lease dated March 28, 2014, as amended from time to time (the "Lease"), for certain non-residential real property commonly known as 301-311 Ravendale Drive, Mountain View, California (the "Premises").

3. On August 1, 2018, this Court entered that certain *Order (A) Authorizing Entry into an Asset Purchase Agreement with Respect to the Sale of Substantially all of the Debtor's*

---

[1] The Debtor and the last four digits of its taxpayer identification numbers are (6978): The headquarters and service address for the above-captioned Debtor is 303 Ravendale Dr., Mountain View, CA 94043.

*Assets; (B) Approving Bid Procedures for the Sale of Substantially All of the Debtor's Assets; (C) Scheduling an Auction and Hearing to Consider the Sale and Approve the Form and Manner of Notice Related Thereto; (D) Establishing Procedures Relating to the Assumption and Assignment of Certain Contracts and Leases, Including Notice of Proposed Cure Amounts; (E) Approving Certain Breakup Fee and Expense Reimbursement Provisions; and (F) Granting Other Related Relief* [Docket No. 113] (the "Sale Procedures Order"). The Sale Procedures Order approved, among other things, procedures for the assumption and assignment of Debtors' executory contracts and unexpired leases to the successful bidder(s) for Debtor's assets.

4. On August 3, 2018, and in conjunction with the Sale Procedures Order, the Debtors filed and served the Cure Notice. Pursuant to the Cure Notice, Debtor asserts that the applicable cure amount with respect to the Lease is $0.00 for the Premises (the "Proposed Cure Amount"). As set forth below, Landlord disputes the Proposed Cure Amount.

## OBJECTION

5. Landlord does not object to the proposed assumption and assignment of the Lease **provided that**: (i) as a condition to any assignment, all of the cure costs set forth herein are paid to Landlord; and (ii) Landlord receives adequate assurance of future performance of the assignee as required by law, including, without limitation, that all obligations of the tenant accruing under the Lease shall remain in full force and effect following such assignment of the Lease; and (iii) the assignee satisfies the financial requirements set forth in Section 15 of the Lease for such assignment to occur.

A.  **Objection to Proposed Cure Amount**

6. Section 365 of the Bankruptcy Code provides in pertinent part:

> "(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contractor lease the trustee –
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . ."

11 U.S.C. § 365(b)(1)(A).

7. The Proposed Cure Amount fails to account for rent, common area maintenance, real estate taxes, deferred maintenance and other additional rent and related charges incurred under the Lease.

8. **As of August 17, 2018**, the total amount due and owing by Debtor to Landlord is $81,636.97 (the "Actual Cure Amount") as set forth in **Schedule A** annexed hereto, plus interest at the rate of eight percent (8%) *per annum*, plus additional amounts as set forth therein.

9. In addition, Landlord objects to the Proposed Cure Amount because it does not include Landlord's attorneys' fees and expenses to which Landlord is expressly entitled under its Lease.

10. Landlord also objects to the Proposed Cure Amount because it does not include amounts that may become due under the Lease after it is assumed and assigned, but which nevertheless relate to the pre-assumption period, including, among other things, 2018 real estate taxes, common area maintenance, maintenance and insurance, all as set forth in **Schedule A** annexed hereto.

3

DM3\5355466.2

11. Based upon the foregoing, Landlord objects to the Proposed Cure Amount listed in the Cure Notice, and requests that the Court enter an order directing that Debtor pay to Landlord the Actual Cure Amount pursuant to § 365(d)(1) of the Bankruptcy Code.

**B.    Reservation of Rights**

12. Landlord reserves **all rights** with respect to the Lease, including, without limitation, its right to amend or supplement this Objection and to raise any other arguments in connection herewith (including arguments relating to adequate assurance of future performance under Section 365(b) of the Bankruptcy Code). Nothing herein shall be deemed to waive any of Landlord's procedural, substantive, or other rights, privileges, and remedies in connection with the Lease, including, without limitations, the provisions with respect to assignments and transfers of the Lease set forth in Section 15 of the Lease, all of which are hereby reserved.

13. Rent, additional rent, attorneys' fees and other charges (including cleanup expenses incurred following the conclusion of the proposed sale, if any) continue to accrue. Landlord reserves the right to amend and/or supplement its Actual Cure Amount to reflect such additional amounts or to account for any additional adjustments that have not yet been billed or have not yet become due under the Lease through the date of the closing on any assignment of the Lease.

14. Landlord requests that Debtor, or its successors, be required to comply with all contractual obligations to indemnify and hold the Landlord harmless with respect to events that may have occurred pre- or post-Petition Date, but that are not now known to either Landlord or Debtor as of the date of the assignment including, without limitation, claims for personal injury and property damage that occurred at the Premises, and presently unknown deferred maintenance, damage and/or destruction to the Premises.

DM3\5355466.2

## CONCLUSION

WHEREFORE, Landlord respectfully requests that the Court enter an order:

(i) requiring Debtor to pay the Actual Cure Amount in the amount of $81,636.97, plus interest, any additional rent, charges and expenses that may accrue through and including the date of assumption and assignment of the Lease;

(ii) attorneys' fees and expenses; and

(iii) such other and further relief as this Court deems just and proper.

Dated: August 21, 2018
Wilmington, Delaware

DUANE MORRIS LLP

*/s/ Jarret P. Hitchings*
Jarret P. Hitchings (DE 5564)
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801-1659
Telephone: (302) 657-4900
Facsimile: (302) 657-4901
E-mail: jphitchings@duanemorris.com

- and -

Marcus O. Colabianchi, Esq.
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105
Telephone: (415) 957-3101
Facsimile: (415) 723-7402
MColabianchi@duanemorris.com

*Counsel to 303 MVRP LLC*