# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TINTRI, INC.,<br><br>                Debtor.[1] | Chapter 11<br><br>Case No. 18-11625 (KJC)<br><br>Related Doc. Nos. 71, 122 |

## LIMITED OBJECTION AND RESERVATION OF RIGHTS OF CONCUR TECHNOLOGIES, INC. TO THE DEBTOR'S CURE NOTICE AND PROPOSED SUBSTANTIAL ASSET SALE

Concur Technologies, Inc. ("Concur"), by and through its undersigned counsel, hereby files this limited objection and reservation of rights (the "Objection") to the *Notice to Counterparties to Executory Contracts and Unexpired Leases That May Be Assumed and Assigned* [D.I. 122] (the "Cure Notice") and the substantial asset sale motion [D.I. 71] (the "Sale Motion") filed by debtor Tintri, Inc. ("Tintri"). In support of this Objection, Concur hereby states as follows:

## BACKGROUND

1. On June 4, 2018, Tintri filed the Sale Motion. Pursuant to the Sale Motion, Tintri seeks approval of certain sale procedures and approval of the sale of substantially all of its assets to the Stalking Horse Bidder identified in the Sale Motion or the highest bidder at auction.

2. As of the date of the filing of this Objection, the auction has not been held, and the identity of the purchaser remains unknown.

3. On August 3, 2018, Tintri filed the Cure Notice.

---

[1] The Debtor and the last four digits of its taxpayer identification numbers are (6978): The headquarters and service address for the above-captioned Debtor is 303 Ravendale Dr., Mountain View, CA 94043.

73B355602

4. The Cure Notice lists among those contracts that may be potentially assumed and assigned a "Services Agreement" with Concur Technologies, Inc. with a $0.00 cure amount.[2]

5. Concur and Tintri are parties to a Business Services Agreement, which was entered into on or about April 30, 2012. That agreement and any and all related order forms, agreements, schedules, appendices, and amendments thereto are referred to herein as the "BSA."

6. Pursuant to the BSA, Concur provides Tintri with certain software cloud services related to employee travel and expense reimbursement.

7. Currently, $13,706.88 is past due from Tintri to Concur for services arising under the Agreement. In addition, $1,478.01 will come due under Invoice 101900036047 on September 14, 2018. True and correct copies of the invoices evidencing such obligations are attached to this Objection as Exhibit "A."

## LEGAL ARGUMENT

**THE BSA CANNOT BE ASSUMED AND ASSIGNED UNLESS IT IS IDENTIFIED WITH SUFFICIENT SPECIFICITY AND THE FULL CURE AMOUNT IS PAID.**

8. The Cure Notice lists a single, undated "Services Agreement" with Concur. However, Concur and Tintri are parties to the "Business Services Agreement," which is an integrated agreement that contains numerous order forms, addendums, etc. thereto. The BSA may be assumed and assigned only as a single, integrated document. *See In re Exide Technologies*, 340 B.R. 222, 228 (Bankr. D. Del. 2006).

18. Presuming that Tintri intends to assume and assign the entire BSA, as defined above, Concur nonetheless objects to assumption and assignment unless Tintri pays the full amount due.

---

[2] However, Tintri included Concur on its Schedule E/F: Creditors Who Have Unsecured Claims with a debt of $11,940.55 that is neither contingent, unliquidated, nor disputed. *See* Schedules of Tintri [D.I. 169] at page 34.

73B355602

19. Pursuant to § 365(b)(1) of the Bankruptcy Code, a debtor may assume and assign an executory contract only if the debtor cures, or provides adequate assurance that it will promptly cure, all monetary defaults, and provides adequate assurance of future performance.

20. A cure under § 365(b)(1) of the Bankruptcy Code means that all unpaid amounts due under the contract have been paid. *See In re Network Access Solutions Corp.*, 330 B.R. 67, 76 (Bankr. D. Del. 2005); *see also In re Superior Toy & Manufacturing Co., Inc.*, 78 F. 3d 1169 (7th Cir. 1996) ("[T]he language of §365(b)(1) is unequivocal. A party to an executory contract must be paid all amounts due him under the contract before the contract may be assumed.").

21. A debtor is also obligated to provide "adequate assurance of future performance under such contract" prior to assumption. 11 U.S.C. § 365(b)(1)(C).

22. Concur objects to the Debtors' purported $0.00 cure amount to assume and assign the BSA. As demonstrated by the past due invoices included in the attached as Exhibit A, the total amount due to cure Tintri's defaults under the BSA is currently $13,706.88. Therefore, the assumption and assignment of the BSA requires payment of $13,706.88 under section 365(b)(1)(A) of the Bankruptcy Code.

23. In addition, $1,487.01 will come due shortly after the scheduled sale hearing. Tintri has not provided Concur adequate assurance that any debts incurred by Tintri that will not come due until after the sale hearing will be paid.

24. Concur reserves the right to supplement this Objection if it discovers any further amounts due and owing, including, but not limited to, accruing, unpaid post-petition obligations arising under the BSA.

**WHEREFORE**, Concur respectfully requests that this Court deny assumption and assignment of the BSA absent payment of the $13,706.88 cure amount and assurance of payment

73B355602

of all invoices that arise or come due after the sale hearing, and grant such other relief as it may deem appropriate.

**BROWN & CONNERY, LLP**

Dated: August 21, 2018

*/s/ Donald K. Ludman*
Donald K. Ludman (DE Bar No. 4015)
6 North Broad Street, Suite 100
Woodbury, NJ 08096
(856) 812-8900
(856) 853-9933 (fax)
dludman@brownconnery.com

*Attorneys for Concur Technologies, Inc.*