# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TINTRI, INC.,[1] | ) | Case No. 18-11625 (KJC) |
| | ) | |
| Debtor. | ) | |

### CURE OBJECTION AND RESERVATION OR RIGHTS OF NCR CORPORATION TO NOTICE OF COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES THAT MAY BE ASSUMED AND ASSIGNED

NCR Corporation ("NCR") hereby objects (the "Cure Objection") to the proposed cure amount relating to the Debtor's contemplated assumption and assignment pursuant to the Notice to Counterparties to Executory Contracts and Unexpired Leases That May be Assumed and Assigned (Doc. No. 122, Exhibit A) (the "Assumption & Assignment Notice"). In support of the Cure Objection, NCR states as follows:

NCR and Tintri, Inc. ("Tintri" or the "Debtor") are parties to a certain Multinational Service Provider Agreement dated October 1, 2013 and related Third Party On-site Remedial Maintenance SOW dated October 1, 2013 (together, as amended, the "Service Agreement").

By the Assumption & Assignment Notice, the Debtor seeks to assume and assign, and fix a cure amount for a "supplier" agreement with NCR. As an initial matter, this notice fails to adequately describe the NCR agreement or agreements the Debtor seeks to assume and assign. NCR objects to the Assumption & Assignment Notice on this basis pending further clarity from the Debtor.

---

[1] The last four digits of the Debtor's taxpayer identification number are 6978. The headquarters and service address for the Debtor is: 303 Ravendale Dr., Mountain View, CA 94043.

In addition, the Debtor proposes to pay NCR **$102,737.77** (the "Proposed Cure Amount") to cure the Debtor's obligations under the "supplier" agreement. NCR objects to the Proposed Cure Amount as inadequate to fully cure the defaults under the Service Agreement.[2] The Debtor is in arrears on the Service Agreement in the amount of $200,288.06.[3] Accordingly, NCR must receive **$200,288.06** (the "Actual Cure Amount") to satisfy the Debtor's obligations under the Service Agreement.

Sections 365(b) and (f) require that before a debtor may assume and assign an executory contract, it must cure all defaults under the agreement. In particular, § 365(b)(1) provides: "If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—(A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ." 11 U.S.C. § 365(b)(1). In addition, under § 365(f)(1), "[t]he trustee may assign an executory contract or unexpired lease of the debtor only if . . . the trustee assumes such contract or lease in accordance with the provisions of this section . . . ." 11 U.S.C. § 365(f)(2)(A).

Here, the Proposed Cure Amount is not the correct amount and does not satisfy the requirements for assumption and assignment of the Service Agreement. The Debtor and/or the purchaser must pay the Actual Cure Amount in full at closing if the Service Agreement is to be assumed and assigned.

NCR objects to the assumption and assignment of the Service Agreement to the purchaser unless the Debtor and the purchaser fully comply with all of the requirements of the

---

[2] This assumes, for purposes of this objection, that the Service Agreement is the subject of the Assumption & Assignment Notice.

[3] The Service Agreement and supporting invoices (which are voluminous) will made available to the Debtor.

Bankruptcy Code, including §§ 365(b) and (f). Absent such full compliance, the proposed assumption and assignment must be denied.

## RESERVATION OF RIGHTS

NCR does not waive (and expressly reserves) its right to amend, modify and supplement this objection at or prior to the conclusion of the hearing to consider this objection.

WHEREFORE, NCR respectfully requests the entry of an order (i) establishing the cure amount for the Service Agreement at **$200,288.06**; (ii) requiring the Debtor and purchaser to fully comply with the requirements of § 365 and other applicable sections of the Bankruptcy Code; and (iii) for such other and further relief to which NCR may be entitled to pursuant to the Service Agreement, applicable law or in equity.

Respectfully submitted,

/s/ Todd A. Atkinson
Todd A. Atkinson (No. 4825)
ULMER & BERNE LLP
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1448
(216) 583-7000;
(216) 583-7001 (Fax)
tatkinson@ulmer.com
*Counsel for NCR Corporation*

**CERTIFICATE OF SERVICE**

I, Todd A. Atkinson, hereby certify that on August 21, 2018, I caused a copy of the foregoing *Cure Objection of NCR Corporation to Notice to Counterparties to Executory Contracts and Unexpired Leases That May be Assumed and Assigned* to be served on all parties who are scheduled to receive notice through the Court's ECF system.

/s/ Todd A. Atkinson
Todd A. Atkinson (No. 4825)
ULMER & BERNE LLP
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1448
(216) 583-7000;
(216) 583-7001 (Fax)
tatkinson@ulmer.com
*Counsel for NCR Corporation*

2443152