# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| **TINTRI, INC.,** | ) Case No. 18-11625 (KJC) |
| | ) |
| | ) Hearing Date: August 28, 2018 at 1:30 PM |
| | ) Objection Date: August 21, 2018 |
| Debtor. | ) Docket No. 71, 113 & 122 |

**ORACLE'S LIMITED OBJECTION TO AND RESERVATION OF RIGHTS REGARDING DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) (A) AUTHORIZING ENTRY INTO ASSET PURCHASE AGREEMENT WITH RESPECT TO THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (B) APPROVING BID PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (C) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE SALE AND APPROVE THE FORM AND MANNER OF NOTICES RELATED THERETO, (D) ESTABLISHING PROCEDURES RELATING TO THE ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS AND LEASES, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS, (E) APPROVING CERTAIN BREAKUP FEE AND EXPENSE REIMBURSEMENT PROVISIONS; (II) AUTHORIZING AND APPROVING (A) THE SALE OF CERTAIN ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, AND OTHER INTERESTS, AND (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS AND LEASES; AND (III) GRANTING RELATED RELIEF ("<u>SALE MOTION</u>"); AND (2) NOTICE TO COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES THAT MAY BE ASSUMED AND ASSIGNED ("<u>ASSUMPTION NOTICE</u>")**

Oracle America, Inc., including in its capacity as successor in interest to NetSuite, Inc. ("Oracle"), a creditor and contract counter-party in the above-captioned Chapter 11 case, submits this Limited Objection and Reservation of Rights ("Rights Reservation") regarding the Sale Motion and the Assumption Notice filed by Tintri, Inc. ("Debtor").

## I. <u>INTRODUCTION</u>

1. By the Sale Motion and the Assumption Notice, the Debtor seeks Bankruptcy Court authority to, among other things, assume and assign certain executory contracts between Debtor and Oracle. Oracle objects to the proposed assumption and assignment.

2. First, the targeted Oracle agreement is, or pertains to, one or more licenses of intellectual property which are not assignable absent Oracle's consent, pursuant to both the underlying license agreement and applicable law.

3. Second, the Assumption Notice does not provide a complete description of the contract the Debtor seeks to assume and assign and therefore Oracle is unable to determine the accuracy of the Debtor's proposed cure amount.

4. Finally, the Sale Motion does not provide Oracle with sufficient information to determine whether the purchaser/assignee is capable of performing under the terms of the contracts the Debtor seeks to assume and assign.

5. Accordingly, Oracle requests that the Court deny the Sale Motion solely to the extent it seeks authority for the Debtor to assume and assign any Oracle agreement in the absence of Oracle's consent.

## II.  FACTUAL BACKGROUND

6. The above captioned case was filed on July 10, 2018.

7. The Debtor continues to operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8. On July 18, 2018, the Debtor filed the Sale Motion seeking Court authority to sell its assets, which consist of its enterprise cloud products and services business, along with substantially all of the Debtor's other business assets and property.

9. The staking horse bidder is TI Acquisition Corp. ("TI").

10. On August 3, 2018, the Debtor filed the Assumption Notice. Exhibit "A-2" to the Assumption Notice lists one agreement with Oracle, described only as a "Supplier Agreement" ("Oracle Agreement").

11. It reflects a stated cure amount of $0.00, which Oracle believes is incorrect.

### III. ARGUMENT

#### A. The Debtor May Not Assume And Assign The Oracle Agreement Absent Oracle's Consent Because It Pertains To One Or More Licenses Of Intellectual Property.

12. Section 365(c) of the Bankruptcy Code provides, in relevant part:

> The trustee may not assume or assign any executory contract ... of the debtor ... if (1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor ..., whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and (B) such party does not consent to such assumption or assignment.

13. Federal law makes non-exclusive intellectual property licenses non-assignable absent consent of the licensor. *See In re Catapult Entertainment, Inc.*, 165 F.3d 747 (9th Cir. 1999), *cert. dismissed*, 528 U.S. 924 (1999) (patent law renders non-exclusive patent licenses personal and non-assignable under Bankruptcy Code § 365(c)(1)); *see also In re Trump Entm't Resorts, Inc.*, 526 B.R. 116, 126 (Bankr. D. Del. 2015) ("Non-exclusive patent and copyright licenses create only personal and not property rights in the licensed intellectual property and so are not assignable.").

14. The Oracle Agreement referenced in the Assumption Notice is, or pertains to, one or more non-exclusive licenses of copyrighted software.

15. Therefore, pursuant to Bankruptcy Code section 365, the Debtor may not assume and assign the Oracle Agreement without Oracle's consent.

16. For the reasons discussed herein, at this time Oracle does not consent to the Debtor's proposed assumption and assignment.

