# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TINTRI, INC. | Case No. 18-11625-KJC |
| Debtor. | |

## LIMITED OBJECTION OF GROUPWARE TECHNOLOGY, INC. AND RESERVATION OF RIGHTS TO DEBTOR'S PROPOSED CURE NOTICE

COMES NOW Groupware Technology, Inc. ("Groupware"), and files this Limited Objection (the "Objection") to the *Notice to Counterparties to Executory Contracts and Unexpired Leases That May be Assumed and Assigned* [Docket No. 122] ("Cure Notice") and proposed cure amounts in connection with the potential assumption and assignment of the Debtors' executory contracts with Groupware. In support of the Objection, Groupware respectfully states as follows:

### I.    RELEVANT BACKGROUND

1.    Debtor seeks to sell substantially all of its assets through a proposed sale governed by Court approved procedures. As part of the sale process, the Court has approved certain procedures ("Procedures") for the potential assumption and assignment of certain executory contracts and unexpired leases to DataDirect Networks, Inc. (the "Stalking Horse Bidder") or the successful bidder at the auction for Debtor's assets.

2.    Pursuant to the Procedures, Debtor served the Cure Notice on Groupware. The Cure Notice designates two executory contracts—a "distributor agreement" and a "support agreement" (collectively, the "Designated Contracts")—between Debtor and Groupware for

853\3088273.1

potential assumption and assignment. [*See* Cure Notice, Ex. A-1, Ex. A-4.] The Cure Notice provides a cure amount of zero for each of the Designated Contracts (the "Cure Amounts").

## II. LIMITED OBJECTION AND RESERVATION OF RIGHTS

3. Groupware objects to the Cure Amounts because Debtor fails to accurately identify the amounts owing from Debtor to Groupware that must be cured upon assumption of the Designated Contracts. *See* 11 U.S.C. § 365(b)(1). As of the date of this pleading, Debtor owes Groupware no less than **$154,030.87** based on Groupware's provision of certain Amazon Web Services ("AWS") covering the period of February through July, 2018 pursuant to a pre-petition purchase order delivered by Debtor to Groupware. Groupware's invoices constituting the documentation and records that support its cure amount are attached hereto as collective **Exhibit A**. Furthermore, additional amounts due from Debtors to Groupware may arise between now and the time of any sale closing and/or post-closing. Groupware therefore objects to the proposed assumption and assignment of the Designated Contracts to the extent that the Cure Amounts do not include the cure of current amounts due as well as additional amounts that may become due under the Designated Contracts. Groupware further expressly reserves the right to raise additional objections based on the lack of adequate assurance and reserves the right to amend and/or supplement this Objection in the event it is determined additional cure amounts are owed under the Designated Contracts.

4. In addition, Groupware objects to the assumption of either Designated Contract to the extent that Debtor does not propose to assume and assign such contract in full. *See In re Abitibibowater Inc.*, 418 B.R. 815 (Bankr. D. Del. 2009) (an executory contract cannot be assumed in part or rejected in part).

5. Finally, Groupware concurrently files the Declaration of its counsel Monique D. Jewett-Brewster to address the filing of the instant Objection one (1) day late.

WHEREFORE, Groupware requests that the Court sustain its Objection and reservation of rights with respect to the potential assumption and assignment of the Designated Contracts, and grant it such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: August 22, 2018

By:*/s/ Monique D. Jewett-Brewster*
Ernest M. Malaspina, Bar No. 187946
Monique D. Jewett-Brewster, Bar No. 217792
HOPKINS & CARLEY
The Letitia Building
70 S. First Street
San Jose, CA 95113-2406
Telephone: (408) 286-9800
Facsimile: (408) 998-4790

Attorneys for Creditor Groupware Technology, Inc.