IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TINTRI, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 18-11625 (KJC)<br><br>Re: D.I. 85 |

**ORDER (I) AUTHORIZING EMPLOYMENT AND RETENTION OF HOULIHAN LOKEY CAPITAL, INC. AS INVESTMENT BANKER FOR THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE AND (II) MODIFYING CERTAIN INFORMATION REQUIREMENTS OF DEL. BANKR. L.R. 2016-2**

Upon consideration of the application (the "Application")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for the entry of an order under sections 328(a) and 1103(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the employment and retention of Houlihan Lokey Capital, Inc. ("Houlihan Lokey") as its investment banker pursuant to the terms of the Engagement Agreement dated as of July 10, 2018 (the "Engagement Agreement"); and the Court having considered the Application and the declaration of Saul Burian in support of the Application ("Declaration"); and the Court finding that (A) Houlihan Lokey (i) does not hold an interest adverse to the interest of the estate with respect to the matters on which Houlihan Lokey will be employed; and (ii) is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code; (B) the Application and the Declaration are in full compliance with all applicable provisions of the

---

[1] The last four digits of the Debtor's federal taxpayer identification numbers are 6978. The Debtor's service address is: 303 Ravendale Drive, Mountain View, CA 94043.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

DOCS_SF:97304.5

Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; (C) the relief requested in the Application is in the best interests of the Debtors, their estates and creditors; and (D) notice of the Application was due and proper under the circumstances; and after due deliberation, and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. The retention and employment of Houlihan Lokey as investment banker to the Debtor pursuant to sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014 and 5002, and Local Rule 2014-1, *nunc pro tunc* to the Petition Date, on the terms and conditions set forth in the Engagement Agreement and the Application, is approved.

3. Houlihan Lokey's compensation shall be subject to the standard of review provided in section 328(a) of the Bankruptcy Code and not subject to any other standard of review under section 330 of the Bankruptcy Code.

4. Notwithstanding the preceding paragraph, the United States Trustee shall retain the right to object to the compensation and fees and expenses to be paid to Houlihan Lokey pursuant to the Application and the Engagement Agreement, including, without limitation, the Monthly Fee and the Transaction Fee (as defined in the Engagement Agreement), based on the reasonableness standard provided for in section 330 of the Bankruptcy Code and the Court shall consider any such objection by the United States Trustee under section 330 of the Bankruptcy Code; provided, that reasonableness for this purpose shall include, among other things, an evaluation by comparing the fees payable in this case to the fees paid to other investment banking firms for comparable services in other chapter 11 cases and outside of

bankruptcy, and shall not be evaluated solely on the basis of time committed or the length of this case.

5. The Debtor is authorized to employ and retain, and the Debtor is authorized to compensate and reimburse, Houlihan Lokey pursuant to the terms of the Engagement Agreement.

6. In light of the services to be provided by Houlihan Lokey and the compensation structure in the Engagement Agreement, Houlihan Lokey and its professionals shall be excused from: (i) the requirement to maintain or provide detailed time records in accordance with Bankruptcy Rule 2016(a), Local Rule 2016-2, and the United States Trustee Fee Guidelines; and (ii) conforming with a schedule of hourly rates for its professionals. Instead, notwithstanding that Houlihan Lokey does not charge for its services on an hourly basis, Houlihan Lokey will nonetheless maintain reasonably detailed time records in 0.5 hour increments containing descriptions of those services rendered for the Debtor, and the individuals who provided those services, and will present such records together with its fee applications filed with the Court.

7. The Debtor shall be bound by the indemnification, contribution, reimbursement, exculpation, and other provisions set forth in the Engagement Agreement and will indemnify and hold harmless Houlihan Lokey and the other Indemnified Parties (as defined in the Engagement Agreement), pursuant to the Engagement Agreement, subject, during the pendency of this case, to the following:

>    (a) Houlihan Lokey shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by this Court; and

3

    (b)    The Debtor shall have no obligation to indemnify Houlihan Lokey, or provide contribution or reimbursement, for any claim or expense to the extent that it is either (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from Houlihan Lokey's bad faith, gross negligence or willful misconduct, (ii) for a contractual dispute in which the Debtor alleges breach of Houlihan Lokey's contractual obligations under the Engagement Agreement, unless this Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Company, et al.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) *infra*, to be a claim or expense for which Houlihan Lokey is not entitled to receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement, as modified by this Order; and

    (c)    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing this chapter 11 case, Houlihan Lokey believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution, and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including, without limitation, the advancement of defense costs, Houlihan Lokey must file an application therefor in this Court, and the Debtor may not pay any such amounts to Houlihan Lokey before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Houlihan Lokey for indemnification, contribution, and reimbursement, and not as a provision limiting the duration of the Debtor's obligation to indemnify Houlihan Lokey or provide contribution or reimbursement.

8.    Notwithstanding any provision in the Engagement Agreement to the contrary, the contribution obligations of the Indemnified Parties (as such term is defined in the Engagement Agreement) shall not be limited to the aggregate amount of fees actually received by Houlihan Lokey from the Debtor pursuant to the Engagement Agreement, this Order, or subsequent orders of this Court.

DOCS_SF:97304.5

9. To the extent requested in the Application, Houlihan Lokey is excused from complying with the information requirements contained in Local Rule 2016-2(d).

10. In the event that, during the pendency of these Chapter 11 Cases, Houlihan Lokey seeks reimbursement for any attorney's fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in Houlihan Lokey's fee applications. Notwithstanding any provision to the contrary in the Houlihan Engagement Letter, the Debtors and the Estate shall have no obligation to reimburse Houlihan Lokey for its attorney fees or attorney expenses incurred in defending Houlihan Lokey's fee applications filed with the Bankruptcy Court.

11. Notwithstanding anything to the contrary in the Application or the Engagement Agreement, during the course of this bankruptcy case, the only fiduciary duties of Houlihan Lokey shall be those imposed upon it by applicable law.

12. Houlihan Lokey shall be compensated in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, this Order and any other applicable orders of this Court.

13. The Court shall retain jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: August 23, 2018

HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

DOCS_SF:97304.5