IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TINTRI, INC.,[1]<br><br>                       Debtor. | Chapter 11<br><br>Case No. 18-11625 (KJC) |

Objection Deadline: October 11, 2018 at 4:00 p.m. (ET)
Hearing Date: October 24, 2018 at 3:00 p.m. (ET)

**DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER: (A) AUTHORIZING THE EMPLOYMENT AND RETENTION OF DELOITTE TAX LLP AS TAX SERVICES PROVIDER TO THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE; (B) MODIFYING INFORMATION REQUIREMENTS OF LOCAL RULE 2016-2(d); AND (C) GRANTING RELATED RELIEF**

The above-captioned debtor and debtor in possession (the "Debtor") hereby submits this application (this "Application") for an order pursuant to section 327(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"): (a) authorizing the Debtor to employ and retain Deloitte Tax LLP ("Deloitte Tax") to provide multistate tax advisory services *nunc pro tunc* to the Petition Date (as defined below); (b) modifying information requirements of Local Rule 2016-2(d) as applied to Deloitte Tax; and (c) granting related relief. In support of the relief sought in the Application, the Debtor submits the declaration of Galina Philipovitch (the "Philipovitch Declaration"), attached hereto as **Exhibit A** and incorporated herein by reference. In further support of the Application, the Debtor respectfully states as follows:

---

[1]    The last four digits of the Debtor's federal taxpayer identification number are 6978. The Debtor's service address is: 303 Ravendale Drive, Mountain View, CA 94043.

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Rule 9013-1(f) of the Local Rules to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rules 2014-1 and 2016-2.

## Background

4.      On July 10, 2018 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its properties as debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      The Debtor has continued in the possession of its property and has continued to operate and manage its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 20, 2018, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee").

## Relief Requested

6.      By this Application, the Debtor seeks to employ and retain Deloitte Tax pursuant to section 327(a) of the Bankruptcy Code during the chapter 11 case, as more fully described below.  The Debtor respectfully requests that the Court enter an order, substantially in the form of the proposed order attached to this Application as **Exhibit C**, pursuant to section 327 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rules 2014-1 and 2016-2: (a) authorizing the Debtor to employ and retain Deloitte Tax as their tax advisors *nunc pro tunc* to the Petition Date; and (b) modifying the information requirements of Local Rule 2016-2(d); and (c) granting related relief.

7.      The Debtor believes that the proposed tax services (as described more fully below) are necessary to enable the Debtor to maximize the value of its estate.  Deloitte Tax has indicated a willingness to act on behalf of the Debtor and to subject itself, for the purposes of the provision of the services described below, to the jurisdiction and supervision of the Court.

## Qualifications of Deloitte Tax

8.      Deloitte Tax is a tax services firm with offices across the United States. Deloitte Tax has significant experience in providing tax services and has performed similar services in large and complex chapter 11 cases on behalf of debtors throughout the United States, including numerous cases in this district.  Such experience renders Deloitte Tax well-qualified and able to provide services to the Debtor during the pendency of this chapter 11 case (the "Chapter 11 Case").  Deloitte Tax's services fulfill an important need and are not provided by any of the Debtor's other professionals.

9.      In addition, since approximately October 2014, Deloitte Tax has provided some of the services (as described below) to the Debtor.  In providing such prepetition

professional services to the Debtor, Deloitte Tax has become familiar with the Debtor and its business, including the Debtor's financial affairs, debt structure, operations, and related matters. Having worked with the Debtor's management, Deloitte Tax has developed relevant experience and knowledge regarding the Debtor that will assist it in providing effective and efficient services during the Chapter 11 Case. Accordingly, Deloitte Tax is both well-qualified and able to provide the services for the Debtor in the Chapter 11 Case in an efficient and timely manner.

## Scope of Services

10. As set forth more fully in the Engagement Letters and the Work Order, which are defined below, Deloitte Tax will provide certain tax services for the Debtor in accordance with the terms and conditions set forth in the Engagement Letters and the Work Order, and as requested by the Debtor and agreed to by Deloitte Tax. The Engagement Letters and the Work Order are attached to the Application as **Exhibit B**.

