# EXHIBIT C

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TINTRI, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 18-11625 (KJC)<br><br>Re: Docket No. \_\_\_\_\_ |

## ORDER: (A) AUTHORIZING THE EMPLOYMENT AND RETENTION OF DELOITTE TAX LLP AS TAX SERVICES PROVIDER TO THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE; (B) MODIFYING INFORMATION REQUIREMENTS OF LOCAL RULE 2016-2(d); AND (C) GRANTING RELATED RELIEF

Upon consideration of the application (the "Application")[2] of the above-captioned Debtor and Debtor in possession (collectively, the "Debtor") for entry of an order (this "Order") authorizing the Debtor to employ and retain Deloitte Tax LLP ("Deloitte Tax") as tax services provider to the Debtor in accordance with the terms of the Engagement Letters and the Work Order, *nunc pro tunc* to the Petition Date; all as more fully set forth in the Application; and upon consideration of the Philipovitch Declaration filed in support of the Application; and the Court being satisfied based on the representations made in the Application and the Philipovitch Declaration that (a) Deloitte Tax does not hold or represent an interest adverse to the Debtor's estates and (b) Deloitte Tax is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of

---

[1] The last four digits of the Debtor's federal taxpayer identification number are 6978. The Debtor's service address is: 303 Ravendale Drive, Mountain View, CA 94043.
[2] Capitalized terms not defined herein shall have the same meaning as in the Application.

Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtor's estates, their creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Debtor are authorized to employ and retain Deloitte Tax as tax services provider effective *nunc pro tunc* to the Petition Date on the terms set forth in the Application, the Engagement Letters and the Work Order.

3. The terms and conditions of the Engagement Letters and the Work Order, including the General Business Terms appended to the Engagement Letters (the "General Business Terms"), as modified by this Order, are approved.

4. Notwithstanding anything to the contrary in the Engagement Letters, with respect to the services performed under the Engagement Letters for the Debtor from the Petition

Date through the effective date of any plan of reorganization, the indemnification provisions of the Engagement Letters are modified as follows:

(a) Deloitte Tax shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letters for services, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court;

(b) The Debtor shall have no obligation to indemnify Deloitte Tax, or provide contribution or reimbursement to Deloitte Tax, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Deloitte Tax's gross negligence, fraud, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtor allege the breach of Deloitte Tax's contractual obligations, unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which Deloitte Tax should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letters as modified by this Order; and

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, Deloitte Tax believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Engagement Agreements (as modified by this Order), including, without limitation, the advancement of defense costs, Deloitte Tax must file an application therefor in this Court, and the Debtor may not pay any such amounts to Deloitte Tax before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Deloitte Tax for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify Deloitte Tax. All parties in interest shall retain the right to object to any demand by Deloitte Tax for indemnification, contribution or reimbursement.

5. The Engagement Letters and the General Business Terms are modified as follows with respect to services performed thereunder for the Debtor after the Petition Date and through the effective date of any plan of reorganization:

    a. Paragraph 10 of the General Business Terms shall be deemed deleted and replaced with the following:

        Nothing contained in the Engagement Letter shall alter in any way the duties imposed by law on Deloitte Tax in respect of the Services provided hereunder. It is understood and agreed that, with respect to the relationship between Deloitte Tax, on the one hand, and Client, on the other hand, each party hereto is an independent contractor and neither party is nor shall be considered to be, nor shall purport to act as, the other's agent, distributor, partner, joint venture, or representative.

    b. Section 6 of the General Business Terms, which purports to limit the amount of liability of Deloitte Tax, or purports to limit the types of damages that may be awarded in an action against Deloitte Tax, shall be of no effect and shall be deemed to have been deleted.

    c. Any provision of the Engagement Letters or General Business Terms relating to expense policies and reimbursements shall be subject to the applicable fee guidelines, the Bankruptcy Rules, the Local Rules, and the applicable orders of this Court.

6. Notwithstanding anything in the Engagement Letters to the contrary, Deloitte Tax shall be compensated for fees earned and expenses incurred during the Chapter 11 Case, on both an interim, if applicable, and final basis, in accordance with the terms and conditions of the Engagement Letters, as modified herein, the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules as may be applicable from time to time, and such procedures as may be fixed by order of this Court; *provided, however*, that Local Rule 2016-2(d) is hereby modified such that Deloitte Tax shall only be required to maintain time records in half-hour (0.5) increments setting forth, in a summary format, a description of the

services rendered by each professional and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtor.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Debtor and Deloitte Tax are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order during the course of the Chapter 11 Case.

Dated: _____, 2018

                                      The Honorable Kevin J. Carey
                                      United States Bankruptcy Judge