IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TINTRI, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 18-11625 (KJC)<br><br>Objection Deadline: October 17, 2018 at 4:00 p.m.<br>Hearing Date: October 24, 2018 at 3:00 p.m. |

**THIRD OMNIBUS MOTION FOR THE ENTRY OF AN
ORDER AUTHORIZING THE DEBTOR TO REJECT CERTAIN
EXECUTORY CONTRACTS *NUNC PRO TUNC* TO THE REJECTION DATE**

**IF YOU HAVE RECEIVED THIS MOTION AND ARE A COUNTERPARTY TO AN AGREEMENT WITH TINTRI, INC., PLEASE REVIEW THIS MOTION IN ITS ENTIRETY, INCLUDING <u>EXHIBIT A</u> ATTACHED HERETO, TO DETERMINE IF THIS MOTION AFFECTS YOUR AGREEMENT AND YOUR RIGHTS THEREUNDER**

The above-captioned debtor and debtor in possession (the "<u>Debtor</u>") hereby files this motion (the "<u>Motion</u>") for the entry of an order substantially in the form attached hereto as <u>Exhibit B</u>, authorizing the rejection of certain contracts (the "<u>Rejected Contracts</u>") as set forth on <u>Exhibit A</u> hereto, *nunc pro tunc* to the date of this Motion (the "<u>Rejection Effective Date</u>"). In support of this Motion, the Debtor respectfully represents as follows:

**<u>JURISDICTION</u>**

1. The United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

---

[1] The last four digits of the Debtor's federal taxpayer identification number are 6978. The Debtor's service address is: 303 Ravendale Drive, Mountain View, CA 94043.

District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief sought herein are sections 365(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

4. On July 10, 2018 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has continued in the possession of its property and has continued to operate and manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this chapter 11 case.

5. On July 20, 2018, the United States Trustee appointed the following to the Official Committee of Unsecured Creditors pursuant to section 1102(a)(1) of the Bankruptcy Code: (a) Flextronics International USA, Inc., (b) Clari, Inc., and (c) NCR Corporation.

6. The factual background regarding the Debtor, including its current and historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the *Declaration of Robert J. Duffy in Support of First Day Pleadings* [Docket No. 2] and fully incorporated herein by reference.

7. On August 29, 2018, the Court entered its *Order (A) Authorizing the Sale of Substantially All of the Debtor's Assets Pursuant to Asset Purchase Agreement Free and*

*Clear of Liens, Claims and Encumbrances, and Other Interets; (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (C) Granting Related Relief* [Docket No. 221] (the "Sale Order").

8. On August 31, 2018, the sale contemplated by the Sale Order closed. Subsequent to the closing of the sale, the Debtor has been actively reviewing and evaluating the remaining executory contracts that were not assumed by the purchaser, including evaluating the ongoing cost of continuing to perform under such contracts. In connection with this review, the Debtor has determined to reject the Rejected Contracts because they will accrue administrative expenses without any accompanying benefit to the Debtor's estate and are no longer necessary to the Debtor's wind down operations.

## RELIEF REQUESTED

9. The Debtor seeks the entry of an order, pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, authorizing and approving the Debtor's rejection of the Rejected Contracts *nunc pro tunc* to the Rejection Effective Date. As set forth in detail below, the relief requested herein is in the best interest of the Debtor's estate and creditors because the contracts are no longer necessary to the Debtor's wind down operations and the Debtor, in the exercise of its business judgment, does not believe that that the Rejected Contracts have any net value to the Debtor's estate.

## BASIS FOR RELIEF

10. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). Courts routinely approve motions to reject executory contracts and unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's

estate and is an exercise of sound business judgment. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts to authorize the rejection of an executory contract is that of "business judgment"); *see also In re Taylor*, 913 F.2d 102 (3d. Cir. 1990); *In re Buckhead America Corp.*, 180 B.R. 83 (Bankr. D. Del. 1995).

11. Courts generally will not Third-guess a debtor's business judgment concerning the rejection of an executory contract or unexpired lease. *See In re Armstrong World Indus.*, 348 B.R. 136, 162 (Bankr. D. Del. 2006) ("Courts have uniformly deferred to the business judgment of the debtor to determine whether the rejection of an executory contract of unexpired lease by the debtor is appropriate under section 365(a) of the Bankruptcy Code."); *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("A debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice." (internal quotations omitted)). The "business judgment" test is not a strict standard and merely requires a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *N.L.R.B. v. Bildisco*, 682 F.2d 72, 79 (3rd Cir. 1982) (noting that the "usual test for rejection of an executory contract is simply whether rejection would benefit the estate") *aff'd*, 465 U.S. 513 (1984). Further, "[s]ection 365 enables the trustee to maximize the value of the debtor's estate by assuming executory contracts and unexpired leases that benefit the estate and rejecting those that do not." *L.R.S.C. Co. v. Rickel Home Centers, Inc. (In re Rickel Home Centers, Inc.)*, 209 F.3d 291, 298 (3d Cir. 2000); *see also Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (section 365 of the Bankruptcy Code "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed").

