IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| In re:<br><br>TINTRI, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 18-11625 (KJC)<br><br>Objection Deadline: November 14, 2018 at 4:00 p.m.<br>Hearing Date: November 27, 2018 at 2:00 p.m. |
|---|---|

**MOTION PURSUANT TO
SECTION 365(a) OF THE BANKRUPTCY CODE
FOR AN ORDER (A) AUTHORIZING THE DEBTOR TO
REJECT NONRESIDENTIAL REAL PROPERTY LEASES
AND ABANDON ANY PERSONAL PROPERTY LOCATED AT SUCH
PREMISES AND (B) FIXING A BAR DATE FOR CLAIMS**

The above-captioned debtor and debtor in possession (the "Debtor") hereby files this motion (the "Motion") for the entry of an order, (a) authorizing the Debtor to reject, effective as of October 31, 2018 at 11:59 p.m. (Pacific Time) (the "Rejection Effective Date"), the (i) *Office Lease* dated February 13, 2013 (as amended, the "Master Lease") by and between BP MV Research Park LLC (the "Landlord") and the Debtor and (ii) *Sublease* dated May 30, 2014 (as amended, the "Sublease" and, together with the Master Lease, the "Rejected Leases") by and between T3C Inc., d/b/a Retail Solutions Inc. (the "Sublessee"), each relating to the real property located at 201-203 and 205 Ravendale Drive, Mountain View, California 94043 (the "Leased Premises");[2] (b) authorizing the Debtor to abandon any personal property (the "Remaining Personal Property") remaining at the Leased Premises after the Rejection Effective Date; and (c) fixing a bar date for claims, if any, of the Landlord and Sublessee arising out of such rejection (the "Bar Date"). In support of this Motion, the Debtor respectfully represents as follows:

---

[1] The last four digits of the Debtor's federal taxpayer identification number are 6978. The Debtor's service address is: 75 State Street, 18th Floor, Suite 1805, Boston, MA 02109.

[2] Sublessee subleases 201-203 Ravendale Drive from the Debtor.

## JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and rule predicates for the relief sought herein are sections 365(a) and 554(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4. On July 10, 2018 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has continued in the possession of its property and has continued to operate and manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this chapter 11 case.

2

5.  On July 20, 2018, the United States Trustee appointed the following to the Official Committee of Unsecured Creditors pursuant to section 1102(a)(1) of the Bankruptcy Code: (a) Flextronics International USA, Inc., (b) Clari, Inc., and (c) NCR Corporation.

6.  The factual background regarding the Debtor, including its current and historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the *Declaration of Robert J. Duffy in Support of First Day Pleadings* [Docket No. 2] and fully incorporated herein by reference.

7.  On August 29, 2018, the Court entered its *Order (A) Authorizing the Sale of Substantially All of the Debtor's Assets Pursuant to Asset Purchase Agreement Free and Clear of Liens, Claims and Encumbrances, and Other Interest; (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (C) Granting Related Relief* [Docket No. 221] (the "Sale Order").

8.  On August 31, 2018, the sale contemplated by the Sale Order closed. Subsequent to the closing of the sale, the Debtor has been actively reviewing and evaluating the remaining executory contracts and unexpired real property leases that were not assumed by the purchaser, including evaluating the ongoing cost of continuing to perform under such contracts. In connection with this review, the Debtor has determined to reject the Rejected Leases to avoid any further administrative expenses associated with occupying the Leased Premises, which is no longer required for the wind down of the Debtor's operations.

## RELIEF REQUESTED

9.  Through this Motion, the Debtor seeks the entry of an order, pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, (a) authorizing and approving the Debtor's rejection of the Rejected Leases, effective as of the Rejection Effective Date, (b)

authorizing the Debtor to abandon any personal property located at the Leased Premises after the Rejection Effective Date, and (c) fixing a bar date for claims, if any, of the Landlord and Sublessee. As set forth in detail below, the relief requested herein is in the best interests of the Debtor's estate and creditors because the Debtor has ceased business operations at the Leased Premises, has no further use for the Leased Premises, will vacate the Leased Premises on or before the Rejection Effective Date, and the Debtor, in the exercise of its business judgment, does not believe that that the Rejected Leases have any net value to the Debtor's estate.

