# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| TINTRI, INC.,[1] | : | Case No. 18-11625 (KJC) |
| | : | |
| Debtor. | : | **Obj. Deadline: December 6, 2018 at 4:00 p.m. (ET)** |
| | : | **Hearing Date: Only if necessary** |

**SUMMARY OF THIRD MONTHLY FEE APPLICATION OF WOMBLE BOND DICKINSON (US) LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD OCTOBER 1, 2018 THROUGH OCTOBER 31, 2018**

| | |
|---|---|
| Name of Applicant: | Womble Bond Dickinson (US) LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | *Nunc Pro Tunc* to July 20, 2018 |
| Period for which Compensation and Reimbursement is Sought: | October 1, 2018 to October 31, 2018 |
| Amount of Compensation sought as Actual, Reasonable and Necessary: | $18,683.50 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $211.98 |

This is a(n):  __X__ Monthly  _____ Interim  _____ Final Fee Application

This is WBD's third monthly application.

The total time expended in connection with the preparation of this fee application is not included herein as such time was expended after the Application Period. In connection with preparation of the prior fee application, 6.5 hours were expended in connection with preparation of the application and review of the invoices. The time spent reviewing the invoices was not calculated separately from the preparation of the fee application as such

---

[1] The Debtor and the last four digits of its taxpayer identification numbers are (6978). The headquarters and service address for the above-captioned Debtor is 303 Ravendale Dr., Mountain View, Ca 94043.

time was minimal and intertwined with the actual preparation of the application and redactions were not necessary.

**PRIOR APPLICATIONS:**

|  |  | **Requested** |  | **Approved** |  |  |
|---|---|---|---|---|---|---|
| **Date Filed** | **Period Covered** | **Fees** | **Expenses** | **Fees [80%]** | **Expenses [100%]** | **Fee Holdback** |
| First Monthly Filed 9/27/2018 DI No. 244 CNO-DI No. 256 | 7/20/18-8/31/18 | $317,829.00 | $1,700.84 | $254,263.20 | $1,700.84 | $63,565.80 |
| Second Monthly Filed 10/16/2018 DI No. 252 CNO-DI No. 273 | 9/1/18-9/30/18 | $68,891.50 | $661.75 | $55,113.20 | $661.75 | $13,778.30 |

**SUMMARY OF PROFESSIONAL SERVICES RENDERED BY
WOMBLE BOND DICKINSON (US), LLP ON BEHALF
OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR
THE PERIOD OCTOBER 1, 2018 THROUGH OCTOBER 31, 2018**

| NAME OF PROFESSIONAL PERSON | POSITION/DATE ADMITTED TO BAR/NUMBER OF YEARS | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION SOUGHT *(REFLECTS REDUCTIONS)* |
|---|---|---|---|---|
| Philip J. Mohr | Partner – Joined WBD in 1997 | $605.00 | 1.6 | $968.00 |
| Matthew P. Ward | Partner – Admitted to Delaware Bar 2003; Joined WBD in 2008 | $580.00 | 7.7 | $4,466.00 |
| Ericka F. Johnson | Of Counsel – Admitted to Delaware Bar 2007; Joined WBD in 2009 | $500.00 | 20.8 | $10,400.00 |
| Morgan L. Patterson | Associate – Admitted to Delaware Bar 2009; Joined WBD in 2013 | $450.00 | 3.8 | $1,710.00 |
| Chadd P. Fitzgerald | Paralegal; Joined WBD in 2017 | $265.00 | 4.3 | $1,139.50 |
| **TOTALS** | | | **38.2** | **$18,683.50** |
| **Total Blended Rate** | | **$489.09** | | |

