IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TINTRI, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 18-11625 (KJC)<br><br>Related Docket No. 276 |

## ORDER AUTHORIZING THE DEBTOR TO REJECT CERTAIN EXECUTORY CONTRACTS *NUNC PRO TUNC* TO THE REJECTION DATE

Upon the *Fourth Omnibus Motion for Entry of an Order Authorizing the Debtor to Reject Certain Executory Contracts Nunc Pro Tunc to the Rejection Date* (the "Motion");[2] and it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and due and adequate notice of the Motion having been given under the circumstances; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted as set forth herein.

2. Pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Debtor is authorized to reject the Rejected Contracts set forth on <u>Exhibit A</u> annexed hereto. The rejection is effective *nunc pro tunc* to November 13, 2018, the date the Motion was filed.

---

[1] The last four digits of the Debtor's federal taxpayer identification number are 6978. The Debtor's service address is: 75 State Street, 18th Floor, Suite 1805, Boston, MA 02109.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

3. Within two business days after entry of this Order, the Debtor will serve this Order on the counterparties to the Rejected Contracts.

4. The counterparty must file a claim under section 502 of the Bankruptcy Code or other claims in connection with such Rejected Contract or the rejection, breach or termination of such Rejected Contract in accordance with any claims bar date set by the Court, and the failure to file a timely claim shall forever prohibit the counterparty of the applicable Rejected Contracts from receiving any distribution on account of such claims from the Debtor's estate or otherwise.

5. Notwithstanding the relief granted herein and any actions taken hereunder, nothing in the Motion or this Order shall be deemed or construed to be: (i) an admission as to the validity or priority of any claim against the Debtor; (ii) a waiver by the Debtor of any claims it may have against any counterparties to any Rejected Contracts, whether or not such claims are related to such Rejected Contracts; (iii) a waiver of the Debtor's right to assert that any Rejected Contracts terminated prior to the Petition Date or the Rejection Effective Date; or (iv) a waiver of the Debtor's right to assert that any of the Rejected Contracts do not constitute executory contracts.

6. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (i) this Order shall be effective immediately and enforceable upon its entry; (ii) the Debtor is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (iii) the Debtor is authorized and empowered, and may in its discretion and without further delay, take any action necessary or appropriate to implement this Order.

7. The rejection of the Rejected Contracts authorized in this Order complies with the requirements of Bankruptcy Rule 6006(f).

8. The Court shall retain jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: Dec. 7, 2018

HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE