## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TINTRI, INC., | ) Case No. 18-11625 (LSS) |
| | ) |
| Debtor. | ) |
| | ) **Docket Ref. No. 391, 392, and 412** |

### NOTICE OF FILING OF PLAN SUPPLEMENT TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TINTRI, INC.'S PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

The Official Committee of Unsecured Creditors of Tintri, Inc. (the "Creditors'

Committee") hereby files its Plan Supplement, pursuant to The Official Committee of Unsecured

Creditors of Tintri, Inc.'s Plan of Liquidation under Chapter 11 of the Bankruptcy Code (the

"Plan").

Dated: September 9, 2019
  Wilmington, Delaware

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Ericka F. Johnson*
Matthew P. Ward (Del. Bar No. 4471)
Ericka F. Johnson (Del. Bar No. 5024)
Morgan L. Patterson (Del. Bar No. 5388)
1313 N. Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email: matthew.ward@wbd-us.com
Email: ericka.johnson@wbd-us.com
Email: morgan.patterson@wbd-us.com

*Counsel to the Official Committee of Unsecured Creditors*

## TABLE OF CONTENTS

| DOCUMENT TITLE: | EXHIBIT NUMBER: |
|---|---|
| Liquidating Trust Agreement | 1 |
| Preserved Causes of Action of Debtors Against Third Parties | 2 |
| Letter Agreement Regarding Definition of Consultation Rights by and between TriplePoint Capital and Carroll Services, LLC, as Liquidation Trustee | 3 |

**<u>Exhibit 1</u>**

## LIQUIDATION TRUST AGREEMENT

This Liquidation Trust Agreement is made as of the Effective Date (defined below), by and between Tintri, Inc., as debtor and debtor in possession (the "Debtor"), and Carroll Services, LLC, as trustee (the "Liquidation Trustee").[1]

## RECITALS

WHEREAS, on July 10, 2018 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

WHEREAS, the Official Committee of Unsecured Creditors of Tintri, Inc. (the "Committee") filed a Plan of Liquidation Under Chapter 11 of the Bankruptcy Code on August 15, 2019 (as may be amended, the "Plan"); and

WHEREAS, the Plan was confirmed by the Bankruptcy Court by Order entered on September 26, 2019 (the "Confirmation Order"); and

WHEREAS, the Plan's Effective Date occurred on September __, 2019 (the "Effective Date"); and

WHEREAS, the Plan contemplates, on the Effective Date, (a) the creation of a liquidation trust (the "Liquidation Trust") and the creation of beneficial interests in the Liquidation Trust of holders of Allowed Claims in Classes 5 and 6 of the Plan,[2] respectively (collectively, the "Beneficiaries" and, each individually, a "Beneficiary") and the transfer to the Liquidation Trust of the following: (i) the funds to be received pursuant to the Committee Settlement (including, without limitation, the Wind-Down Reserve, as such term is defined in the Committee Settlement, in the amount of $2,000,000 and the GUC Sales Proceeds Recovery, as such term is defined in the Committee Settlement, in the amount of $1,325,000) (collectively, the "Trust Funds"), and (ii) all Assets of the Debtor and the Estate including remaining funds in the Professional Fee Escrow Account and the Administrative and Priority Claims Reserve other than (a) the Purchased Assets, (b) the Effective Date Cash Payment once made, and (c) any Cause of Action and Claim not released pursuant to Sections 11.7, 11.8, and 11.9 of the Plan (collectively, the "Causes of Action," together with the Trust Funds, the "Trust Assets").

WHEREAS, the Trust Assets are to be liquidated and distributed to the Beneficiaries, as set forth in the Plan; and

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

[2]    Class 3 holds liens on certain Causes of Action assigned to the Liquidation Trust and will share its portion of proceeds pursuant to the terms of the Committee Settlement.

WHEREAS, the Plan contemplates that the Liquidation Trust shall be created for the primary purpose of Liquidation the Trust Assets in an expeditious but orderly manner for the benefit of the Beneficiaries, with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to and consistent with the Liquidation purpose of the Liquidation Trust and the Plan; and

NOW, THEREFORE, pursuant to the Plan and the Confirmation Order, in consideration of the premises, the mutual agreements of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and affirmed, the parties hereby agree as follows:

## ARTICLE I
## DECLARATION OF TRUST

**Creation and Purpose of the Liquidation Trust.** The Debtor and the Liquidation Trustee hereby create the Liquidation Trust for the primary purpose of liquidating and distributing the Trust Assets to the Beneficiaries in accordance with the Plan, the Confirmation Order, and applicable tax statutes, rules and regulations, and in an expeditious but orderly manner, with no objective to continue or engage in the conduct of a trade or business. In particular, the Liquidation Trustee shall make timely distributions and not unduly prolong the duration of the Liquidation Trust.

**Declaration of Trust.** In order to declare the terms and conditions hereof, and in consideration of the confirmation of the Plan, the Debtor and the Liquidation Trustee have executed this Liquidation Trust Agreement and, effective on the Effective Date, hereby irrevocably transfer to the Liquidation Trust, all of the right, title and interests of the Debtor in and to the Trust Assets, to have and to hold unto the Liquidation Trust and its successors and assigns forever, under and subject to the terms of the Plan and the Confirmation Order for the benefit of the Beneficiaries and their successors and assigns as provided for in this Liquidation Trust Agreement and in the Plan and Confirmation Order.

**Vesting of Trust Assets.** As of the Effective Date and upon execution of this Agreement, the Trust Assets shall be vested in the Liquidation Trust pursuant to the terms of the Plan and the Confirmation Order, subject to the rights and interests of the Liquidation Trust's beneficiaries.

**Transfer of Trust Assets.**  Pursuant to Bankruptcy Code section 1141, and the Confirmation Order, all transfers and contributions made pursuant to Section 6.5.2 of the Plan are made free and clear of all Claims, Liens, encumbrances, charges, and other interests.  Upon completion of the transfer of the Trust Assets to the Liquidation Trust, the Debtor will have no further interest in, or with respect to, the Trust Assets, or the Liquidation Trust.  For all federal income tax purposes, all parties (including, without limitation, the Debtor, the Liquidation Trustee, and the Liquidation Trust's beneficiaries) will treat the transfer of assets to the Liquidation Trust in accordance with the terms of the Plan, as a transfer to the Liquidation Trust's beneficiaries, followed by a transfer by such Liquidation Trust's beneficiaries to the

Liquidation Trust, and the Liquidation Trust's beneficiaries will be treated as the grantors and owners thereof.

