**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TINTRI, INC.,[1] | ) Case No. 18-11625 (LSS) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) **Re:  D.I. 391, 436, 443, 453, 454, & _____** |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER
CONFIRMING THE COMMITTEE'S FIRST AMENDED PLAN OF LIQUIDATION
UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

WHEREAS, on July 10, 2018 (the "Petition Date"), the Debtor filed a petition for

relief with this Bankruptcy Court under chapter 11 of the Bankruptcy Code.  The Debtor is

operating its businesses and managing its properties as a debtor in possession pursuant to

sections 1107(a) and 1108 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101

et seq. (the "Bankruptcy Code"); and

WHEREAS, on July 10, 2019, the Official Committee of Unsecured Creditors of

Tintri, Inc. (the "Committee") filed the *Official Committee of Unsecured Creditors of Tintri,*

*Inc.'s Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* [Docket No. 391] (as may

be amended or supplemented from time to time and including all exhibits and supplements

thereto, the "Plan")[2] and the related Disclosure Statement [Docket No. 392] (as may be amended,

the "Disclosure Statement"); and

WHEREAS, on August 16, 2019, the Bankruptcy Court entered the *Order (I)*

*Approving the Disclosure Statement; (II) Scheduling Confirmation Hearing; (III) Approving*

*Form and Manner of Notice of Confirmation Hearing; (IV) Establishing Procedures for*

---

[1]    The Debtor and the last four digits of its taxpayer identification numbers are (6978).

[2]    Unless otherwise specified herein, each capitalized term shall have the meaning ascribed to such term in the Plan.

*Solicitation and Tabulation of Votes to Accept or Reject Plan, Including (A) Approving Form and Content of Solicitation Package; (B) Establishing Record Date and Approving Procedures for Distribution of Solicitation Packages; (C) Approving Forms of Ballots; (D) Establishing Voting Deadline for Receipt of Ballots and (E) Approving Procedures for Vote Tabulations; (V) Establishing Deadline and Procedures for Filing Objections to Confirmation of Plan; and (VI) Granting Related Relief* [Docket No. 412] (the "Solicitation Procedures Order"); and

WHEREAS, Solicitation Procedures Order with exhibits, the Disclosure Statement on flash drive or CD-ROM, the Plan on flash drive or CD-ROM, and the Notice of (A) Hearing to Consider Confirmation of the Chapter 11 Plan; (B) Deadline for Casting Votes to Accept or Reject Plans; and (C) Related Matters (the "Confirmation Hearing Notice"), certain notices of non-voting status (the "Non-Voting Notices"), and/or the appropriate Ballots (collectively, the "Solicitation Package") were transmitted to all Holders of Claims and Interests and other parties in interest in accordance with the Solicitation Procedures Order, as set forth in the affidavit of service sworn to by the Debtor's claims agent, Omni Management Group, Inc. ("Omni") [Docket No. 414] (the "Affidavit of Service"); and

WHEREAS, on September 9, 2019, the Committee filed the Plan Supplement to the Official Committee of Unsecured Creditors of Tintri, Inc.'s Plan of Liquidation under Chapter 11 of the Bankruptcy Code [Docket No. 436] (the "Plan Supplement"); and

WHEREAS on September 19, 2019, the State of Michigan Department of Treasury filed *The Michigan Department of Treasury's Objection to Tintri's Plan of Liquidation* [Docket No. 443] (the "Michigan Department of Treasury Objection"); and

WHEREAS, on September 23, 2019, the Committee filed its *Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* [Docket No. 452]; and

2

WHEREAS, on September 19, 2019, the Committee filed the *Declaration of Catherine Nownes-Whitaker Regarding Analysis of Ballots for Accepting or Rejecting the Official Committee of Unsecured Creditors' Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 450] (the "Voting Declaration") certifying the results of the ballot tabulation for Classes 3, 5, and 6; and

WHEREAS, on September 23, 2019, the Committee filed its *Memorandum of Law in Support of Confirmation of the Official Committee of Unsecured Creditors of Tintri, Inc.'s Amended Plan of Liquidation under Chapter 11 of the Bankruptcy Code* [Docket No. 454] (the "Confirmation Brief"); and

WHEREAS, pursuant to the Solicitation Procedures Order and Bankruptcy Code section 1128(a), the Bankruptcy Court held a hearing commencing on September 26, 2019, at 10:00 a.m. (Eastern Time) (the "Confirmation Hearing") to consider confirmation of the Plan.