### B. The Debtor Has Not Adequately Identified The Oracle Agreement To Be Assumed and Assigned.

17. The contract description provided in the Assumption Notice is incomplete.

18. No specific license agreement is identified.

19. The Debtor very generally describes the contract as a "Supplier Agreement." All support agreements identified by the Debtor on Exhibit A-2 are described as "Supplier Agreement[s]" making them essentially indistinguishable for purposes of the Assumption Notice.

20. Without more specific information, Oracle is unable to determine whether it is evaluating the same agreement the Debtor seeks to assume and assign.

21. To clarify the Oracle contract Debtor seeks to assume and assign, Oracle requests that, with respect to each such agreement, the Debtor specify the contract: (a) name; (b) date; (c) identification number; (d) any associated support or support renewals; and (e) the governing license agreement.

22. This information will enable Oracle to evaluate whether the Oracle Agreement proposed for assumption and assignment is assignable, whether it is supported, expired or in default, and, if in payment default, the appropriate cure amount.

23. Additionally, it will allow Oracle to assess whether Oracle may accept performance from an entity other than the Debtor.

24. Oracle reserves its right to be heard on this issue until after the Oracle Agreement the Debtor may seek to assume and assign is identified with greater specificity.

### C. The Debtor Has Not Provided The Correct Cure Amount.

25. Before assuming and assigning any executory contract, the Debtor must cure (or provide adequate assurance of a prompt cure of) any default under the subject contracts. 11 U.S.C. § 365(b)(1).

26. The Debtor has failed to adequately describe the Oracle Agreement it seeks to assume and assign with sufficient particularity for Oracle to identify which agreement is at issue, and thereby confirm the corresponding cure amount.

27. As discussed above, Oracle needs more information about the Oracle Agreement which may be assumed and assigned, in order to confirm the correct cure amount.

28. The Debtor has identified a cure amount of $0.00, which Oracle finds incorrect. According to Oracle's books and records the Debtor owes at least $9,449.10 under its contractual obligation to Oracle.

29. Given the current inadequate description of the Oracle Agreement, Oracle reserves its right to be heard further regarding the cure amount until after the contract the Debtor seeks to assume and assign is identified with enough specificity to allow Oracle to confirm the correct cure.

### D. The Debtor Has Not Provided Adequate Assurance of Future Performance By the Assignee.

30. Before assuming and assigning any executory contract, the Debtor must provide adequate assurance of future performance. 11 U.S.C. § 365(b)(1). Pursuant to the Sale Motion, the stalking horse bidder is TI.

31. However, an auction is scheduled for August 27, 2018, <u>after</u> objections to the Sale Motion and Assumption Notice are due. A different entity may prove to be the successful bidder.

32. To satisfy 11 U.S.C. § 365(b), Oracle requests that the Debtor provide the following information about TI or the ultimate purchaser/assignee: (a) financial bona fides; (b) confirmation that the purchaser is not an Oracle competitor; and (c) confirmation that the ultimate assignee will (i) execute an Oracle Assignment Agreement and related documentation which identifies with specificity the Oracle executory contract(s) to be assigned; and, if appropriate, (ii) enter into an Oracle Master License Agreement.

33. Absent these assurances, Oracle cannot determine the assignee's creditworthiness, its suitability as an Oracle customer, or its ability to adequately perform the terms of the Oracle Agreement.

34. Until the information described above is provided, the Debtor has not complied with the requirements of section 365(b)(1)(C) and the Sale Motion and Assumption Notice must be denied, solely to the extent they seek to authorize the Debtor to assume and assign the Oracle Agreement.

## III. CONCLUSION

35. For the reasons set forth above, Oracle respectfully requests that the Court deny approval of the Sale Motion and the Assumption Notice, solely to the extent they seek to authorize the Debtor to assume and assign the Oracle Agreement.

36. Oracle reserves its right to be heard on all issues set forth herein.

| | |
|---|---|
| Dated: August 21, 2018<br>Wilmington, Delaware | **MARGOLIS EDELSTEIN**<br><br>By:     /s/ James E. Huggett<br>    James E. Huggett, Esq. (#3956)<br>300 Delaware Avenue, Suite 800<br>Wilmington, Delaware 19801<br>Telephone: (302) 888-1112<br>E-mail: jhuggett@margolisedelstein.com<br><br>Amish R. Doshi, Esq.<br>**DOSHI LEGAL GROUP, P.C.**<br>1979 Marcus Avenue, Suite 210E<br>Lake Success, NY 11042<br>Tel: (516) 622-2335<br>E-Mail: amish@doshilegal.com<br><br>Shawn M. Christianson, Esq.<br>**BUCHALTER, A PROFESSIONAL CORPORATION**<br>55 Second Street, Suite 1700<br>San Francisco, CA 94105<br>Tel: (415) 227-0900<br><br>Deborah Miller, Esq.<br>Benjamin Wheeler, Esq.<br>**ORACLE AMERICA, INC.**<br>500 Oracle Parkway<br>Redwood City, California 94065<br>Telephone: (650) 506-5200<br><br>**Attorneys for Oracle America, Inc.** |