11. Pursuant to the terms of those certain engagement letters, dated February 12, 2018 and February 18, 2016, respectively (collectively, the "Tax Consulting Engagement Letters"), Deloitte Tax will assist the Debtor by providing services on federal, foreign, state, and local tax matters on an as-requested basis. Additionally, as provided in the Work Order, Deloitte Tax will provide multistate tax advisory services to assist the Debtor with sales and use tax matters related to the analysis of the Debtor's potential California use tax exposure. Specifically, Deloitte Tax will assist the Debtor with its analysis of the Debtor's purchases of tangible personal property and services to assist the Debtor to estimate its potential California use tax exposure, if any, for the period from July 1, 2013 through June 30, 2016.

12. Pursuant to the terms of that certain engagement letter, dated July 13, 2015 (the "Tax Compliance Services Engagement Letter" and together with the Tax Consulting

Engagement Letters, the "Engagement Letters") and as described therein, Deloitte Tax will provide certain state and local sales and use tax return preparation services for the Debtor, identified in Exhibit A to the Tax Compliance Services Engagement Letter.

13.     Deloitte Tax has also agreed to assist the Debtor with the preparation of specified tax returns as set forth in the Tax Compliance Engagement Letter.  In addition, under this engagement letter, Deloitte Tax will assist in the preparation of extensions and extension payments along with calculating estimated quarterly payments and the preparation of the associated vouchers, in each case, for the specified jurisdictions.

14.     The Debtor believes that the services described above are necessary to enable the Debtor to meet its tax-related obligations and successfully operate its business.  The Debtor also believes that the services will not duplicate the services that, subject to this Court entering or having entered appropriate orders, other professionals may provide to the Debtor in the Chapter 11 Case.  Deloitte Tax will use reasonable efforts to coordinate with the Debtor to avoid unnecessary duplication of services.

15.     The Debtor and Deloitte Tax intend that all of the services that Deloitte Tax will provide to the Debtor will be appropriately directed by the Debtor so as to avoid duplicative efforts among the other professionals retained in the Chapter 11 Case.

## Compensation and Terms of Retention

16.     Deloitte Tax intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Chapter 11 Case, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the guidelines established by the Office of the U.S. Trustee, and any other applicable procedures and orders of the Court

and consistent with the proposed compensation agreed to by the Debtor, set forth in the Engagement Letters, Work Order, and the Philipovitch Declaration,[2] to which the Debtor respectfully refers this Court for a full recitation of the fees to be paid and the terms and conditions related thereto.

17.     Subject to the terms and conditions set forth in the Tax Consulting Engagement Letters, for tax advisory services related to federal, foreign, and local tax matters, including that certain work order, which incorporates the terms and conditions of the Tax Consulting Engagement Letter dated February 18, 2016 (the "Work Order"), for multistate tax advisory services to assist the Debtor with sales and use tax matters, Deloitte Tax's fees in connection with the services provided will be based upon the time that Deloitte Tax necessarily spends in providing the services to the Debtor, multiplied by the following hourly rates:

| Professional Level | Hourly Rates |
| --- | --- |
| Partner / Principal / Managing Director | $690 |
| Senior Manager | $610 |
| Manager | $530 |
| Senior Associate | $435 |
| Staff Associate | $345 |

18.     In the normal course of business, Deloitte Tax and its affiliates revise their regular hourly billing rates to reflect changes in responsibilities, increased experience, and increased costs of doing business. Accordingly, the Debtor requests that Deloitte Tax and its affiliates be permitted to revise the aforementioned rates to the hourly billing rates that will be in

---

[2] The following summary of Deloitte Tax's compensation is provided solely for the convenience of the Court and the parties in interest. To the extent that there are discrepancies between the summary provided herein and the Engagement Letters and the Work Order with respect to the services provided by Deloitte Tax, the terms and conditions of the Engagement Letters and the Work Order shall govern in all respects.

effect from time to time. Changes in regular hourly billing rates will be noted on the invoices for the first time period in which the revised rates became effective.

19.     Pursuant to the Tax Compliance Services Engagement Letter, Deloitte Tax will bill the Debtor $50 per return prepared. Prior to the Petition Date, Deloitte Tax billed the Debtor a one-time engagement fee of $7,000. In the event that Deloitte Tax performs sales and use tax advisory services in addition to the preparation of the sales and use tax returns, Deloitte Tax will bill for these services at the agreed-upon hourly rates, as follows:

| Professional Level | Hourly Rates |
| --- | --- |
| Partner / Principal / Managing Director | $660 |
| Senior Manager | $580 |
| Manager | $500 |
| Senior Associate | $415 |
| Staff Associate | $310 |

20.     In addition to compensation as described above, Deloitte Tax shall be entitled to be reimbursed for reasonable out of pocket expenses, including air travel (with air travel based on coach fares), report production, delivery services and other expenses incurred in providing services and allocated costs.