12. The Debtor has determined that the Rejected Contracts are no longer necessary to the Debtor's wind down operations and do not contain any potential value for the Debtor's creditors or other parties in interest. The Debtor has undertaken a review of its contracts and has determined that (a) the Rejected Contracts are financially burdensome and no longer necessary to the Debtor's wind down operations, (b) the Rejected Contracts have no marketable value that could be generated through assumption and assignment, and (c) the Debtor's continued performance under the Rejected Contracts would constitute an unnecessary depletion of value of the Debtor's estate. Accordingly, the Debtor has determined in the sound exercise of its reasonable business judgment, that it is in the best interests of creditors that each of the Rejected Contracts be rejected, effective as of the Rejection Effective Date.

## *NUNC PRO TUNC* **RELIEF IS APPROPRIATE**

13. Bankruptcy courts are empowered to grant retroactive rejection of a contract or lease under sections 105(a) and 365(a) of the Bankruptcy Code. *See Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028-29 (1st Cir. 1995) (indicating "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively" to the motion filing date); *see also Pacific Shores Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1067 (9th Cir. 2004) (same); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) ("[T]he court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)").

14. *Nunc pro tunc* rejection of the Rejected Contracts will permit the Debtor to reduce burdensome costs and avoid additional, unnecessary administrative charges for the

contracts that are not necessary for the Debtor's chapter 11 efforts. The counterparties to the Rejected Contracts will not be unduly prejudiced if the Rejected Contracts are rejected *nunc pro tunc* because the Debtor has ceased all use of agreements, personal property, equipment, or services provided by the contracts and, if necessary, has made equipment or personal property available for pickup to the contract counterparty. Furthermore, each counterparty has received or will receive, through notice of this Motion, a statement of the Debtor's clear intention to reject the contracts. Thus, the equities in this case favor rejection of the Rejected Contracts *nunc pro tunc* to the Rejection Effective Date.

15. Similar relief has been granted in other cases in this jurisdiction. *See, e.g.*, *In re UCI International, LLC*, No. 16-11354 (MFW) (Bankr. D. Del. Aug. 25, 2016 (authorizing rejection nunc pro tunc to the date of filing the motion) *In re Vestis Retail Grp., LLC*, No. 16-10971 (LSS) (Bankr. D. Del. May 16, 2016); *In re City Sports, Inc.*, No. 15-12054 (KG) (Bankr. D. Del. Oct. 30, 2015); *In re Deb Stores Holdings*, LLC, No. 14-12676 (KG) (Bankr. D. Del. Jan. 7, 2015); *In re Alsip Acquisition, LLC*, No. 14-12596 (KJC) (Bankr. D. Del. Jan. 12, 2015) (KJC). Thus, to eliminate potential administrative claims against its estate and to avoid further obligations accruing under the Rejected Contracts, the Debtor respectfully submits that rejecting the Rejected Contracts, effective retroactively, is appropriate.

## CLAIMS BAR DATE

16. The counterparties may seek to assert a rejection damage claim under section 502 of the Bankruptcy Code or other claims in connection with the Rejected Contracts and must do so in accordance with any claim bar date set by the Court.

17. The failure to file a timely claim by such bar date shall forever prohibit the counterparty of the Rejected Contracts from receiving any distribution on account of such claims

from the Debtor's estate or otherwise. The Debtor will give notice of such bar date to the counterparties.

## COMPLIANCE WITH BANKRUPTCY RULE 6006(f)

18. Bankruptcy Rule 6006(f) establishes requirements for a motion to reject multiple executory contracts or unexpired leases that are not between the same parties. Rule 6006(f) states, in part, that such a motion shall: (a) state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion; (b) list parties alphabetically and identify the corresponding contract or lease; (c) specify the terms, including the curing of defaults, for each requested assumption or assignment; (d) specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment; (e) be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and (f) be limited to no more than 100 executory contracts or unexpired leases.

19. The Debtor respectfully submits that the relief requested in this Motion complies with the requirements of Bankruptcy Rule 6006(f).

## NOTICE

20. Notice of this Motion shall be given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) counsel for the Debtor's prepetition and postpetition lenders; (c) counsel to the Official Committee of Unsecured Creditors; (d) the counterparties to the Rejected Contracts and their counsel if known; and (e) parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

21.  No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order granting the relief requested herein, substantially in the form attached hereto as Exhibit B.