10. To the extent notice of the Debtor's intention to reject the Rejected Leases has not been previously provided to the Landlord or Sublessee, the filing and service of this Motion shall serve as notice to the Landlord and Sublessee of the Debtor's intention to reject the Rejected Leases.

## BASIS FOR RELIEF

11. Section 365(a) of the Bankruptcy Code provides that a trustee or debtor in possession, "subject to the court's approval, may ... reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Muerexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)).

12. The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the trustee. *See NLRB v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); *In re Taylor*, 913 F.2d

4

102, 107 (3d Cir. 1990); *see also In re Federal Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re HQ Global Holdings*, 290 B.R. 507, 511 (Bankr. D. Del. 2003). The business judgment standard mandates that a court approve a trustee's business decision unless the decision is the product of bad faith, whim or caprice. *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *see also Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

13. Rejection of an executory contract or unexpired lease is appropriate where rejection of the contract or lease would benefit the estate. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 40 (3d Cir. 1989). The standard for rejection is satisfied when a trustee or debtor has made a business determination that rejection will benefit the estate. *See Commercial Fin. Ltd. v. Hawaii Dimensions, Inc. (In re Hawaii Dimensions, Inc.)*, 47 B.R. 425, 427 (D. Haw. 1985) ("under the business judgment test, a court should approve a debtor's proposed rejection if such rejection will benefit the estate.").

14. If the trustee's or debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired lease or executory contract. *See, e.g., NLRB v. Bildisco & Bildisco*, 462 U.S. at 523 (1984); *In re Federal Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003).

15. In applying the business judgment standard, courts show great deference to the trustee's or debtor's decisions to reject. *See e.g., NRLB V. Bildisco & Bildisco*, 462 U.S. at 523 (1984); *In re Federal Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003) (court should approve a debtor's decision to reject a contract unless that decision is the product of bad faith or

a gross abuse of discretion); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

16. Pursuant to section 365(a) of the Bankruptcy Code, the Debtor seeks to reject the Rejected Leases effective as of the Rejection Effective Date in order to avoid the possibility of incurring any additional expenses and costs. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 530 (1984) (stating that rejection relates back to the petition date). Furthermore, a court may permit retrospective rejection to avoid unduly exposing a debtor's estate to unwarranted postpetition administrative or other expenses. *See In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (N.D. Tex. 1996); *see also In re Thinking Mach. Corp.*, 67 F.3d 1021, 1028 (1st Cir. 1995) ("bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation."); *In re Jamesway Corp.*, 179 B.R. 33, 37-38 (S.D.N.Y. 1995) (affirming bankruptcy court's retroactive approval of lease rejection); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 140 (D. Col. 2003) (holding that a bankruptcy court "has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject").

17. The Debtor seeks to reject the Rejected Leases, in accordance with the principle of sound business judgment, based on the belief that the Rejected Leases are, and will continue to be, a burden to the Debtor's estate. The Debtor has terminated its operations at the particular location subject to the Rejected Leases, has no further use for and will vacate the Leased Premises on or before the Rejection Effective Date, and the Rejected Leases no longer provide any economic benefit to the Debtor. Additionally, the Debtor has determined that the cost to the Debtor of continuing to occupy the Leased Premises under the Rejected Leases, and

of performing its obligations under the Rejected Leases and incurring unnecessary administrative expenses would put the solvency of this estate in jeopardy and that rejection of the Rejected Leases is thus in the best interests of the Debtor's estate and creditors. For all of the above reasons, the Debtor submits that rejection of the Rejected Lease is in the best interests of the Debtor's estate and creditors, and other parties in interest.