**SUMMARY OF SERVICES BY TASK CODE FOR PROFESSIONAL SERVICES RENDERED BY WOMBLE BOND DICKINSON (US) LLP ON BEHALF OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD OCTOBER 1, 2018 THROUGH OCTOBER 31, 2018**

| TASK CODE | TASK DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| BKBD | Bar Date | 2.9 | $1,498.00 |
| BKC | Creditors Committee Meeting/Conferences | 1.9 | $1,022.00 |
| BKE | Executory Contracts/Lease Agreements | 1.5 | $796.50 |
| BKF | Fee Application/Monthly Billing | 6.5 | $2,783.50 |
| BKFO | Fees of Others | 1.5 | $774.00 |
| BKG | General Case Administration | 1.2 | $341.50 |
| BKH | Court Hearings/Preparation/Agenda | 0.2 | $100.00 |
| BKLT | Litigation | 18.0 | $8,982.00 |
| BKO | Claims Administration | 2.5 | $1,336.00 |
| BKPO | Plan of Reorganization | 0.8 | $432.00 |
| BKRO | Retention of Others | 1.0 | $502.00 |
| BKRS | Reports and Schedules | 0.2 | $116.00 |
|  | **Total** | **38.2** | **$18,683.50** |

**SUMMARY OF EXPENSES INCURRED BY WOMBLE BOND DICKINSON (US) LLP ON BEHALF OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD OCTOBER 1, 2018 THROUGH OCTOBER 31, 2018**

| EXPENSE CATEGORY | TOTAL EXPENSES |
| --- | --- |
| Copying/Printing | $46.60 |
| Express Delivery Charge | $144.88 |
| Messenger/Courier Service | $20.50 |
| **Total Expenses Requested:** | **$211.98** |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re : | Chapter 11 |
| TINTRI, INC.,[1] : | Case No. 18-11625 (KJC) |
| Debtor. : | **Obj. Deadline: December 6, 2018 at 4:00 p.m. (ET)**<br>**Hearing Date: Only if necessary** |

## THIRD MONTHLY FEE APPLICATION OF WOMBLE BOND DICKINSON (US) LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD OCTOBER 1, 2018 THROUGH OCTOBER 31, 2018

Womble Bond Dickinson (US) LLP ("WBD"), as counsel to the Official Committee of Unsecured Creditors (the "Committee") of Tintri, Inc., the above-captioned debtor ("Tintri" or the "Debtor"), submits its Third Monthly Fee Application (the "Application"), pursuant to sections 330(a), 331, and 1103 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 ("Local Rule 2016-2") of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 issued by the Executive Office for United States Trustees (the "Guidelines"), and this Court's Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals,

---

[1] The Debtor and the last four digits of its taxpayer identification numbers are (6978). The headquarters and service address for the above-captioned Debtor is 303 Ravendale Dr., Mountain View, Ca 94043.

entered August 8, 2018 (Docket No. 154) (the "Interim Compensation Order"),[2] for the allowance of (i) interim compensation for professional services performed by WBD for the period October 1, 2018 through and including October 31, 2018 (the "Application Period") in the amount of $18,683.50 (the "Interim Compensation Amount") and (ii) reimbursement of its actual and necessary expenses in the amount of $211.98 incurred during the Application Period (the "Interim Expense Amount").  In support of the Application, the Committee respectfully represents:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue of these cases and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Bankruptcy Code sections 330 and 331.

## BACKGROUND

4. On July 10, 2018 (the "Petition Date"), Tintri filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").  The Debtor is operating its business as debtor-in-possession pursuant to Bankruptcy Code sections 1107 and 1108.  To date, no trustee or examiner has been appointed.

5. On July 20, 2018 (the "Formation Date"), the Office of the United States Trustee for the District of Delaware (the "United States Trustee") appointed the

---

[2] Capitalized terms used herein but not capitalized shall have the meaning(s) ascribed to them in the Interim Compensation Order.

Committee pursuant to Bankruptcy Code section 1102(a)(1). The Committee formed by the United States Trustee for Tintri has the following 3 members:

    a.    Flextronics International USA, Inc.;

    b.    Clari, Inc.; and

    c.    NCR Corporation.