All such Trust Assets shall be delivered to the Liquidation Trust free and clear of interests, claims, liens, or other encumbrances of any kind, except the Allowed Claims of the Beneficiaries. Moreover, on the Effective Date, all privileges with respect to any of the Trust Assets, including the attorney/client privilege, to which the Debtor are entitled shall be automatically vested in, and available for assertion by or waiver on behalf of the Liquidation Trust. To the extent any of the foregoing does not automatically occur on the Effective Date or is not effectuated through the Confirmation Order or this Agreement, the Debtor shall, on the Effective Date, execute such other and further documents as is reasonably necessary to effectuate all of the foregoing.

**Funding of the Trust.** The Liquidation Trust shall be funded with the Trust Assets.

**Acceptance by Liquidation Trustee.** The Liquidation Trustee hereby accepts the trust imposed upon it by this Liquidation Trust Agreement and agrees to observe and perform that trust on and subject to the terms and conditions set forth in this Liquidation Trust Agreement, the Plan, and the Confirmation Order. In connection with and in furtherance of the purposes of the Liquidation Trust, the Liquidation Trustee hereby accepts the transfer of the Trust Assets.

**Name of the Liquidation Trust.** The Liquidation Trust established hereby shall be known as the "The Tintri Liquidation Trust."

## ARTICLE II
## THE LIQUIDATION TRUSTEE

**Appointment.** The Liquidation Trustee has been selected pursuant to the provisions of the Plan. The Liquidation Trustee's appointment shall continue until the earlier of: (a) the termination of the Liquidation Trust; or (b) the Liquidation Trustee's resignation, death, dissolution, removal, or liquidation.

**General Powers.** Except as otherwise provided in this Liquidation Trust Agreement, the Plan, or the Confirmation Order, the Liquidation Trustee may control and exercise authority over the Trust Assets, over the acquisition, management and disposition thereof, and over the management and conduct of the business of the Liquidation Trust. No person dealing with the Liquidation Trust shall be obligated to inquire into the Liquidation Trustee's authority in connection with the acquisition, management, or disposition of Trust Assets. Without limiting the foregoing, but subject to the Plan, the Confirmation Order, and other provisions of this Liquidation Trust Agreement, the Liquidation Trustee shall expressly be authorized, in the exercise of its business judgment, with respect to the Liquidation Trust and the Trust Assets, to:

        a)      exercise all power and authority that may be or could have been exercised, commence all proceedings that may be or could have been

commenced and take all actions that may be or could have been taken with respect to the Trust Assets by any officer, director, shareholder or other party acting in the name of the Debtor or its Estate with like effect as if duly authorized, exercised and taken by action of such officers, directors, shareholders or other Party;

b)      open and maintain bank accounts on behalf of or in the name of the Liquidation Trust, calculate and make distributions and take other actions consistent with the Plan and the implementation thereof, including the establishment, re-evaluation, adjustment and maintenance of appropriate reserves, in the name of the Liquidation Trust;

c)      receive, manage, liquidate, invest, supervise, and protect the Trust Assets, subject to the limitations provided herein, provided, however, that investments shall be limited to demand and time deposits or United State Treasury bills;

d)      hold legal title to any and all Trust Assets; subject to the applicable provisions of the Plan, collect and liquidate all Trust Assets;

e)      review, and where appropriate, object to claims and supervise and administer the resolution and settlement of all Claims and all Distributions to holders of Allowed Claims, the Beneficiaries, and creditors of the Liquidation Trust, including, without limitation, the power to subordinate and recharacterize Claims by objection, motion, or adversary proceeding in accordance with this Liquidation Trust Agreement, the Plan, and the Confirmation Order,

f)      in accordance with this Liquidation Trust Agreement pursue, prosecute, resolve and compromise and settle, or otherwise liquidate any Avoidance Action or other Cause of Action;

g)      seek a determination of tax liability under Bankruptcy Code section 505; file, if necessary, any and all tax and information returns required with respect to the Liquidation Trust; make tax elections for and on behalf of the Liquidation Trust; and pay taxes, if any, payable for and on behalf of the Liquidation Trust;

h)      wind down the affairs of the Debtor, including the wind down and termination of any 401(k) plans of the Debtor;

i)      pay all lawful, expenses, debts, charges, taxes and liabilities of the Liquidation Trust;

j)      withhold from the amount distributable to any person such amount as may be sufficient to pay any tax or other charge which the Liquidation Trustee has determined, in its sole discretion, may be required to be withheld therefrom under the income tax laws or other laws of the United States or of any state or political subdivision thereof, including, without limitation, requiring that, as a condition to the receipt of a Distribution, the Holder of an Allowed Claim complete the appropriate IRS Form W-8 or IRS Form W-9;

k)      take any action reasonably necessary to access any insurance policy or coverage made available to the Liquidation Trust pursuant to the terms of the Plan;

l)      enter into any agreement or execute any document required by or consistent with the Plan, the Confirmation Order or this Liquidation Trust Agreement and perform all obligations thereunder;

m)      purchase and carry all insurance policies and pay all insurance premiums and costs it deems reasonably necessary or advisable;

n)      take all other actions consistent with the provisions of the Plan which the Liquidation Trustee deems reasonably necessary or desirable to administer the Liquidation Trust;

o)      implement, enforce or discharge all of the terms, conditions and all other provisions of, and all duties and obligations under, the Plan, the Confirmation Order and this Liquidation Trust Agreement;

p)      calculate and implement all Distributions for the Liquidation Trust's beneficiaries;

q)      administer and pay taxes, including, among other things, (i) filing tax returns, and (ii) representing the interest and account of the Liquidation Trust before any taxing authority in all matters including, without limitation, any action, suit, proceeding or audit, and distributing information statements as required for federal income tax and other applicable tax purposes;

r)      retain and pay at normal and customary rates or on a contingency fee basis, on a monthly or other periodic basis, without prior Bankruptcy Court approval, professionals in connection with the Liquidation Trustee's performance of its duties under the Plan and this Liquidation Trust Agreement; and

s)      file an application for entry by the Bankruptcy Court of a final decree closing any or all of the Chapter 11 Cases.