NOW THEREFORE, based upon the Bankruptcy Court's review and consideration of (i) the Plan, the Disclosure Statement, the Plan Supplement, the Solicitation Procedures Order, the Voting Declaration, the Affidavit of Service, the Michigan Department of Treasury Objection, and the other pleadings and other documents before the Bankruptcy Court in connection with the confirmation of the Plan, (ii) the record of the Confirmation Hearing (including the statements of counsel in support of confirmation at the Confirmation Hearing and all testimony presented and evidence admitted at the Confirmation Hearing), and (iii) the record of these Chapter 11 Case; and the Bankruptcy Court finding that (a) notice of the Voting Deadline, Objection Deadline, and Confirmation Hearing and the opportunity of any party in interest to object to confirmation were adequate and appropriate, in accordance with Bankruptcy Rule 2002(b) and the Solicitation Procedures Order, as to all parties to be affected by the Plan

and the transactions contemplated thereby, and (b) the legal and factual bases presented at the Confirmation Hearing and as set forth in this Confirmation Order establish just cause for the relief granted herein; and after due deliberation thereon, and good cause appearing therefor;

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

THE COURT HEREBY FINDS AND CONCLUDES THAT:[3]

   A. This Bankruptcy Court has jurisdiction over this Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012.  Confirmation of the Plan is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(L), and this Bankruptcy Court has exclusive jurisdiction to determine whether the Disclosure Statement and the Plan comply with the applicable provisions of the Bankruptcy Code, to determine whether the Plan should be confirmed and to enter a final order with respect hereto.  Venue of this Chapter 11 Case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

   B. The Plan is dated and identifies the entity submitting it, thereby satisfying Bankruptcy Rule 3016(a).  The filing of the Disclosure Statement with the Bankruptcy Court satisfies Bankruptcy Rule 3016(b).  All acts to be enjoined and identification of entities subject to such injunction under the Plan are set forth in specific and conspicuous text in the Plan and Disclosure Statement, thereby satisfying Bankruptcy Rule 3016(c).

   C. The Committee has given notice of the Confirmation Hearing as required by Bankruptcy Rule 3017(d).  Such notice was good and sufficient under the particular circumstances and no other or further notice is or shall be required.

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  <u>See</u> Fed. R. Bankr. P. 7052.

D.      The solicitation of votes to accept or reject the Plan satisfies Bankruptcy Rule 3018.  The Plan was transmitted to all creditors entitled to vote on the Plan, and sufficient time was prescribed for such creditors to vote to accept or reject the Plan, thereby satisfying the requirements of Bankruptcy Rule 3018.

E.      The Committee has met its burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by clear and convincing evidence.

F.      The Plan complies with the applicable provisions of the Bankruptcy Code, of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the orders of this Bankruptcy Court with respect to the Plan, thus satisfying the requirements of section 1129(a)(1) of the Bankruptcy Code.

G.      The Committee has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the orders of this Bankruptcy Court with respect to the solicitation of acceptances or rejections of the Plan, including, without limitation, sections 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rules 3017, 3018, and 3019, thus satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

H.      The Plan, and the compromises and settlements embodied therein, have been proposed in good faith and not by any means forbidden by law, thus satisfying the requirements of section 1129(a)(3) of the Bankruptcy Code.  In so determining, the Bankruptcy Court has examined, among other things, the totality of the circumstances surrounding the Chapter 11 Case, the record of the Confirmation Hearing, the Disclosure Statement, the Plan, and all related pleadings, exhibits, statements, and comments regarding confirmation of the Plan and

the approval of the Plan by the creditors that voted on the Plan.  The Plan was proposed with the legitimate and honest purpose of effecting an orderly liquidation of the Debtor's business.