21.     The Debtor paid Deloitte Tax $128,796, including certain retainer amounts, in the ninety (90) days prior to the Petition Date. As of the Petition Date, approximately $9,327 of the retainer remained outstanding. As of the date of the Philipovitch Declaration, $306 of the retainer amounts remain. Deloitte Tax's use of the remaining retainer amounts is contingent on the Court's approval of this Application and an applicable fee application. As of the Petition Date, $11,044 was outstanding with respect to the invoices issued

by Deloitte Tax for services provided prepetition. It is the Debtor's understanding that Deloitte Tax will not seek any recovery with respect to invoices issued prepetition.

22.     Some services incidental to the tasks to be performed by Deloitte Tax in the Chapter 11 Case may be performed by personnel now employed by or associated with affiliates of Deloitte Tax or their respective subsidiaries, such as Deloitte & Touche, Deloitte Consulting, Deloitte Financial Advisory Services LLP, and Deloitte Transactions and Business Analytics LLP, including subsidiaries located outside of the United States. The fees and expenses with respect to such services by Deloitte Tax's subsidiaries or affiliates will be included on the fee applications of Deloitte Tax.

## Deloitte Tax's Disinterestedness

23.     To the best of the Debtor's knowledge, and as disclosed herein and in the Philipovitch Declaration: (a) Deloitte Tax or its affiliates have no connections with the Debtor, its significant creditors, the U.S. Trustee, the specified persons employed in the Office of the U.S. Trustee, or any other significant party in interest in the Chapter 11 Case or their respective attorneys or accountants; (b) Deloitte Tax or its affiliates are not creditors, equity security holders, or insiders of the Debtor; (c) Deloitte Tax or its affiliates are not and were not, within two years of the commencement of the Chapter 11 Case, a director, officer, or employee of the Debtor; and (d) Deloitte Tax or its affiliates do not have an interest materially adverse to the interest of the Debtor's estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or for any other reason, except as set forth in the Philipovitch Declaration.

24.     In addition, based on the Philipovitch Declaration, the Debtor believe that Deloitte Tax or its affiliates (a) do not hold or represent any interest adverse to the Debtor or their estates and (b) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.  Moreover, the Debtor believe that employment of Deloitte Tax is necessary and in the best interests of the Debtor and its estates.

25.     If Deloitte Tax or its affiliates discover additional material information that it determines requires disclosure, Deloitte Tax will file a supplemental disclosure promptly with this Court.

## Modification of Local Rule 2016-2(d)

26.     The nature of Deloitte Tax's engagement with the Debtor would not ordinarily require a general practice of keeping detailed time records similar to those customarily kept by attorneys and required by Local Rule 2016-2(d).  Because Deloitte Tax does not ordinarily maintain contemporaneous time records in one-tenth hour (.1) increments or provide or conform to a schedule of hourly rates for its professionals for engagements of the type described in the Engagement Letters, pursuant to Local Rule 2016-2(h), Deloitte Tax should be excused from compliance with such requirements and should only be required to maintain time records in half-hour (0.5) increments setting forth, in a summary format, a description of the services rendered by each professional and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors

## Notice

27.     The Debtor will provide notice of this Application to the following parties, or their counsel, if known: (a) the Office of the United States Trustee; (b) counsel for the Debtor's prepetition and postpetition lenders; (c) counsel to the Committee; and (d) parties

requesting notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

28.     No prior application for the relief requested herein has been made to this or any other Court

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit C**, authorizing the employment and retention of Deloitte Tax as tax services provider *nunc pro tunc* to the Petition Date, permitting a modification of Local Rule 2016-2 pursuant to the terms of this Application, the Philipovitch Declaration, and the Engagement Letter and granting such further relief as is just and proper.

Dated:   September 27, 2018                PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
John D. Fiero (CA Bar No. 136557)
John W. Lucas (CA Bar No. 271038)
Colin R. Robinson (DE Bar No. 5524)
919 N. Market Street, 17th Floor
Wilmington, DE 91899
Tel:  (302) 652-4100
Fax: (302) 652-4400
E-mail:  jfiero@pszjlaw.com
            jlucas@pszjlaw.com
            crobinson@pszjlaw.com

*Counsel for Debtor and Debtor in Possession*