Dated:   September 30, 2018       PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
John D. Fiero (CA Bar No. 136557)
John W. Lucas (CA Bar No. 271038)
Colin R. Robinson (DE Bar No. 5524)
919 N. Market Street, 17th Floor
Wilmington, DE 91899
Tel:  (302) 652-4100
Fax: (302) 652-4400
E-mail:  jfiero@pszjlaw.com
            jlucas@pszjlaw.com
            crobinson@pszjlaw.com

*Counsel for Debtor and Debtor in Possession*

# EXHIBIT A

## Rejected Contracts

| Counterparty | Contract Name / Description |
|---|---|
| Atlas Private Security Inc<br>888 N. First Street , #222<br>San Jose , CA  95112 | Security at Corporate Offices |
| Atlassian Pty Ltd.<br>32151 Collections Center Drive<br>Chicago, IL 60693 | EMG Change Management System |
| CreativePlant Design Inc.<br>1670 Las Plumas Ave, Unit C<br>San Jose , CA  95133 | Building Interior Décor |
| Everbank Commerical Finance, Inc<br>PO Box 911608<br>Denver, CO  80291-1608 | Copiers & Printers in Corporate Offices |
| GymDoc, Inc<br>3488 Arden Road<br>Hayward , CA  94545 | Onsite Fitness Equipment |
| Hi5 Health Network<br>PO Box 2216<br>Morgan Hill , CA  95038 | Office Delivery of Fruits & Snacks |
| LCN Services, LLC<br>2269 Chestnut Street, #318<br>San Francisco, CA 94123 | Splunk Enterprise |
| Norcal Heating & Cooling Inc<br>P.O. Box 112431<br>Campbell , CA  95011 | HVAC Services for Corporate Office |
| Peninsula Security Services<br>1755 E. Bayshore Road, STE 28B<br>Redwood City , CA 94063 | Office Security / Alarms |
| Plants Inc<br>2457 W. Montrose Ave<br>Chicago , IL  60618 | Office Interior Landscaping |

| Counterparty | Contract Name / Description |
|---|---|
| Rackspace US, Inc.<br>1 Fanatical Place<br>Windcrest, TX 78218 | Lab Schematics |
| TelePacific Communications<br>P.O. Box 509013<br>San Diego , CA  92150-9013 | Telephone Line at Colocation |
| UserVoice Inc.<br>121 2nd Street, Floor 4<br>San Francisco, CA 94105 | Call Forwarding |

# EXHIBIT B

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TINTRI, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 18-11625 (KJC)<br><br>**Related Docket No.** ___ |

**ORDER AUTHORIZING THE DEBTOR TO REJECT CERTAIN
EXECUTORY CONTRACTS *NUNC PRO TUNC* TO THE REJECTION DATE**

Upon the *Third Omnibus Motion for Entry of an Order Authorizing the Debtor to Reject Certain Executory Contracts Nunc Pro Tunc to the Rejection Date* (the "Motion");[2] and it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and due and adequate notice of the Motion having been given under the circumstances; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted as set forth herein.

2. Pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Debtor is authorized to reject the Rejected Contracts set forth on Exhibit A annexed hereto. The rejection is effective *nunc pro tunc* to September 30, 2018, the date the Motion was filed.

---

[1] The last four digits of the Debtor's federal taxpayer identification number are 6978. The Debtor's service address is: 303 Ravendale Drive, Mountain View, CA 94043.
[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

3. Within two business days after entry of this Order, the Debtor will serve this Order on the counterparties to the Rejected Contracts.

4. The counterparty must file a claim under section 502 of the Bankruptcy Code or other claims in connection with such Rejected Contract or the rejection, breach or termination of such Rejected Contract in accordance with any claims bar date set by the Court, and the failure to file a timely claim shall forever prohibit the counterparty of the applicable Rejected Contracts from receiving any distribution on account of such claims from the Debtor's estate or otherwise.

5. Notwithstanding the relief granted herein and any actions taken hereunder, nothing in the Motion or this Order shall be deemed or construed to be: (i) an admission as to the validity or priority of any claim against the Debtor; (ii) a waiver by the Debtor of any claims it may have against any counterparties to any Rejected Contracts, whether or not such claims are related to such Rejected Contracts; (iii) a waiver of the Debtor's right to assert that any Rejected Contracts terminated prior to the Petition Date or the Rejection Effective Date; or (iv) a waiver of the Debtor's right to assert that any of the Rejected Contracts do not constitute executory contracts.

6. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (i) this Order shall be effective immediately and enforceable upon its entry; (ii) the Debtor is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (iii) the Debtor is authorized and empowered, and may in its discretion and without further delay, take any action necessary or appropriate to implement this Order.

7. The rejection of the Rejected Contracts authorized in this Order complies with the requirements of Bankruptcy Rule 6006(f).

8. The Court shall retain jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2018

                                                    _____
                                                    HONORABLE KEVIN J. CAREY
                                                    UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A TO ORDER

## Rejected Contracts