18. The Debtor may have claims against the Landlord or Sublessee arising under, or independently of, the Rejected Leases. The Debtor does not waive such claims by the filing of this Motion or by the rejection of the Rejected Leases.

### ABANDONMENT OF REMAINING PERSONAL PROPERTY

19. As discussed above, the Debtor has ceased operations at the location subject to the Rejected Leases. The Debtor anticipates that the purchaser will have removed all of its purchased assets from the Leased Premises by the Rejection Effective Date and that the Debtor will have removed all of its owned personal property assets from the Leased Premises by the Rejection Effective Date. However, to the extent there is any remaining personal property at the Leased Premises after the Rejection Effective Date (the "Remaining Personal Property"), the Debtor seeks authority to abandon the Remaining Personal Property as of the Rejection Effective Date.

20. The Debtor seeks to abandon any Remaining Personal Property assets described above as is, where is, and in accordance with section 554(a) of the Bankruptcy Code. Section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). The Debtor believes that the costs associated with liquidating any Remaining Personal Property at the Leased Premises on the Rejection Effective Date will likely

approach or exceed the value of such assets. Accordingly, the Debtor believes that the Remaining Personal Property at the Leased Premises, if any, has inconsequential value to the Debtor's estate and should be abandoned as of the Rejection Effective Date.

## CLAIMS BAR DATE

21. As set forth above, the Landlord and Sublessee may seek to assert rejection damage claims under section 502 of the Bankruptcy Code or other claims in connection with the Rejected Leases. The Debtor further requests by this Motion that the Court fix a claims bar date with respect to the Rejected Leases of 21 days after entry of an order granting the Motion, failing which such claim or claims by the Landlord and Sublessee shall be forever barred.

22. Bankruptcy Rule 3003(c)(3) provides that "[t]he court shall fix . . . the time within which proofs of claim may be filed." Bankruptcy Rule 2002(a)(7) requires at least 21 days' notice by mail of the time fixed for filing proofs of claim and interest pursuant to Bankruptcy Rule 3003(c)(3).

23. The Debtor requests that the Court, in accordance with Bankruptcy Rule 3003(c)(3), establish a bar date that is 21 days after entry of an order granting the Motion, failing which such claim or claims by the Landlord and Sublessee shall be forever barred.

24. The Debtor will give notice of such bar date to the Landlord and Sublessee by service of the Order approving this Motion and fixing such bar date. The Debtor will serve such order within three business days of its entry, thereby satisfying the requirements of Bankruptcy Rule 2002(a)(7). The Debtor reserves any and all rights to object to any rejection damage claims or other claims filed by the Landlord or Sublessee.

DOCS_SF:98103.1

## NOTICE

25. Notice of this Motion shall be given to the following parties or their counsel, if known: (a) the Office of the United States Trustee; (b) the Debtor's prepetition and postpetition lenders; (c) the Committee; (d) the Landlord; (e) the Sublessee; and (f) parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

26. No previous request for the relief sought herein has been made to this or any other Court.

## CONCLUSION

27. The Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as <u>Exhibit B</u>, (i) granting the Motion, (ii) approving the rejection of the Rejected Leases effective as of the Rejection Effective Date, (iii) authorizing the Debtor to abandon any Remaining Personal Property at the Leased Premises on the Rejection Effective Date; (iv) fixing a bar date for filing claims, if any, of the Landlord and Sublessee; and (v) granting such other and further relief as the Court may deem proper.

DOCS_SF:98103.1

Dated: October 31, 2018      PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
John D. Fiero (CA Bar No. 136557)
John W. Lucas (CA Bar No. 271038)
Colin R. Robinson (DE Bar No. 5524)
919 N. Market Street, 17th Floor
Wilmington, DE 91899
Tel: (302) 652-4100
Fax: (302) 652-4400
E-mail: jfiero@pszjlaw.com
    jlucas@pszjlaw.com
    crobinson@pszjlaw.com

*Counsel for Debtor and Debtor in Possession*

10

DOCS_SF:98103.1