6. On July 20, 2018, the Committee selected WBD to serve as its counsel.

7. On August 7, 2018, the Committee applied to the Court for an order authorizing the Committee to retain WBD as its counsel, *nunc pro tunc* to July 20, 2018 (Docket No. 132) (the "Retention Application").

8. On August 27, the Court entered an Order approving the retention of WBD as counsel to the Committee, *nunc pro tunc* to July 20, 2018 (Docket No. 210) (the "Retention Order").

## SUMMARY OF APPLICATION PERIOD

9. During the Application Period, WBD performed the services for the Committee for which it is seeking compensation. WBD received no payment and no promises of payment from any source, other than the Debtor, for services rendered, or to be rendered, in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between WBD and any other person, other than members of the firm, for the sharing of compensation received for services rendered in this case.

10. WBD maintains computerized records of the time spent by all WBD attorneys and paraprofessionals in connection with its representation of the Committee. Subject to redaction where necessary to preserve attorney-client privilege, relevant copies of the computerized records showing detailed time entries relating to the fees incurred by

WBD in the amount of $18,683.50 during the Application Period are attached as <u>Exhibit A</u>.

11.     WBD also expended costs on behalf of the Committee in the sum of $211.98.  A full detailed accounting of the costs expended by WBD is attached as <u>Exhibit B</u>.

12.     WBD seeks monthly allowance and payment, pursuant to Bankruptcy Code sections 330 and 331, of all fees and expenses incurred October 1, 2018 through and including October 31 2018.  The firm's total fees sought for the Application Period are $18,683.50, and its total expenses are $211.98.

13.     Pursuant to the Interim Compensation Order, 80% of the firm's fees, or $14,946.80 is payable to WBD, together with 100% of the firm's expenses, absent an objection to the Application.

**A.     Summary of Services Rendered by WBD during the Application Period**

14.     This Application is the third monthly fee application for interim compensation that WBD has filed with the Court in this case.  During the Application Period, WBD provided meaningful professional services to the Committee in its efforts to maximize value to the estate's stakeholders.

15.     During the Application Period, WBD professionals addressed the preservation of the Debtor's books and records, including through the drafting and negotiation of a joint prosecution agreement and coordination of records retrieval. Additionally, WBD professionals analyzed intercompany claims and plans for exiting the chapter 11 process.  WBD professionals also continued to monitor filings in the bankruptcy case.

16. Additional services rendered to the Committee by WBD during the Application Period are described in the itemized time records for professionals and paraprofessionals attached hereto as <u>Exhibit A</u>.

17. During the Application Period, WBD billed the estate for time expended by attorneys and paraprofessionals based on hourly rates ranging from $265.00 to $605.00 per hour.  The professional services performed by WBD on behalf of the Committee during the Application Period required an aggregate expenditure of 38.2 recorded hours by WBD's partners, counsel, associates, and paraprofessionals.  WBD's blended hourly rate for services provided during the Application Period was $489.09.

18. The fees charged by WBD, as set forth in <u>Exhibit A</u>, are billed in accordance with WBD's existing billing rates and procedures in effect during the Application Period.  The rates that WBD charges for services rendered by its professionals and paraprofessionals in these chapter 11 cases were comparable rates for professional and paraprofessional services rendered in bankruptcy and non-bankruptcy related matters in a competitive national legal market.

19. All entries itemized in WBD's time records comply with the requirements set forth in Local Rule 2016-2, including, without limitation, (i) the utilization of project categories, (ii) a description of each activity or service that each individual performed, and (iii) the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services. Each project category in <u>Exhibit A</u> is organized in accordance with WBD's internal system of project category or work codes (each a "Task Code").  If a Task Code does not appear, then WBD did not bill time or expenses for that Task Code during the Application Period, but may bill time for that Task Code in the

future. In accordance with Local Rule 2016-2(d)(viii), task code BKTT-Travel Time is billed at 50% of the regular hourly rates. Furthermore, in accordance with Local Rule 2016-2(d)(x), all activity descriptions in Exhibit A are presented chronologically within each Task Code category.