**Compensation of Liquidation Trustee and its Professionals.** The Liquidation Trustee shall be entitled to receive reasonable compensation and reimbursement of expenses in connection with the performance of its duties, plus the reimbursement of reasonable out-of-pocket expenses.  Professionals retained by the Liquidation Trustee shall be entitled to receive reasonable compensation and reimbursement of expenses from Trust Assets, provided that, in the event that Trust Assets are insufficient to compensate the Liquidation Trustee for the performance of its duties, the Liquidation Trustee may resign in accordance with the terms of this Agreement.

On or before the last day of each month following the month for which compensation or reimbursement is sought, each of the Liquidation Trustee's professionals seeking compensation shall serve a monthly statement on the Liquidation Trustee (unless any such professional and the Liquidation Trustee agree to different process). The Liquidation Trustee will have fifteen (15) days from the date such statement is received to review the statement and object to such statement by serving an objection on the professional setting forth the precise nature of the objection and the amount at issue. At the expiration of the fifteen (15) day period, the Liquidation Trustee shall pay from Trust Assets 100% of the amounts requested, except for the portion of such fees and disbursements to which any objection has been made.

The parties shall attempt to consensually resolve objections, if any, to any monthly statement. If the parties are unable to reach a consensual resolution of any such objection, the party who received an objection to its fees and costs may seek payment of such fees and costs by filing a motion with the Bankruptcy Court. If the Liquidation Trustee or any professional fails to submit a monthly statement, it shall be ineligible to receive payment of fees and expenses therefor as provided in this Liquidation Trust Agreement until the monthly statement is submitted.

**General Duties, Obligations, Rights and Benefits of the Liquidation Trustee.** The Liquidation Trustee shall have all duties, obligations, rights and benefits assumed by, assigned to, or vested in the Liquidation Trust under the Plan, the Confirmation Order, this Liquidation Trust Agreement and any other agreement entered into pursuant to or in connection with the Plan. Such duties, obligations, rights and benefits include, without limitation, (a) calculating and implementing all Distributions for the Liquidation Trust's beneficiaries; (b) administering and paying taxes, including, among other things, (i) filing of tax returns, and (ii) representing the interest and account of the Liquidation Trust before any taxing authority in all matters including, without limitation, any action, suit, proceeding or audit; (c) periodic reporting to the Oversight Committee of the status of prosecution of Causes of Action; (d) liquidating the Liquidation Trust Assets, including through the commencement of Causes of Action at the discretion of the Liquidation Trustee subject to certain consultation rights, and providing payments to the Liquidation Trust's beneficiaries in accordance with the

6

provisions of this Plan; (e) retaining and paying at normal and customary rates on a monthly basis or on a contingency fee basis professionals in connection with the Liquidation Trustee's performance of its duties under the Plan and Liquidation Trust Agreement; (f) distributing information statements as required for federal income tax and other applicable tax purposes; (g) filing an application for entry by the Bankruptcy Court of a final decree closing the Chapter 11 Case; and (h) such other responsibilities as may be vested in the Liquidation Trustee pursuant to the Plan, the Liquidation Trust Agreement or Bankruptcy Court order or as may be necessary and proper to carry out the provisions of the Plan. In addition, after the Plan Confirmation Date, the Liquidation Trustee shall file with the Bankruptcy Court and submit to the United States Trustee regular post-confirmation status reports every three months, on or before each of the fifteenth (15th) day of January, April, July, and October as appropriate, until the Chapter 11 Case is closed, converted, or dismissed, whichever happens earlier.

**Replacement of the Liquidation Trustee.** The Liquidation Trustee may resign at any time upon thirty (30) days' written notice delivered to the Bankruptcy Court, provided that such resignation shall become effective only upon the appointment of a permanent or interim successor Liquidation Trustee. In the event of the resignation or removal of the Liquidation Trustee, the Bankruptcy Court may designate a person to serve as successor Liquidation Trustee based upon submissions from interested parties (including any Beneficiary) or, in the event a successor Liquidation Trustee is not appointed, upon notice and a hearing, enter an order approving the Liquidation Trustee's resignation. Upon its appointment, the successor Liquidation Trustee, without any further act, shall become fully vested with all of the rights, powers, duties and obligations of its predecessor, and all responsibilities of the predecessor Liquidation Trustee relating to the Liquidation Trust shall be terminated. In the event of the removal or resignation of any Liquidation Trustee, such Liquidation Trustee (or its estate or representatives) shall be entitled to seek compensation for all reasonable fees and expenses accrued through the effective date of termination, in accordance with the procedures set forth in this Liquidation Trust Agreement. The provisions of Article IV shall survive the resignation or removal of any Liquidation Trustee.

**Liquidation Trust Continuance.** The death, dissolution, resignation or removal of the Liquidation Trustee shall not terminate the Liquidation Trust or revoke any existing agency created by the Liquidation Trustee pursuant to this Liquidation Trust Agreement or invalidate any action theretofore taken by the Liquidation Trustee, and the successor Liquidation Trustee agrees that the provisions of this Liquidation Trust Agreement shall be binding upon and inure to the benefit of the successor Liquidation Trustee and all its successors or assigns.

### ARTICLE III
### PROSECUTION AND RESOLUTION OF CAUSES OF ACTION

**The Liquidation Trust's Exclusive Authority to Pursue, Settle, or Abandon Causes of Action.** The Liquidation Trust shall have exclusive rights, powers, and interests of the Estate to pursue, settle or abandon all of the Causes of Action, subject to certain consultation rights with respect to certain Causes of Action, in each case as the

sole representative of the Estate with respect thereto pursuant to Bankruptcy Code section 1123(b)(3).

**Settlement of Causes of Action.** The Liquidation Trustee will have the sole power to resolve, compromise, and settle any Causes of Action on behalf of the Liquidation Trust without prior Bankruptcy Court approval; provided, however, that the Secured Lender shall have consultation rights with respect to certain Causes of Action.

## ARTICLE IV
## LIABILITY OF LIQUIDATION TRUSTEE;
## INDEMNIFICATION RESERVE AND INSURANCE

**Standard of Care; Exculpation.** Neither the Liquidation Trustee nor any director, officer, affiliate, employee, employer, attorney, professional, agent or representative of the Liquidation Trustee shall be liable for losses, claims, damages, liabilities or expenses in connection with the affairs of the Liquidation Trust to any holder of a Claim against, or interest in, the Debtor, or to any Beneficiary of the Liquidation Trust, or any other person, for the acts or omissions of the Liquidation Trustee; provided, however, that the foregoing limitation shall not apply to any losses, claims, damages, liabilities or expenses suffered or incurred by any holder of an Allowed Claim that are found in a final judgment by a court of competent jurisdiction (not subject to further appeal) to have resulted primarily and directly from the fraud, gross negligence or willful misconduct of the Liquidation Trustee, or any director, officer, affiliate, employee, employer, attorney, professional, agent or representative of the Liquidation Trustee, in which case the party committing such fraud, gross negligence or willful misconduct shall not be protected by this paragraph with respect to such acts.