       I.      All payments that have been made or are to be made by the Debtor or the Liquidation Trust under the Plan or by any person acquiring property under the Plan, for services or for costs and expenses in, or in connection with, the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, have been approved by, or will be subject to the approval of, the Bankruptcy Court as reasonable, thus satisfying the requirements of section 1129(a)(4) of the Bankruptcy Code.

       J.      The Committee has made available all necessary information with respect to the identity of the Liquidation Trustee, and the appointment to such office of the Liquidation Trustee is consistent with the interests of holders of Claims and Interests and with public policy, thus satisfying the requirements of section 1129(a)(5) of the Bankruptcy Code.  The initial Liquidation Trustee of the Liquidation Trust has been disclosed in the Plan.

       K.      The Debtor's businesses do not involve the establishment of rates over which any regulatory commission has jurisdiction or will have jurisdiction after confirmation, Thus, section 1129(a)(6) of the Bankruptcy Code is inapplicable to this Chapter 11 Case.

       L.      Section 1129(a)(7) of the Bankruptcy Code requires that each holder of a Claim or Interest in an impaired class accept the Plan, or receive or retain under the Plan property having a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive on account of such Claim or Interest if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code.  Classes 3, 5, 6, 7, 8, and 9 are impaired under the Plan.  The Disclosure Statement and the other evidence proffered or adduced at the Confirmation Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence or

challenged in any objection, and/or (iii) establishes that each holder of an impaired Claim in Classes 3, 5, 6, 7, 8, and 9 has either accepted the Plan, or will receive or retain under the Plan property having a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date, thus satisfying the requirements of section 1129(a)(7) of the Bankruptcy Code.

M.    Section 1129(a)(8) of the Bankruptcy Code requires that for each Class of Claims or Interests under the Plan, such Class has either accepted the Plan or is not impaired under the Plan. Unimpaired Classes 1, 2, and 4 are conclusively presumed to have accepted the Plan without the solicitation of acceptances or rejections pursuant to section 1126(f) of the Bankruptcy Code. Impaired Classes 3, 5 and 6 were the only impaired classes entitled to vote and have accepted the Plan. Because holders of Claims or Interests in impaired Classes 7, 8, and 9 are entitled to neither receive nor retain any property under the Plan, they are deemed to have rejected the Plan under section 1126(g) of the Bankruptcy Code. Accordingly, the requirements of section 1129(a)(8) of the Bankruptcy Code have not been met, thereby requiring application of section 1129(b) of the Bankruptcy Code.

N.    The treatment of Administrative Expense Claims specified in section 2.1 of the Plan satisfy the requirements of Bankruptcy Code section 1129(a)(9)(A). The treatment of Other Priority Claims specified in section 4.1 of the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9)(B). The treatment of the Secured Tax Claims under section 4.2 of the Plan satisfies the requirements of Bankruptcy Code 1129(a)(9)(C).

O.       The Plan has been accepted by impaired Classes 3, 5, and 6, determined without consideration of any acceptance of the Plan by insiders, thus satisfying the requirement of section 1129(a)(10) of the Bankruptcy Code.

P.       Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtor, as the Plan is a liquidating plan, thus satisfying the feasibility requirements of section 1129(a)(11) of the Bankruptcy Code.

Q.       As set forth in section 13.1 of the Plan, the Debtor has paid, or will pay on the Effective Date, all amounts due under 28 U.S.C. § 1930, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

R.       Sections 1129(a)(13) regarding retiree benefits, 1129(a)(14) regarding domestic support obligations, 1129(a)(15) regarding bankruptcy filings of individuals, and 1129(a)(16) regarding debtors that are not moneyed, business, or commercial corporations of the Bankruptcy Code, are not applicable to this Chapter 11 Case.