20. The professional services performed by WBD were necessary and appropriate to the administration of this case. The professional services performed by WBD were in the best interests of the Committee and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and time-sensitive nature of the problems, issues, or tasks involved. The professional services were performed with expedition and in an efficient manner.

21. In accordance with the factors enumerated in Bankruptcy Code section 330, the amount of fees requested is fair and reasonable given: (a) the complexity of the case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; (e) WBD's established expertise in the bankruptcy field; and (f) the costs of comparable services other than in a case under the Bankruptcy Code.

**B.     Actual and Necessary Expenses**

22. Pursuant to Local Rule 2016-2(e), attached as Exhibit B are WBD's itemized records detailing expenses incurred on behalf of Committee during the Application Period.

23. As more fully described in Exhibit B, WBD seeks reimbursement for the following categories of expenses: (a) copying/printing; (b) express delivery charges; and (c) postage. All entries detailed in Exhibit B comply with the requirements set forth in

Local Rule 2016-2(e), including an itemization of the expenses by category, the date the expense was incurred, and the individual incurring the expense, where available.

24. WBD has not charged the Committee for internal photocopying expenses. WBD also does not charge for outgoing facsimile transmissions.[3] The rates charged by WBD for Westlaw and Lexis computerized research vary according to the type of research conducted and the specific files researched, but, in any event, such charges are billed at cost, as set forth in Exhibit B. As per the Guidelines, WBD has not requested reimbursement of expenses related to overhead charges, such as secretarial services and proofreading.

25. WBD has incurred $211.98 in out-of-pocket expenses incurred as reasonable and necessary costs relating to serving as counsel to the Committee during the Application Period. These charges are intended to cover WBD's direct costs incurred in representing the Committee, which costs are not incorporated in any respect into WBD's hourly billing rates. The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services. Only clients who actually use services of the types set forth in Exhibit B are separately charged for such services. WBD has made every effort to minimize its expenses in this case. The actual expenses incurred in providing professional services were necessary, reasonable, and tailored to serve the needs of the Committee.

**C.      The Requested Compensation Should Be Allowed**

26. The professional time expended by the firm, the value of said time in fees, and the value of the actual expenses incurred by the firm were actual, reasonable, and

---

[3] To the extent WBD uses an outside vendor for volume faxing, WBD bills those charges at cost. WBD seeks competitive market rates for such outside vendor services.

7

necessary. In all respects, the firm's fees and expenses meet the standards for allowance under Bankruptcy Code section 330, as well as the standards that govern the review and allowance of bankruptcy professionals' fees. See, e.g., In re Busy Beaver Bldg. Ctrs., Inc., 19 F.3d 833 (3d Cir. 1994).

27. Bankruptcy Code section 331 provides for interim compensation of professionals and incorporates the substantive standards of Bankruptcy Code section 330 to govern the Court's award of such compensation. See 11 U.S.C. § 331. Bankruptcy Code section 330 provides that a court may award a professional employed under Bankruptcy Code section 1103 the "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A) (B). Bankruptcy Code section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)   the time spent on such services;
>
> (B)   the rates charged for such services;
>
> (C)   whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)   with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

28. The professional services performed by WBD were in the best interests of the Committee and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and time-sensitive nature of the problems, issues, or tasks involved. The professional services were performed with expedition and in an efficient manner.

29. Whenever possible, WBD sought to minimize the costs of its services to the Committee by assigning tasks as appropriate to junior attorneys and paraprofessionals whose rates are lower. WBD's delegation as such has resulted in a very desirable blended rate for its timekeepers in this engagement.