**Indemnification.** Except as otherwise set forth in the Plan or Confirmation Order, the Liquidation Trustee, and any director, officer, affiliate, employee, employer, attorney, professional, agent or representative of the Liquidation Trustee (each, an "Indemnified Party" and collectively, the "Indemnified Parties") shall be defended, held harmless and indemnified from time to time by the Liquidation Trust against any and all losses, claims, damages, liabilities, penalties, obligations and expenses, including the costs for counsel or others in investigating, preparing or defending any action or claim, whether or not in connection with litigation in which any Indemnified Party is a party, or enforcing this Liquidation Trust Agreement (including these indemnity provisions), as and when incurred, caused by, relating to, based upon or arising out of (directly or indirectly) the Liquidation Trustee's acceptance of or the performance or nonperformance of its obligations under this Liquidation Trust Agreement, the Plan or the Confirmation Order; provided, however, such indemnity shall not apply to any such loss, claim, damage, liability or expense to the extent it is found in a final judgment by a court of competent jurisdiction (not subject to further appeal) to have resulted primarily and directly from the fraud, gross negligence or willful misconduct of the Liquidation Trustee, or any director, officer, affiliate, employee, employer, attorney, professional, agent or representative of the Liquidation Trustee, in which case the party committing such fraud, gross negligence or willful misconduct shall not be protected by this paragraph with respect to such acts. Satisfaction of any obligation

of the Liquidation Trust arising pursuant to the terms of this section shall be payable only from the Trust Assets, may, at the discretion of the Liquidation Trustee, be advanced prior to the conclusion of such matter, and such right to payment shall be prior and superior to any other rights to receive a distribution of the Trust Assets.

The Liquidation Trust shall promptly pay expenses reasonably incurred by any Indemnified Party in defending, participating in, or settling any action, proceeding or investigation in which such Indemnified Party is a party or is threatened to be made a party or otherwise is participating in connection with the Liquidation Trust Agreement or the duties, acts or omissions of the Liquidation Trustee, upon submission of invoices therefor, whether in advance of the final disposition of such action, proceeding, or investigation or otherwise. Each Indemnified Party hereby undertakes, and the Liquidation Trust hereby accepts its undertaking, to repay any and all such amounts so advanced if it shall ultimately be determined that such Indemnified Party is not entitled to be indemnified therefor under this Liquidation Trust Agreement.

**Insurance**. The Liquidation Trust may purchase, using Trust Assets, and carry all insurance policies and pay all insurance premiums and costs the Liquidation Trustee deems reasonably necessary or advisable, including, without limitation, purchasing any errors and omissions insurance with regard to any liabilities, losses, damages, claims, costs and expenses it may incur, including but not limited to attorneys' fees, arising out of or due to its actions or omissions, or consequences of such actions or omissions, other than as a result of its fraud or willful misconduct, with respect to the implementation and administration of the Plan or this Liquidation Trust Agreement.

### ARTICLE V
### PROVISIONS CONCERNING ADMINISTRATION OF THE LIQUIDATION TRUST

**Register of Beneficiaries.** The Liquidation Trust shall cause to be maintained at all times a register of the Beneficiaries' names, addresses of record, amounts of Allowed Claims, and ratable interests in the Liquidation Trust (the "Register"). The Liquidation Trust shall cause the Register to be kept at its office or at such other place or places as may be designated by the Liquidation Trustee from time to time.

**Books and Records.** The Liquidation Trust also shall maintain in respect of the Liquidation Trust and the Beneficiaries' books and records relating to the Trust Assets and income realized therefrom and the payment of expenses of and claims against or assumed by the Liquidation Trust in such detail and for such period of time as may be necessary to enable it to make full and proper reports in respect thereof. Except as expressly provided in this Liquidation Trust Agreement, the Plan or the Confirmation Order, or as may be required by applicable law, nothing in this Liquidation Trust Agreement is intended to require the Liquidation Trust to file any accounting or seek approval of any court with respect to the administration of the Liquidation Trust, or as a condition for making any payment or distribution out of the Trust Assets.

**Interim Reporting.** After the Plan Confirmation Date, the Liquidation Trustee shall file with the Bankruptcy Court regular post-confirmation status reports every three months, on or before each of the fifteenth (15th) day of January, April, July, and October as appropriate, until the Chapter 11 Case is closed, converted, or dismissed, whichever happens earlier.

## ARTICLE VI
## BENEFICIAL INTERESTS AND BENEFICIARIES

**Trust Beneficial Interests.** Each holder of an Allowed Claim in Classes 5 and 6 under the Plan shall be entitled to receive a beneficial interest in the Liquidation Trust in accordance with the treatment of such Claim under the Plan, and shall be entitled to distributions as set forth in the Plan.

**Interest Beneficial Only.** The ownership of a beneficial interest in the Liquidation Trust shall not entitle any Beneficiary to any title in or to the Trust Assets or to any right to call for a partition or division of the Trust Assets or to require an accounting.

**Absolute Owners.** The Liquidation Trustee may deem and treat the Beneficiary reflected as the owner of a beneficial interest on the Register as the absolute owner thereof for the purposes of receiving distributions and payments on account thereof for federal and state income tax purposes and for all other purposes whatsoever.

**Change of Address**. A Beneficiary may, after the Effective Date, select an alternative distribution address by filing a notice with the Bankruptcy Court (copy served on the Liquidation Trustee) identifying such alternative distribution address. Absent such notice, the Liquidation Trustee shall not recognize any such change of distribution address. Such notification shall be effective only upon receipt by the Liquidation Trustee.

**Standing.** Except as expressly provided in this Liquidation Trust Agreement, the Plan or the Confirmation Order, a Beneficiary does not have standing to direct the Liquidation Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any party upon or with respect to the Trust Assets.