S.       Holders of Claims and Interests in Classes 7, 8, and 9 will neither receive nor retain any property or interest in property under the Plan and, accordingly, are deemed to have rejected the Plan.  These are the only Classes that have not accepted, or been deemed to have rejected, the Plan.  The Committee presented uncontroverted evidence at the Confirmation Hearing that the Plan does not discriminate unfairly and is fair and equitable with respect to the treatment of Claims and Interests in Classes 7, 8, and 9 because, as required by sections 1129(b)(2)(B) and 1129(b)(2)(C) of the Bankruptcy Code, there are no holders of claims or interests junior to the holders of Claims or Interests in Classes 7, 8, and 9 that will receive or retain under the Plan any property on account of such junior claims or interests.  Thus, the Plan satisfies section 1129(b) of the Bankruptcy Code and may be confirmed notwithstanding its

failure to satisfy section 1129(a)(8) of the Bankruptcy Code.  The Plan shall be binding upon the members of Classes 7, 8, and 9 upon confirmation and the occurrence of the Effective Date.

T.    Other than the Plan (including any previous versions thereof), no other plan has been filed in this Chapter 11 Case.  As a result, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

U.    The principal purpose of the Plan is not the avoidance of taxes or avoidance of the requirements of section 5 of the Securities Act of 1933, thus satisfying the requirements of section 1129(d) of the Bankruptcy Code.

V.    Based on the record before the Bankruptcy Court in the Chapter 11 Case, including the evidence adduced and presented at the Confirmation Hearing, the Committee and its members, attorneys, and advisors, to the extent applicable, (i) have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with all their respective activities relating to the solicitation of acceptances of the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and (ii) shall be deemed to have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code.

W.    The Plan satisfies each of the requirements for confirmation set forth in section 1129 of the bankruptcy Code.

X.    The Bankruptcy Court finds that it may retain jurisdiction over the matters set forth in section 12 of the Plan and section 1142 of the Bankruptcy Code.

Y.      All conditions precedent to confirmation set forth in section 10.1 of the Plan have been satisfied, will be satisfied by entry of this Confirmation Order, or have been duly waived.

Z.      Section 4 of the Plan adequately and properly identifies and classifies all Claims and Interests.  The Claims or Interests placed in each Class are substantially similar to other Claims or Interests, as the case may be, in each such Class, and such classification is therefore consistent with section 1122 of the Bankruptcy Code.  Valid business and legal reasons exist for the various Classes of Claims and Interests created under the Plan, and such classification does not unfairly discriminate among holders of Claims or Interests.  The Plan's classification scheme recognizes the differing legal and equitable rights of creditors versus Interest holders, secured versus unsecured Claims, and priority versus non-priority Claims.  Accordingly, the Plan satisfies section 1123(a)(1) of the Bankruptcy Code.

AA.     The Plan specifies in section 4 that Classes 1, 2, and 4 are not impaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

BB.     The Plan specifies in section 5 the Classes of Claims and Interests that are impaired, and specifies the treatment of the impaired Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

CC.     The Plan provides for the same treatment of a Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

DD.     Section 6 of the Plan provides adequate and proper means for implementation of the Plan, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.

Among other things, section 6 provides for (i) the establishment of the Liquidation Trust; (ii) the appointment of the Liquidation Trustee; (iii) the transfer of the Liquidation Trust Assets to the Liquidation Trust; and (iv) the cancellation of existing securities and agreements.

EE.    The Plan is a liquidating plan and thus, there will be no issuance of non-voting equity securities, thereby satisfying the requirements of section 1123(a)(6) of the Bankruptcy Code.    Further, there will be no selection of the managers and officers of a reorganized debtor.    Therefore, section 1123(a)(7) of the Bankruptcy Code is not applicable.

FF.    The Debtor's releases, injunction, and exculpation provisions set forth in section 11 of the Plan are fair and necessary to the success of the Debtor's liquidation in light of the circumstances presented, the evidence proffered or addressed at the Confirmation Hearing, and the arguments set forth in the Confirmation Brief.    The third party releases contained in the Plan are consensual.

Accordingly, it is hereby **ORDERED, ADJUDGED AND DECREED** that:

1.    <u>Plan Approval</u>. The Plan, which consists of the Plan, and all exhibits, provisions, terms, and conditions thereto, as amended, and the Plan Supplement, are approved and confirmed in substantially the forms as filed, because the Plan satisfies all of the requirements of Chapter 11 of the Bankruptcy Code.