30. In sum, the services rendered by WBD were necessary and beneficial to the Committee, the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

**RESPONSES TO FEE GUIDELINES QUESTIONNAIRE**

| Question | Response | Explanation |
|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain. | No | N/A |
| If the fees sought in this fee application as compared to the fees budgeted for this time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? | N/A | N/A |

| | | |
|---|---|---|
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | No | N/A |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | Yes | 6.5 hours for fee application preparation that includes some time spent reviewing invoices |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? | No | N/A |
| If the fee application includes any rate increases since retention:<br><br>   i. Did your client review and approve those rate increases in advance?<br><br>   ii. Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA formal Ethics Opinion 11-458? | Yes | The Committee was informed that WBD fees are generally subject to adjustment at the beginning of WBD's fiscal year. The Committee approved the actual rate increase after such increases became effective. The Committee was not asked to approve and did not agree to a blanket approval of future increases, and the Committee has been informed that they need not agree to modified rates or terms in order to have continued representation. |

## RESERVATION OF RIGHTS

31. To the extent time or disbursement charges for services rendered or disbursements incurred relate to the Application Period but were not processed prior to the preparation of this Application, or WBD has for any other reason not sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Application Period, WBD reserves the right to request

additional compensation for such services and reimbursement of such expenses in a future application.

## CERTIFICATE OF COMPLIANCE AND WAIVER

32. The undersigned representative of WBD certifies that the undersigned has reviewed the requirements of Local Rule 2016-2, and that the Application substantially complies with such Local Rule. To the extent that the Application does not comply in all respects with the requirements of Local Rule 2016-2, the undersigned believes that such deviations are not material. Accordingly, WBD respectfully requests that any such requirements be waived.

## NOTICE

33. The Committee has provided notice of this Application to (i) the Debtor, Tintri, Inc., 303 Ravendale Drive, Mountain View, CA 94943, Attn: Robert J. Duffy, Chief Restructuring Officer; (ii) counsel for the Debtor, (a) Pachulski Stang Ziehl & Jones, 919 N. Market Street, 17th Floor, Wilmington, DE 19801, Attn: James E. O'Neill, Esq. (b) Pachulski Stang Ziehl & Jones, 150 California Street, 15th Floor, San Francisco, CA 94111, Attn: John D. Fiero, Esq.; (iii) the office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Timothy J. Fox, Esq.; (iv) counsel to Silicon Valley Bank, (a) Riemer & Braunstein LLP, Times Square Tower, Seven Times Square, Suite 2506, New York, NY 10036, Attn: Steven E. Fox, Esq. and (b) Ashby & Geddes, 500 Delaware Avenue, P.O. Box 1150, Wilmington, DE 19801, Attn: Gegory A. Taylor, Esq.; and (v) counsel to TriplePoint Capital LLC, (a) McDermott Will & Emery, 340 Madison Avenue, New York, NY 10173, Attn: Riley T. Orloff, Esq., (b) McDermott Will & Emery, 2049 Century Park East, Suite 3800, Los Angeles, CA 90067, Attn: Gary B.

Rosenbaum, Esq., and (c) Posinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, DE 19801, Attn: Christopher A. Ward, Esq.

## CONCLUSION

WHEREFORE, WBD respectfully requests that it be granted (i) a monthly allowance of fees in the amount of $18,683.50, and authority for an interim payment of compensation for professional services rendered herein as counsel to the Committee during the Application Period in the amount of $14,946.80, which is eighty percent (80%) of the fees incurred; (ii) reimbursement of expenses in the amount of $211.98; and (iii) such further relief as the Court may deem just and proper.

Dated:  November 15, 2018
Wilmington, Delaware                    **WOMBLE BOND DICKINSON (US) LLP**

*/s/ Matthew P. Ward*
Matthew P. Ward (Del. Bar No. 4471)
Ericka F. Johnson (Del. Bar No. 5024)
Morgan L. Patterson (Del. Bar No. 5388)
222 Delaware Avenue, Suite 1501
Wilmington, Delaware 19801
Telephone:  (302) 252-4320
Facsimile:  (302) 252-4330
Email:  matthew.ward@wbd-us.com
Email:  ericka.johnson@wbd-us.com
Email:  morgan.patterson@wbd-us.com

*Counsel to the Official Committee of Unsecured Creditors*