## ARTICLE VII
## DISTRIBUTIONS

**Distributions to Beneficiaries from Trust Assets.** All payments to be made by the Liquidation Trust to any Beneficiary shall be made only in accordance with the Plan, the Confirmation Order and this Liquidation Trust Agreement and from the Trust Assets (or from the income and proceeds realized from the Trust Assets), if any, and only to the extent that the Liquidation Trust has sufficient Trust Assets (or income and proceeds realized from the Trust Assets) to make such payments in accordance with and to the extent provided for in the Plan, the Confirmation Order and this Liquidation Trust Agreement.

**No Distribution Pending Allowance.** No payment or distribution shall be made with respect to any Disputed Claim unless and until such Disputed Claim becomes an Allowed Claim, except for distributions into a Disputed Claims Reserve in accordance with the Plan, Confirmation Order, and this Liquidation Trust Agreement.

**Distributions after Allowance.** Distributions to each holder of a Disputed Claim, to the extent that such Claim ultimately becomes an Allowed Claim, shall be made in accordance with the provisions of the Plan.

**Non-Cash Property.** Any non-Cash property of the Liquidation Trust may be sold, transferred or abandoned by the Liquidation Trustee. If, in the Liquidation Trustee's reasonable judgment, such property cannot be sold in a commercially reasonable manner, or the Liquidation Trustee believes, in good faith, such property has no value to the Liquidation Trust, the Liquidation Trustee shall have the right, subject to obtaining the approval of the Bankruptcy Court, to abandon or otherwise dispose of such property, including by donation of such property to a charity designated by the Liquidation Trustee. Except in the case of fraud, willful misconduct or gross negligence, no party in interest shall have a cause of action against the Liquidation Trustee or any director, officer, employee, consultant or professional of the Liquidation Trustee, arising from or related to the disposition of non-Cash property in accordance with this section.

**Distributions on Non-Business Days.** Any payment or distribution due on a day other than a Business Day shall be made, without interest, on the next Business Day.

## ARTICLE VIII
## TAXES

**Income Tax Status.** Consistent with Revenue Procedure 94-45, 1994-28 I.R.B. 124, the Liquidation Trust shall be treated as a Liquidation trust pursuant to Treasury Regulation Section 301.7701-4(d) and as a grantor trust pursuant to IRC Sections 671-677. As such, the Beneficiaries will be treated as both the grantors and the deemed owners of the Liquidation Trust. Any items of income, deduction, credit and loss of the Liquidation Trust shall be allocated for federal income tax purposes to the Beneficiaries, on a pro rata basis.

**Tax Returns**. The Liquidation Trustee, on behalf of the Debtor and the Estate, shall cause tax returns and all other appropriate or necessary documents related to municipal, State, Federal, or other tax law to be prepared and filed timely.  The Liquidation Trustee shall file any such tax returns as are necessary on behalf of the Liquidation Trust as a grantor trust.

**Valuations**. As soon as possible after the Effective Date, the Liquidation Trust shall make a good faith valuation of the Trust Assets, and such valuation shall be used consistently by all parties (including, without limitation, the Liquidation Trust and the Beneficiaries) for all federal income tax purposes. The Liquidation Trust also shall file (or cause to be filed) any other statements, returns or disclosures relating to the Liquidation Trust that are required by any governmental unit.

**Expedited Determination of Taxes.** The Liquidation Trust may request an expedited determination of taxes of the Debtor and of the Liquidation Trust under Bankruptcy Code section 505(b) for all returns filed for, or on behalf of, the Debtor and the Liquidation Trust for all taxable periods through the termination of the Liquidation Trust.

## ARTICLE IX
## TERMINATION OF LIQUIDATION TRUST

**Termination of Liquidation Trust.** The Liquidation Trustee shall be discharged and the Liquidation Trust shall be terminated on the earlier of (a) the date on which (i) all Disputed Claims against the Liquidation Trust have been resolved, (ii) all of the Trust Assets have been liquidated, (iii) all duties and obligations of the Liquidation Trustee hereunder have been fulfilled, (iv) all distributions required to be made by the Liquidation Trustee under the Plan and this Liquidation Trust Agreement have been made, and (v) the Chapter 11 Case has been closed; and (b) the fifth (5th) anniversary of the Effective Date; provided, however, that the term of the Liquidation Trust may be further extended upon Court approval obtained prior to the conclusion of the previous term.

**Events Upon End of Term Termination.** At the conclusion of the term of the Liquidation Trust, the Liquidation Trust shall distribute the remaining Trust Assets, if any, to the Beneficiaries, in accordance with the Plan, the Confirmation Order and this Liquidation Trust Agreement or as provided by further order of the Bankruptcy Court.

**Winding Up and Discharge of the Liquidation Trustee.** For the purposes of winding up the affairs of the Liquidation Trust at the conclusion of its term, the Liquidation Trustee shall continue to act as Liquidation Trustee until its duties under this Liquidation Trust Agreement have been fully discharged or its role as Liquidation Trustee is otherwise terminated under this Liquidation Trust Agreement and the Plan. Upon a motion by the Liquidation Trustee, the Bankruptcy Court may enter an order relieving the Liquidation Trustee, its agents and employees of any further duties, discharging the Liquidation Trustee and releasing its bond, if any.

## ARTICLE XI
## MISCELLANEOUS PROVISIONS

**Amendments**. The Liquidation Trustee may, with the approval of the Bankruptcy Court, modify, supplement, or amend this Liquidation Trust Agreement to clarify any ambiguity or inconsistency, or render the Liquidation Trust Agreement in compliance with its stated tax purposes, and only if such amendment does not materially and adversely affect the interests, rights, treatment or distributions of any Beneficiaries. The Liquidation Trustee may, with the approval of the Bankruptcy Court, modify, supplement, or amend this Liquidation Trust Agreement in any way that is not inconsistent with the Plan or the Confirmation Order.

**Waiver.** No failure to exercise, or delay in exercising, any right, power or privilege hereunder by the Liquidation Trust or the Liquidation Trustee, shall operate as a waiver, nor shall any single or partial exercise of any right, power or privilege hereunder preclude any further exercise thereof, or of any other right, power or privilege.

**Cumulative Rights and Remedies.** The rights and remedies provided in this Liquidation Trust Agreement are cumulative and are not exclusive of any rights under law or in equity.

**Irrevocability.** This Liquidation Trust Agreement and the Liquidation Trust created hereunder shall be irrevocable, except as otherwise expressly provided in this Liquidation Trust Agreement.