2.    <u>Findings of Fact and Conclusions of Law</u>.    The findings of fact and conclusions of law of the Bankruptcy Court set forth herein and at the Confirmation Hearing shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, as made applicable herein by Bankruptcy Rule 9014, and the findings and conclusions of the Bankruptcy Court at the Confirmation Hearing are incorporated herein by reference.    To the

extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and vice versa.

3.     <u>Confirmation Objections</u>.   All confirmation objections and responses to the Plan, to the extent not resolved, withdrawn, or otherwise addressed by this Confirmation Order or as set forth on the record at the Confirmation Hearing, including any reservations of rights contained therein, are hereby overruled on the merits.

4.     <u>Notice of Confirmation Hearing</u>.   Notice of the Confirmation Hearing complied with the Solicitation Procedures Order and was appropriate and sufficient based on the circumstances of the Chapter 11 Case and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

5.     <u>Solicitation</u>.   The solicitation of votes on the Plan was appropriate and sufficient based upon the circumstances of the Chapter 11 Case, and was in compliance with the Solicitation Procedures Order.

6.     <u>Provisions of the Plan and Order are Nonseverable and Mutually Dependent</u>.   The provisions of the Plan and this Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

7.     <u>Plan Classification Controlling</u>.   The classification of Claims and Interests for purposes of the Distributions to be made under the Plan shall be governed solely by the terms of the Plan.   The classifications set forth on the Ballots tendered to or returned by the holders of the Claims entitled to vote on the Plan (i) were set forth on the Ballots solely for the purposes of voting to accept or reject the Plan, (ii) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for

Distribution purposes, and (iii) shall not be binding on the Debtor, its estate, or the Liquidation Trustee.

8.      **Effects of Confirmation; Immediate Effectiveness: Binding Effect**.  The Committee is hereby authorized to consummate the Plan at any time following entry of this Confirmation Order.  Notwithstanding the stay contemplated by Bankruptcy Rule 3020(e) and except as otherwise provided in section 1141(d) of the Bankruptcy Code, immediately after entry of this Confirmation Order, the provisions of the Plan and this Confirmation Order shall be deemed binding against the Debtor and any and all holders of Claims against or Interests in the Debtor, including all governmental entities or recording offices (irrespective of whether such Claims or Interests are impaired under the Plan or whether the holders of such Claims or Interests accepted, rejected or are deemed to have accepted or rejected the Plan), any and all non-debtor parties to executory contracts or unexpired leases with the Debtor, and any and all entities that are parties to or are subject to the settlements, compromises, releases, and injunctions described in the Plan.  Accordingly, as permitted by Bankruptcy Rule 3020(e), the fourteen (14) day period provided by such rule is hereby waived in its entirety.

9.      **Approval of the Appointment of the Liquidation Trustee**. The appointment of the Liquidation Trustee in accordance with the Plan and the Liquidation Trust Agreement attached to the Plan Supplement are hereby approved, and the Committee and Liquidation Trustee hereby are authorized and directed to take all such actions as are necessary to implement such appointment and the Liquidation Trust Agreement.  The Committee and Liquidation Trustee are hereby authorized to amend the Liquidation Trust Agreement through and including the Effective Date in a manner consistent with the Plan.

10.     <u>Plan Supplement Documents</u>.    The Committee and/or the Debtor (as applicable) are hereby authorized to (i) enter into and execute any of the Plan Supplement documents necessary to effectuate the Plan and (ii) amend any of the Plan Supplement documents through and including the Effective Date in a manner consistent with the Plan.