**Tax Identification Numbers.** The Liquidation Trustee may require any Beneficiary to furnish to the Liquidation Trustee its social security number or employer or taxpayer identification number as assigned by the IRS, and the Liquidation Trustee may condition any distribution to any Beneficiary upon the receipt of such identification number.

**Relationship to the Plan.** The principal purpose of this Liquidation Trust Agreement is to aid in the implementation of the Plan and, therefore, this Liquidation Trust Agreement incorporates and is subject to the provisions of the Plan and the Confirmation Order. In the event that any provision of this Liquidation Trust Agreement is found to be inconsistent with a provision of the Plan or the Confirmation Order, the provisions of the Plan or the Confirmation Order, as applicable, shall control.

**Division of Liquidation Trust.** Under no circumstances shall the Liquidation Trustee have the right or power to divide the Liquidation Trust unless authorized to do so by the Bankruptcy Court.

**Applicable Law.** The Liquidation Trust is made in the State of Delaware, and the Liquidation Trust and this Liquidation Trust Agreement, and the rights and obligations of the Liquidation Trustee are to be governed by and construed and administered according to the laws of the State of Delaware; provided, however, that, except as expressly provided in this Liquidation Trust Agreement, there shall not be

13

applicable to the Liquidation Trust, the Liquidation Trustee, or this Liquidation Trust Agreement (a) the provisions of Section 3540 of Title 12 of the Delaware Code; or (b) any provisions of the laws (statutory or common) of the State of Delaware pertaining to trusts which relate to or regulate: (i) the filing with any court or governmental body or agency of trustee accounts or schedules of trustee fees and charges; (ii) affirmative requirements to post bonds for trustees, officers, agents or employees of a trust; (iii) the necessity for obtaining court or other governmental approval concerning the acquisition, holding or disposition of real or personal property; (iv) fees or other sums payable to trustees, officers, agents or employees of a trust; (v) the allocation of receipts and expenditures to income or principal; (vi) restrictions or limitations on the permissible nature, amount or concentration of trust investments or requirements relating to the titling, storage or other manner of holding of trust assets; or (vii) the establishment of fiduciary or other standards or responsibilities or limitations on the acts or powers of trustees, which are inconsistent with the limitations or liabilities or authorities and powers of the Liquidation Trustee set forth or referenced in this Liquidation Trust Agreement.

**Retention of Jurisdiction.** Notwithstanding the Effective Date, and to the fullest extent permitted by law, the Bankruptcy Court shall retain exclusive jurisdiction over the Liquidation Trust after the Effective Date, including, without limitation, jurisdiction to resolve any and all controversies, suits and issues that may arise in connection therewith, including, without limitation, this Liquidation Trust Agreement, or any entity's rights or obligations in connection herewith, including without limitation, any action against the Liquidation Trustee, or any professional retained by the Liquidation Trustee in each case in its capacity as such. Each party to this Liquidation Trust Agreement hereby irrevocably consents to the exclusive jurisdiction of the Bankruptcy Court in any action to enforce, interpret or construe any provision of this Liquidation Trust Agreement or of any other agreement or document delivered in connection with this Liquidation Trust Agreement, and also hereby irrevocably waives any defense of improper venue, forum *non conveniens* or lack of personal jurisdiction to any such action brought in the Bankruptcy Court.

**Severability.** In the event that any provision of this Liquidation Trust Agreement or the application thereof to any person or circumstance shall be determined by the Bankruptcy Court to be invalid or unenforceable to any extent, the remainder of this Liquidation Trust Agreement, or the application of such provision to persons or circumstance, other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Liquidation Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

**Limitation of Benefits.** Except as otherwise specifically provided in this Liquidation Trust Agreement, the Plan or the Confirmation Order, nothing herein is intended or shall be construed to confer upon or to give any person other than the parties hereto and the Beneficiaries any rights or remedies under or by reason of this Liquidation Trust Agreement.

**Notices.** All notices, requests, demands, consents and other communication hereunder shall be in writing and shall be deemed to have been duly

given to a person, if delivered: (a) in person; (b) by regular first class mail; or (c) by overnight mail, registered mail, or certified mail, to the following addresses:

      If to the Liquidation Trustee:

          Carroll Services, LLC
          Attn: James P. Carroll
          [insert]

      with a copy to:

          Matthew P. Ward, Esq.
          Ericka F. Johnson, Esq.
          Womble Bond Dickinson (US), LLP
          1313 N. Market Street, Suite 1200
          Wilmington, DE 19801

      If to a Beneficiary:

          To the name and Distribution Address set
          forth in the Register with respect to such
          Beneficiary.

The parties may designate in writing from time to time other and additional places to which notices may be sent.

      **Further Assurances.** From and after the Effective Date, the parties hereto covenant and agree to execute and deliver all such documents and notices and to take all such further actions as may reasonably be required from time to time to carry out the intent and purposes of this Liquidation Trust Agreement, and to consummate the transactions contemplated hereby.

      **Integration.** This Liquidation Trust Agreement, together with the Plan and the Confirmation Order, supersede all prior and contemporaneous agreements, understandings, negotiations and discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder. To the extent there is an inconsistency between the Plan and this Liquidation Trust Agreement, the Plan shall control.

      **Interpretation**. The enumeration and section headings contained in this Liquidation Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Liquidation Trust Agreement or of any term or provision hereof. Unless context otherwise requires, whenever used in this Liquidation Trust Agreement, the singular shall include the plural and the plural shall include the singular, and words importing the masculine gender shall include the feminine and the neuter, if appropriate, and vice versa, and words importing persons shall include partnerships, associations and corporations. The words herein, hereby, and hereunder and words with similar import, refer to this Liquidation Trust Agreement as a whole and not to any particular section or subsection hereof unless the context requires otherwise.

**Counterparts**. This Liquidation Trust Agreement may be signed by the parties hereto in counterparts, which, when taken together, shall constitute one and the same document.

IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Liquidation Trust Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers or representatives, all as of the date first above written.