11.     <u>Transfer of Trust Assets</u>.    As set forth in section 6.5.2 of the Plan, upon the establishment of the Liquidation Trust pursuant to the Liquidation Trust Agreement, all Liquidation Trust Assets shall be deemed transferred to the Liquidation Trust without any further action of any of the Debtor or the Committee.    The transfer of the Liquidation Trust Assets pursuant to the Plan (a) is a legal, valid, and effective transfer of property, (b) vests the Liquidation Trust with good title to such property free and clear of all Liens, Claims, and Interests, except as specifically provided in the Plan or this Confirmation Order, (c) does not constitute an avoidable transfer under the Bankruptcy Code or under applicable nonbankruptcy law, and (d) does not and shall not subject the Liquidation Trustee to any liability by reason of such transfer under the Bankruptcy Code or under applicable nonbankruptcy law.

12.     <u>Payment of Fees and Post-Confirmation Reporting</u>.    All fees due and payable pursuant to section 1930 of title 28 of the U.S. Code prior to the Effective Date shall be paid by the Debtor.    On or after the Effective Date, the Debtor or the Liquidation Trustee shall pay any and all such fees when due and payable.    The Debtor, the Committee, or the Liquidation Trustee shall file post confirmation quarterly reports or any pre-confirmation monthly operating reports not filed as of the Confirmation Hearing in conformity with the U.S. Trustee guidelines, until entry of an order closing or converting the case.

13.     <u>Continuation of the Automatic Stay</u>.    All injunctions or stays provided for in the Chapter 11 Case under sections 105 or 362 of the Bankruptcy Code, or otherwise, and in

existence on the date of entry of this Order, shall remain in full force and effect until the Effective Date.

14.   <u>Cancellation of Agreements, Notes, and Interests</u>.  On the Effective Date, except to the extent otherwise expressly provided in the Plan, all notes, stock, interests, instruments, certificates, and other documents evidencing the Interests in the Debtor shall be deemed automatically extinguished, cancelled and of no further force or effect, and the Debtor shall not have any continuing obligations thereunder.  On the Effective Date, except to the extent otherwise expressly provided in the Plan, any indenture or other agreement relating to any of the foregoing shall be deemed automatically extinguished, cancelled and of no further force or effect, and the Debtor shall not have any continuing obligations thereunder.

15.   <u>Administrative Claims Bar Date</u>.  Pursuant to this Confirmation Order, an Administrative Expense Claims Bar Date for filing Administrative Expense Claims is established thirty (30) days after the Effective Date or the first Business Day following such day.  The Administrative Expense Claims Bar Date will be applicable for holders of Administrative Expense Claims that have not been previously deemed Allowed by a final, non-appealable order of the Bankruptcy Court.  Failure to timely file with the Bankruptcy Court and serve such a request for payment may result in any Administrative Expensive Claims being forever barred.

16.   <u>Accrued Professional Compensation Claims</u>.  In accordance with section 2.2.1 of the Plan, all final requests for payment of Accrued Professional Compensation Claims pursuant to sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code must be made by application filed with the Bankruptcy Court and served on the Debtor, its counsel, the Committee (if applicable), its counsel, the Liquidation Trustee, and other necessary parties-in-interest no later than thirty (30) days after the Effective Date, unless otherwise ordered by the

Bankruptcy Court.  After notice and a hearing in accordance with the procedures established by the Bankruptcy Code and prior Bankruptcy Court orders, the allowed amounts of such Accrued Professional Compensation Claims shall be determined by the Bankruptcy Court.

17.    <u>Professional Fees and Expenses Incurred After the Effective Date</u>. Professional fees and expenses incurred by the Liquidation Trustee and its professionals after the Effective Date may be paid by the Liquidation Trustee in the ordinary course of business and without application or Bankruptcy Court approval.

18.    <u>Assumed and Rejected Contracts and Leases</u>.  Except as otherwise provided in the Plan, or in any contract, instrument, release, indenture, or other agreement or document entered into in connection with the Plan, as of the Effective Date, the Debtor shall be deemed to have rejected each pre-petition executory contract and unexpired lease to which it is a party unless such executory contract or unexpired lease (a) was previously assumed or rejected upon motion by a Final Order, (b) previously expired or terminated pursuant to its own terms, (c) is listed in the Plan Supplement as an assumed contracts and lease, or (d) is the subject of any pending motion, including to assume, to assume on modified terms, to reject or to make any other disposition filed by a Debtor on or before the date of this Order.