**TINTRI, INC.**

By: _____
    Name:
    Title:

**LIQUIDATION TRUSTEE**

Carroll Services, LLC

By: _____
    Name: James P. Carroll
    Title: Manager

16

**Exhibit 2**

**Preserved Causes of Action of Debtor Against Third Parties**

Other than all claims and actions of the Debtor arising under sections 544, 547, 548, 549, and 550 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code")[1] against parties other than the Debtor's current or former directors, officers, insiders or affiliates (as such terms are defined in the Bankruptcy Code), any and all claims, rights of action, suits or proceedings, whether in law or in equity, whether known or unknown, that any Debtor or Estate may hold against any Entity, including any and all Causes of Action of the Debtor, including, but not limited to, any and all Causes of Action against the Debtor's current or former directors, officers, insiders or affiliates are preserved.

Without limiting the foregoing, the following exhibits, each of which is attached hereto, include specific types of Causes of Action expressly preserved (collectively, the "Retained Causes of Action"):

- Annex 1: Causes of Action related to insurance policies

- Annex 2: Claims, defenses, cross-claims and counter-claims related to litigation and possible litigation

- Annex 3: Causes of Action related to accounts receivable and accounts payable

- Annex 4: Causes of Action related to tax refunds and taxes

- Annex 5: Causes of Action related to contracts and/or leases

- Annex 6: Causes of Action related to deposits, adequate assurance postings and other collateral postings

- Annex 7: Causes of Action related to Avoidance Actions against the Debtor's current or former directors, officers, insiders or affiliates (as such terms are defined in the Bankruptcy Code)

- Annex 8: Causes of Action related to commercial tort claims

- Annex 9: Causes of Action related to recharacterization

---

[1]     Capitalized terms used herein, but not defined herein shall have the meanings ascribed such terms in *The Official Committee of Unsecured Creditors of Tintri, Inc.s Plan of Liquidation Under Chapter 11 of the Bankruptcy Code [Docket No. 391]* (the "Plan").

## **Annex 1**

Causes of Action Related to Insurance Policies

Unless otherwise released by the Plan or order of the Bankruptcy Court (including in connection with the disposition of any assets), the Debtor expressly reserves all Causes of Action based in whole or in part upon any and all insurance contracts, insurance policies, occurrence policies and occurrence contracts to which the Debtor is a party or pursuant to which the Debtor has any rights whatsoever.  The Causes of Action reserved include Causes of Action against insurance carriers, reinsurance carriers, insurance brokers, underwriters, occurrence carriers, or surety bond issuers relating to coverage, indemnity, contribution, reimbursement or any other matters.

**Annex 2**

Claims, Defenses, Cross-Claims and Counter-Claims
Related to Litigation and Possible Litigation


Unless otherwise released by the Plan or order of the Bankruptcy Court (including in connection with the disposition of any assets), the Debtor expressly reserves all Causes of Action against individuals or entities that are party to or that may become party to litigation, arbitration or other type of adversarial proceeding or dispute resolution proceeding, whether formal or informal, judicial or non-judicial, including, but not limited to the following:

Tuller v. Tintri, Inc. et al., 4:17-CV-05714-YGR

Clayton v. Tintri, Inc. et al., 17-CIV-04312

Nurlybayev v. Tintri, Inc. et al., 17CIV04321

Golosiy v. Tintri, Inc. et al., 17CIV04618

## **Annex 3**

### **Causes of Action Related to Accounts Receivable and Accounts Payable**

Unless otherwise released by the Plan or order of the Bankruptcy Court (including in connection with the disposition of any assets), the Debtor expressly reserves all Causes of Action against or related to all entities that owe or that may in the future owe money to the Debtor. Further, unless otherwise released in the Plan, the Debtor expressly reserves all Causes of Action against or related to all entities or individuals that assert or may assert that the Debtor owes money to them, including, but not limited to the following actions:

Tintri, Inc. v. P1 Technologies, Adv. P. No. 18-50811-LSS

Tintri, Inc. v. Nuvias Group, Adv. P. No. 18-50830-LSS

Tintri, Inc. v. Abacus Solutions, LLC, Adv. P. No. 18-50831-LSS

**<u>Annex 4</u>**

**<u>Causes of Action Related to Tax Refunds and Taxes</u>**

Unless otherwise released by the Plan or order of the Bankruptcy Court (including in connection with the disposition of any assets), the Debtor expressly reserves all Causes of Action against or related to all entities that owe or that may in the future owe money related to tax refunds of the Debtor.  Further, the Debtor expressly reserves all Causes of Action against or related to all entities that assert or that may in the future assert the Debtor owes taxes to them, including, but not limited to with respect to the following:

California State Audit, SR GH 101-688240

## Annex 5

## Causes of Action Related to Contracts and Leases

Unless otherwise released by the Plan or order of the Bankruptcy Court (including in connection with the disposition of any assets), the Debtor expressly reserves all Causes of Action, based in whole or in part upon any and all contracts and leases to which the Debtor has any right whatsoever. The Causes of Action reserved include Causes of Actions against vendors, suppliers of goods or services, or any other parties: (a) for overpayments, back charges, duplicate payments, improper holdbacks, deposits, warranties, guarantees, indemnities, recoupment, or setoff; (b) for wrongful or improper termination, suspension of services or supply of goods, or failure to meet other contractual or regulatory obligations; (c) for failure to fully perform or to condition such performance on additional requirements under contracts with the Debtor before the assumption or rejection, if applicable; (d) for payments, deposits, holdbacks, reserves or other amounts owed by any creditor, utility, supplier, vendor, insurer, lender, lessor, or other party; (e) for any liens held by the Debtor; (f) counter-claims and defenses related to any contractual obligations; (g) turnover actions; and (h) for unfair competition, interference with contract or potential business advantage, breach of contract, infringement of intellectual property, or any business tort claim.

**<u>Annex 6</u>**

**Causes of Action Related to Deposits, Adequate Assurance Postings
<u>and Other Collateral Postings</u>**


Unless otherwise released by the Plan or order of the Bankruptcy Court (including in connection with the disposition of any assets), the Debtor expressly reserves all Causes of Action based in whole or in part upon any and all postings of security deposits, adequate assurance payments or any other type of deposit or collateral.

## **Annex 7**

## **Causes of Action Related to Avoidance Actions**

Unless otherwise released by the Plan or order of the Bankruptcy Court (including in connection with the disposition of any assets), the Debtor expressly reserves all Avoidance Actions against the Debtor's current or former directors, officers, insiders or affiliates.