19.    <u>Bar to Rejection Damages</u>.  If the rejection of an executory contract or unexpired lease pursuant to the Plan results in a Claim, a Proof of Claim must be filed with the Bankruptcy Court and served upon counsel for the Debtor, counsel for the Committee (if applicable), and the Liquidation Trustee on or before the date that is thirty (30) days after the Effective Date or such later rejection date that occurs as a result of a dispute concerning amounts necessary to cure any defaults.  All Allowed Rejection Damages Claims shall be treated as prepetition claims.

20.    <u>Revocation, Withdrawal, or Non-Consummation</u>.  Subject to the terms of, and without prejudice to the rights of any party, the Committee reserves the right to revoke or withdraw the Plan at any time prior to the Effective Date.  If the Committee revokes or withdraws the Plan prior to the Effective Date, or if the Effective Date does not occur, the Plan, any settlement or compromise embodied in the Plan (including the fixing or limiting to an amount certain of any Claims or Interests or Classes of Claims or Interests), the assumption or rejection of executory contracts or unexpired leases effected by the Plan, any release, exculpation or indemnification provided for in the Plan shall be null and void.

21.    <u>Releases, Exculpation, and Limitation of Liability</u>.  The releases set forth in section 11.8 of the Plan and the exculpation provision set forth in section 11.5 of the Plan are hereby approved in their entirety; <u>provided</u>, <u>however</u>, that section 11.8 of the Plan shall not apply to holders of Claims who affirmatively voted to opt-out of the Releases.

22.    <u>Injunction</u>.  Except as provided in the Plan or this Confirmation Order, as of the Effective Date, all Persons and Entities who have held, hold, or may hold Claims against or Interests in the Debtor, are permanently enjoined, on and after the Effective Date, from (a) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim or Interest, directly or indirectly, including indirect pursuit of any Claims against any Debtor by litigation; (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree, or order against the Debtor on account of any such Claim or Interest; (c) creating, perfecting, or enforcing any encumbrance of any kind against the Debtor or against the property or interests in property of the Debtor on account of any such Claim or Interest; (d) asserting any right of subrogation against the Debtor or against the property or interests in the property of the Debtor or the Liquidation Trust; and (e) commencing

17

or continuing in any manner any action or other proceeding of any kind with respect to any claims and causes of action which are retained pursuant to this Plan. Such injunction shall extend to successors of the Debtor, including, without limitation, the Liquidation Trust and its properties and interests in property.

23. <u>Caused of Action and Reserved Chapter 5 Actions</u>. Except as otherwise provided in the Plan (including section 11.7 of the Plan), or the Confirmation Order, in accordance with section 1123(b) of the Bankruptcy Code, on the Effective Date, nothing contained in the Plan or in this Order shall be deemed to be a waiver or the relinquishment of any claim, cause of action, Reserved Chapter 5 Action, right of setoff, or other legal or equitable defense of the Debtor or the Liquidation Trustee (or which the Liquidation Trustee may choose to assert on behalf of the Debtor's Estate) under any provision of the Bankruptcy Code or any applicable nonbankruptcy law or rule, common law, equitable principle or other source of right or obligation, including, without limitation, (i) any and all Claims against any Person or Entity, to the extent such Person or Entity asserts a crossclaim, counterclaim, and/or Claim for setoff which seeks affirmative relief against the Debtor or its officers, directors, or representatives, and (ii) the turnover of all property of the Debtor's Estate.

24. <u>Distributions: Reserves</u>. The provisions of the Plan, including sections 7 and 8, and the Liquidation Trustee Agreement governing distributions, reserves, and the procedures for resolving and treating Disputed Claims under the Plan, are approved and found to be fair and reasonable.

25. <u>Consents and Approvals</u>. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any State or any other governmental authority with respect to the implementation or consummation of the Plan

and any other acts that may be necessary or appropriate for the implementation or consummation of the Plan, including the dissolution of the Debtor.