**Annex 8**

**Causes of Action Related to Commercial Tort Claims**

Unless otherwise released by the Plan or order of the Bankruptcy Court (including in connection with the disposition of any assets), the Debtor expressly reserves all commercial tort claims against any individual or entity, including, but not limited to, claims and causes of action of the Debtor against any of the Debtor's current or former directors, officers, insiders or affiliates (as defined in the Bankruptcy Code), including claims against the Debtor's current or former directors and officers for (i) wrongful acts such as gross mismanagement, material misrepresentations, misstatements, errors, neglect, or breach of duty in connection with the Debtor's operations, practices, financial condition, or otherwise, including the Debtor's financial health and financial projections and (ii) acts, errors, misstatements, misleading statements, omissions or breaches of duty in connection with the purchase or sale of, or offer to purchase or sell, securities issued by the Debtor.

**Annex 9**

**Causes of Action Related to Recharacterization of Claims**

Unless otherwise released by the Plan or order of the Bankruptcy Court (including in connection with the disposition of any assets), the Debtor expressly reserves all Causes of Action against any Holder of a Claim to recharacterize any asserted Claim as equity in the Debtor, including, but not limited to, recharacterization claims against:

Cary Harty
Insight Venture Parkers (Delaware) Viii, L.P.
Insight Venture Partners (Co-Investors), L.P.
Insight Venture Partners Viii, L.P.
Insight Venture Partners (Cayman) Viii, L.P.
Star Trinity, L.P.
SilverLake Kraftwek Fund L.P.
Silverlake Technology Investors Kraftwerk, L.P.
Ken Klein
Kieran Harty
Peter Sonsini
Ian Halifax
Christopher Schaepe
Lightspeed Venture Partners Viii, L.P.
Thomas Cashman
Michael Mcguire
Nea Ventures 2008, Limited Partnership
Adam Grosser
New Enterprise Associates 12, Limited Partnership
Lightspeed Venture Partners VIII, L.P.
New Enterprise Associates 12, LP
Silver Lake Kraftwerk Fund, L.P.
Silver Lake Technology Investors Kraftwerk Fund, L.P.

**Exhibit 3**

WBD (US) 47491976v1

September __, 2019

TriplePoint Capital LLC
c/o McDermott Will & Emery LLP
Attn. Timothy Walsh and Riley T. Orloff
340 Madison Avenue
New York, NY 10173

Carroll Services, LLC (the "Liquidation Trustee")
c/o Womble Bond Dickinson (US) LLP
Attn. Matthew P. Ward and Ericka F. Johnson
1313 N. Market Street, Suite 1200
Wilmington, DE 19801

Re:  Letter Agreement (the "Agreement") regarding Definition of Consultation Rights

On August 23, 2018, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the Order (Final) (I) Authorizing Debtor to Obtain Secured Superpriority Postpetition Financing, (II) Granting Liens and Superpriority Administrative Expense Status, (III) Authorizing Use of Cash Collateral, (IV) Granting Adequate Protection, and (V) Granting Related Relief (Docket No. 197) (the "Final DIP Order").  Attached to the Final DIP Order as Exhibit C were the settlement terms (the "Settlement") between TriplePoint Capital LLC ("TPC"), Tintri, Inc. (the "Debtor"), Silicon Valley Bank ("SVB"), and the Official Committee of Unsecured Creditors of Tintri Inc. (the "Committee").

The Settlement provides TPC with consultation rights with respect to the Committee's and/or Liquidation Trust's exclusive standing to prosecute Estate Claims (as defined in the Settlement).  The Settlement, however, does not define "consultation rights" and TPC and the Liquidation Trustee (collectively, the "Parties"), through this Agreement, agree that "consultation rights" consist of the following:

- The Liquidation Trustee, consistent with its fiduciary duties, agrees to pursue or not pursue the Estate Claims in good faith and for the benefit of TPC and all beneficiaries of the Liquidation Trust that will be established upon the effective date of The Official Committee of Unsecured Creditors of Tintri Inc.'s Plan of Liquidation under Chapter 11 of the Bankruptcy Code (the "Plan");

- To the extent practicable,[1] the Liquidation Trustee will cause copies of any draft complaints, draft dispositive motions, and draft responses to any dispositive motions

---

[1]    To the extent emergency motions or shortened notice is granted, it may not always be practicable to provide two (2) business days' notice of drafts; however, the Liquidation Trustee will make reasonable efforts to provide TPC's counsel with drafts in a manner that permits TPC an opportunity to comment.

to be provided to counsel for TPC at least two (2) business days prior to any planned filing of any such documents and TPC's counsel shall have the opportunity to comment within such notice period;

- The Liquidation Trustee will ensure that TPC's counsel is aware of any settlement negotiations and will cause notice of any settlement offers to be provided to TPC's counsel;

- Unless a response deadline to a settlement offer made to the Liquidation Trustee is sooner, [2] TPC, through counsel, shall have at least two (2) business days' notice of any settlements offers either made by or to the Liquidation Trustee prior to the Liquidation Trustee making or accepting of any such offer;

- Until TPC's claims against the Debtor are paid in full, TPC may veto the Liquidation Trustee's acceptance of any settlement offer; provided, however, that TPC shall exercise good faith and have a reasonable basis for making any decision to veto a settlement offer that the Liquidation Trustee believes should be accepted;

- TPC, through its counsel, shall have reasonable access to the Liquidation Trustee and its counsel to discuss Estate Claims and related matters; and

- If a dispute arises between TPC and the Liquidation Trustee that is not able to be resolved consensually by the parties, TPC and the Liquidation Trustee hereby agree that the United States Bankruptcy Court for the District of Delaware has the sole and exclusive jurisdiction to resolve any such disputes.

This Agreement shall be governed by, and construed under, the laws of the State of Delaware, without regard to the conflict of law principles that would result in the application of any law other than the law of the State of Delaware.  In case any one or more of the provisions contained in this Agreement should be invalid, illegal, or unenforceable in any respect, (a) the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby, and (b) the parties hereto shall enter into good faith negotiations to replace the invalid, illegal, or unenforceable provision the effect of which come as close as possible to that of the illegal, invalid, or unenforceable provisions.

The provisions of this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and permitted assigns.  This Agreement is not intended to and shall not be construed to give any third party any interest or rights (including, without limitation, any third party beneficiary rights) with respect to or in connection with any agreement or provision contained herein or contemplated hereby.

---

[2]     To the extent a settlement is made to the Liquidation Trustee with a deadline to accept that is less than two (2) business days, the Liquidation Trustee will provide prompt notice to counsel for TPC with a response deadline that provides the Liquidation Trustee with sufficient time to respond.