26.    <u>Transfer of Privilege.</u>  To the fullest extent permitted by law, the Debtor shall be deemed to transfer to the Liquidation Trustee all rights of the Debtor and its estate to exercise or waive any attorney-client privilege, attorney-accountant privilege, work-product privilege, or other privilege or immunity attaching to any documents or communications relating to the Liquidation Trust Assets, and the Liquidation Trustee is authorized to take all actions necessary to effectuate the transfer of such privileges.  After the Effective Date, the Liquidation Trustee shall have exclusive power and authority to waive such privileges.

27.    <u>Dissolution of the Creditors Committee</u>.  On the Effective Date, the Creditors Committee shall have no further powers or duties and shall be dissolved for all purposes; <u>provided</u>, <u>however</u>, that the Creditors' Committee and its Professionals shall be entitled, after notice and a hearing, to reasonable compensation and reimbursement of actual and necessary expenses incurred post-Effective Date in preparing and filing applications for Accrued Professional Compensation Claims or for reimbursement of expenses incurred by members of the Creditors' Committee.

28.    <u>Retention of Jurisdiction</u>.  Notwithstanding confirmation of the Plan or the occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Case and the Plan to the fullest extent permitted by law, including among other things, jurisdiction over the matters set forth in section 12 of the Plan, which provisions are incorporated herein by reference.

29.    <u>Distribution of Cash and Interests</u>.  This Confirmation Order shall constitute the Bankruptcy Court's authorization for the Liquidation Trustee to make all

distributions of Cash required to be distributed under the applicable provisions of the Plan and the Liquidation Trustee Agreement.  The Liquidation Trustee may employ or contract with other entities to assist in or make the Distributions to the extent set forth in the Liquidation Trust Agreement.

30.    <u>Failure to Reference Provisions of the Plan</u>.  The failure to reference or discuss any particular provision of the Plan in this Order shall have no effect on the validity, binding effect, and enforceability of such provision and such provision shall have the same validity, binding effect and enforceability as every other provision of the Plan.

31.    <u>Technical Adjustments</u>.  Prior to the Effective Date, the Debtor may make appropriate technical adjustments and modifications to the Plan without further order or approval of this Court, provided that such technical adjustments and modifications do not affect the treatment of holders of Claims or Interests.

32.    <u>Notice of Entry of Confirmation Order</u>.    The Committee and their authorized agent shall serve notice of (a) entry of this Confirmation Order and (b) the last date to file (i) Professional Fee Claims (ii) Administrative Expense Claims and (iii) Claims arising from the rejection of executory contracts and unexpired leases, substantially in the form annexed hereto as <u>Exhibit A</u>, which form is hereby approved, on all creditors of the Debtor as of the date hereof, and other parties in interest within ten (10) Business Days from the Effective Date.

33.    <u>Inconsistency</u>.  In the event of any inconsistency between the Plan and any agreement, instrument or document intended to implement the Plan and this Confirmation Order, the provisions of this Confirmation Order shall govern.

34.    <u>Vacatur of Confirmation Order</u>.  If this Order is vacated, then the Plan shall be null and void in all respects, and nothing contained in the Plan shall (a) constitute a

waive or release of any Claims against or Interests in the Debtor; (b) prejudice in any manner the rights of the holder of any Claim against or Interest in, the Debtor; and (c) be deemed as an admission against interest by the Debtor.

35.    Comptroller of Texas Resolution.  Notwithstanding anything to the contrary in the Plan or this Order, but subject to all rights and defenses of the Debtor and the Liquidation Trustee with respect to any such Claim, (i) pursuant to Bankruptcy Code section 503(b)(1)(D), the Comptroller for the State of Texas is not required to file a request for payment of an administrative expense described in Bankruptcy Code sections 503(b)(1)(B) or 503(b)(1)(C) as a condition to it being an allowed administrative expense.

36.    Enforceability.    Pursuant to Bankruptcy Code sections 1123(a) and 1142(a) and the provisions of this Confirmation Order, the Plan, the Plan Supplement, and all plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

**Dated: October 8th, 2019**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**