IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TINTRI, INC.,[1] | ) | Case No.: 18-11625 (KJC) |
| | ) | |
| Debtor. | ) | |
| | | Objection Deadline: February 11, 2019 at 4:00 p.m. |
| | | Hearing Date: To be scheduled if necessary |

## SIXTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION, FOR THE PERIOD FROM DECEMBER 1, 2018 THROUGH JANUARY 10, 2020

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Debtor and Debtor in Possession |
| Date of Retention: | Effective *nunc pro tunc* to July 10, 2018 by order signed on or about August 8, 2018 |
| Period for which Compensation and Reimbursement is Sought: | December 1, 2018 through January 10, 2020 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $158,936.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $9,159.07 |

This is a:    x  monthly        interim        final application.

The total time expended for fee application preparation is approximately 2.0 hours and the corresponding compensation requested is approximately $800.00.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 09/26/18 | 07/10/18 – 07/31/18 | $313,747.25 | $18,197.22 | $250,997.80 | $18,197.22 |
| 10/25/18 | 08/01/18 – 08/31/18 | $395,221.25 | $12,472.43 | $316,177.00 | $12,472.43 |
| 10/26/18 | 09/01/18 – 09/30/18 | $ 80,036.50 | $10,263.62 | $ 64,029.20 | $10,263.62 |

---

[1] The Debtor and the last four digits of its taxpayer identification numbers are (6978): The service address for the above-captioned Debtor is 303 Ravendale Dr., Mountain View, CA 94043.

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 01/17/19 | 10/01/18 – 10/31/18 | $ 53,787.50 | $10,946.26 | $ 53,787.50 | $10,946.26 |
| 01/17/19 | 11/01/18 – 11/30-18 | $ 38,543.00 | $ 1,306.35 | $ 38,543.00 | $ 1,306.35 |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Iain A. W. Nasatir | Partner 1999; Member NY Bar 1983; Member CA Bar 1990 | 975.00 | 3.60 | $3,510.00 |
| Kenneth H. Brown | Partner 2001; Member CA Bar 1981 | 975.00 | 9.40 | $9,165.00 |
| John D. Fiero | Partner 2002; Member CA Bar 1988 | 925.00 | 75.90 | $70,207.50 |
| John D. Fiero | Travel Rate | 462.50 | 11.80 | $5,457.50 |
| James E. O'Neill | Partner 2005; Member PA Bar 1985; Member DE Bar 2001 | 895.00 | 7.60 | $6,802.00 |
| Colin R. Robinson | Of Counsel 2012; Member NJ & PA Bars 2001; Member DE Bar 2010 | 795.00 | 12.10 | $9,619.50 |
| John W. Lucas | Partner 2014; Member NY Bar 2004; Member CA Bar 2010 | 775.00 | 8.30 | $6,432.50 |
| William L. Ramseyer | Of Counsel 1989: Member CA Bar 1980 | 775.00 | 5.90 | $4,572.50 |
| Jason H. Rosell | Of Counsel 2010; Member CA Bar 2010; Member NY Bar 2011 | 695.00 | 16.10 | $11,189.50 |
| Karina K. Yee | Paralegal 2000 | 395.00 | 1.20 | $474.00 |
| Elizabeth C. Thomas | Paralegal 2016 | 395.00 | 0.40 | $158.00 |
| Patricia E. Cuniff | Paralegal 2000 | 395.00 | 60.50 | $23,897.50 |
| Patricia J. Jeffries | Paralegal 1999 | 395.00 | 0.40 | $158.00 |
| Cheryl A. Knotts | Paralegal 2000 | 375.00 | 2.20 | $825.00 |
| Beatrice M. Koveleski | Case Management Assistant | 325.00 | 1.20 | $390.00 |
| Charles J. Bouzoukis | Case Management Assistant | 325.00 | 5.30 | $1,722.50 |
| Karen S. Neil | Case Management Assistant | 325.00 | 11.30 | $3,672.50 |
| L. Sheryle Pitman | Case Management Assistant | 325.00 | 2.10 | $682.50 |

**Grand Total:** $158,936.00
**Total Hours:** 235.30
**Blended Rate:** $675.46

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/ Recovery | 1.90 | $ 1,734.50 |
| Bankruptcy Litigation | 33.80 | $18,329.00 |
| Case Administration | 64.80 | $32,917.00 |
| Claims Administration/ Objections | 16.50 | $13,477.50 |
| Compensation of Professional | 11.10 | $ 6,972.50 |
| Compensation of Professionals/ Others | 11.10 | $ 6,568.50 |
| Financial Filings | 5.90 | $ 3,450.50 |
| Financing | 1.00 | $ 741.00 |
| Hearing | 3.80 | $ 3,118.00 |
| Insurance Coverage | 4.90 | $ 4,562.50 |
| Litigation (Non-Bankruptcy) | 16.70 | $15,368.50 |
| Non-Working Travel (billed at ½ rate) | 11.80 | $ 5,457.50 |
| Plan & Disclosure Statement | 38.60 | $34,968.00 |
| Retention of Professionals/ Other | 1.20 | $ 924.00 |
| Stay Litigation | 10.30 | $ 8,635.50 |
| Tax Issues | 1.90 | $ 1,711.50 |
| **Total** | **235.30** | **$158,936.00** |

## EXPENSE SUMMARY

| Expense Category | Service Provider[2] (if applicable) | Total Expenses |
|---|---|---|
| Air Fare | United | $3,353.60 |
| Auto Travel Expense | Road Runner Transportation, Uber | $ 179.78 |
| Conference Call | AT&T, CourtCall | $ 138.15 |
| CourtLink - Online Research | | $ 2.85 |
| Delivery/Courier Service | | $1,070.00 |
| Federal Express | | $1,410.89 |
| Hotel Expense | Hotel DuPont | $ 360.40 |
| Lexis/Nexis – Legal Research | | $ 50.32 |
| Pacer – Court Research | | $ 468.20 |
| Postage | | $ 385.90 |
| Reproduction Expense | | $1,245.30 |
| Reproduction/ Scan Copy | | $ 395.50 |
| Transcript | eScribers | $ 67.20 |
| Travel Expense | United WiFi | $ 30.98 |
| **Total** | | **$9,159.07** |

---

[2] PSZ&J may use one or more service providers. The service providers identified herein are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TINTRI, INC.,[1] | ) | Case No.: 18-11625 (KJC) |
| | ) | |
| Debtor. | ) | |

**Objection Deadline: February 11, 2019 at 4:00 p.m.**
**Hearing Date: To be scheduled if necessary**

## SIXTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION, FOR THE PERIOD FROM DECEMBER 1, 2018 THROUGH JANUARY 10, 2020

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the "Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals," signed on or about August 8, 2018 ("Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Counsel for the Debtor and Debtor in Possession, hereby submits its Sixth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from December 1, 2018 through January 10, 2020 (the "Application").

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $158,936.00 and actual and necessary expenses in the amount of $9,159.07 for a total allowance of $168,095.07 and payment of $127,148.80 (80% of the allowed fees) and reimbursement of $9,159.07 (100% of the allowed expenses) for a total payment of $136,307.87

---

[1] The Debtor and the last four digits of its taxpayer identification numbers are (6978): The headquarters and service address for the above-captioned Debtor is 303 Ravendale Dr., Mountain View, CA 94043.

for the period December 1, 2018 through January 10, 2020 (the "Interim Period"). In support of this Application, PSZ&J respectfully represents as follows:

## Background

1. On July 10, 2018 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has continued in possession of its property and continued to operate and manage its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtor's chapter 11 case.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On or about August 8, 2018, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within twenty-one (21) days after service of the monthly fee application the Debtor is authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Beginning with the period ending September 30, 2018, at three-month intervals or such other intervals convenient to the Court, each of the Professionals may file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

4. The retention of PSZ&J, as counsel for the Debtor and Debtor in Possession, was approved effective as of July 10, 2018 by this Court's *Order Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date*, signed on August 8, 2018 (the "Retention Order"). The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

### PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

#### Compensation Paid and Its Source

5. All services for which PSZ&J requests compensation were performed for or on behalf of the Debtor.

6. PSZ&J has received no payment and no promises for payment from any source other than the Debtor for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in this case. PSZ&J has received payments from the Debtor during the year prior to the Petition Date in the amount of $362,063.38, including the Debtor's filing fee for this case, in connection with the preparation of initial documents and its prepetition representation of the Debtor.

**Fee Statements**

7.  The fee statements for the Interim Period are attached hereto as **Exhibit A**. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period. To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules. PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services. The time reports are organized on a daily basis. PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code. PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent (50%) of PSZ&J's standard hourly rate. To the extent it is feasible, PSZ&J professionals attempt to work during travel.

**Actual and Necessary Expenses**

8.  A summary of actual and necessary expenses incurred by PSZ&J for the Interim Period is attached hereto as part of **Exhibit A**. PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as this one, arising in Delaware. PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9. PSZ&J charges $.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Debtor for the receipt of faxes in this case.

10. With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research. PSZ&J bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZ&J is passed on to the client.

11. PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

### Summary of Services Rendered

12. The names of the partners and associates of PSZ&J who have rendered professional services in this case during the Interim Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached **Exhibit A**.

13. PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Debtor on a regular basis with respect to various matters in connection with the Debtor's bankruptcy case, and performed all necessary professional services which are described and narrated in detail below. PSZ&J's efforts have been extensive due to the size and complexity of the Debtor's bankruptcy case.

## Summary of Services by Project

14. The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below. PSZ&J attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached **Exhibit A**. **Exhibit A** identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

**A.    Asset Analysis/ Recovery**

15. During the Interim Period, the Firm reviewed and analyzed the Debtor's cash reports and bank balances, and communicated with the Committee regarding sale proceeds.

        Fees: $1,734.50;        Hours: 1.90

B. **Bankruptcy Litigation**

16. This category relates to work regarding litigation and motions filed in the Debtor's case. During the Interim Period, the Firm, among other things: (i) prepared hearing binders; (ii) prepared agendas; (iii) reviewed adversary litigation matters with the lenders and the Committee; and (iv) prepared adversary status reports for the Court.

    Fees: $18,329.00;    Hours: 33.80

C. **Case Administration**

17. This category relates to work regarding administration of this case. During the Interim Period, the Firm, among other things: (i) maintained a memorandum of critical dates; (ii) reviewed daily correspondence and pleadings and forwarded them to appropriate parties; (iii) maintained document control; (iv) prepared and distributed a daily memo narrative; (v) conferred with estate professionals regarding case status issues; and (vi) participated in board calls regarding case status.

    Fees: $32,917.00;    Hours: 64.80

D. **Claims Administration/ Objections**

18. This category relates to work regarding claims administration and claims objections. During the Interim Period, the Firm, among other things: (i) reviewed and analyzed a claims bar date motion and entered order; (ii) addressed claim issues; (iii) reviewed and analyzed administrative claims; and (iv) addressed claim objection issues.

    Fees: $13,477.50;    Hours: 16.50

E.  **Compensation of Professionals**

19. This category relates to work regarding compensation of the Firm. During the Interim Period, the Firm, among other things, prepared its third and fourth monthly fee applications;, and prepared certifications of counsel with respect to prior monthly fee applications filed in the case.

    Fees: $6,972.50;    Hours: 11.10

F.  **Compensation of Professionals/ Other**

20. This category relates to work regarding compensation of professionals, other than the Firm. During the Interim Period, the Firm, among other things: (i) reviewed fee applications of estate professionals; (ii) assisted Wilson Sonsini and Deloitte with the preparation and filing of their fee applications; (iii) prepared certifications of counsel with respect to applications of estate professionals; (iv) maintained a professional fee analysis; and (v) addressed payment issues with estate professionals.

    Fees: $6,568.50;    Hours: 11.10

G.  **Financial Filings**

21. During the Interim Period, the Firm, among other things, assisted the Debtor with the preparation and filing of its monthly operating reports and addressed quarterly U.S. Trustee fee payment issues.

    Fees: $3,450.50;    Hours: 5.90

**H.   Financing**

22.   This category relates to issues regarding Debtor in Possession financing and use of cash collateral. During the Interim Period, the Firm, among other things, addressed budget and cash collateral issues and revised a cash collateral stipulation.

Fees: $741.00;     Hours: 1.00

**I.   Hearing**

23.   During the Interim Period, the Firm, among other things, communicated with Chambers and estate professionals regarding hearing dates, and prepared for and attended the disclosure statement hearing.

Fees: $3,118.00;     Hours: 3.80

**J.   Insurance Coverage**

24.   During the Interim Period, the Firm responded to insurance coverage inquiries from estate professionals and board members, and reviewed and analyzed the Debtor's insurance coverage.

Fees: $4,562.50;     Hours: 4.90

**K.   Litigation (Non-Bankruptcy)**

25.   Time billed to this category relates to services performed in connection with the shareholder class action litigation. During the Interim Period, the Firm, among other things: (i) addressed mediation issues; (ii) prepared a mediation brief; (iii) prepared for and attended mediation; and (iv) addressed shareholder litigation issues.

Fees: $15,368.50;     Hours: 16.70

L.   **Non-Working Travel**

26.   During the Interim Period, the Firm incurred time while traveling on case matters. Non-working travel is billed at one-half the normal rate.

Fees: $5,457.50;          Hours: 11.80

M.   **Plan and Disclosure Statement**

27.   Time billed to this category relates to the Debtor's plan of liquidation ("Plan") and supporting disclosure statement ("Disclosure Statement"). During the Interim Period, the Firm, among other things: (i) conferred with the Debtor, lenders and Committee regarding restructuring strategies; (ii) considered Plan wind-down issues; (iii) prepared a Plan and Disclosure Statement; (iv) addressed board resignation matters; (v) prepared for and attended a hearing to approve the Disclosure Statement; (vi) prepared for and attended the Plan confirmation hearing; and (vii) addressed post-confirmation issues.

Fees: $34,968.00;         Hours: 38.60

N.   **Retention of Professionals/ Other**

28.   This category relates to work regarding the retention of professionals, other than the Firm. During the Interim Period, the Firm, among other things, addressed issues relating to the retention of Onyx.

Fees: $924.00;            Hours: 1.20

O.   **Stay Litigation**

29.   During the Interim Period, the Firm, among other things: (i) addressed insurance stay relief issues; (ii) addressed shareholder litigation mediation matters; (iii) reviewed

and provided comments to a potential stipulation for mediation of shareholder claims using insurance; (iv) conferred with board counsel regarding insurance mediation; and (v) negotiated settlement terms with the Committee in connection with shareholder litigation.

Fees: $8,635.50;    Hours: 10.30

P.    **Tax Issues**

30.    During the Interim Period, the Firm addressed sales tax audit issues, assisted with the preparation of sales tax returns, and addressed unpaid sales tax matters.

Fees: $1,711.50;    Hours: 1.90

**Valuation of Services**

31.    Attorneys and paraprofessionals of PSZ&J expended a total 235.30hours in connection with their representation of the Debtor during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Iain A. W. Nasatir | Partner 1999; Member NY Bar 1983; Member CA Bar 1990 | 975.00 | 3.60 | $3,510.00 |
| Kenneth H. Brown | Partner 2001; Member CA Bar 1981 | 975.00 | 9.40 | $9,165.00 |
| John D. Fiero | Partner 2002; Member CA Bar 1988 | 925.00 | 75.90 | $70,207.50 |
| John D. Fiero | Travel Rate | 462.50 | 11.80 | $5,457.50 |
| James E. O'Neill | Partner 2005; Member PA Bar 1985; Member DE Bar 2001 | 895.00 | 7.60 | $6,802.00 |
| Colin R. Robinson | Of Counsel 2012; Member NJ & PA Bars 2001; Member DE Bar 2010 | 795.00 | 12.10 | $9,619.50 |
| John W. Lucas | Partner 2014; Member NY Bar 2004; Member CA Bar 2010 | 775.00 | 8.30 | $6,432.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| William L. Ramseyer | Of Counsel 1989; Member CA Bar 1980 | 775.00 | 5.90 | $4,572.50 |
| Jason H. Rosell | Of Counsel 2010; Member CA Bar 2010; Member NY Bar 2011 | 695.00 | 16.10 | $11,189.50 |
| Karina K. Yee | Paralegal 2000 | 395.00 | 1.20 | $474.00 |
| Elizabeth C. Thomas | Paralegal 2016 | 395.00 | 0.40 | $158.00 |
| Patricia E. Cuniff | Paralegal 2000 | 395.00 | 60.50 | $23,897.50 |
| Patricia J. Jeffries | Paralegal 1999 | 395.00 | 0.40 | $158.00 |
| Cheryl A. Knotts | Paralegal 2000 | 375.00 | 2.20 | $825.00 |
| Beatrice M. Koveleski | Case Management Assistant | 325.00 | 1.20 | $390.00 |
| Charles J. Bouzoukis | Case Management Assistant | 325.00 | 5.30 | $1,722.50 |
| Karen S. Neil | Case Management Assistant | 325.00 | 11.30 | $3,672.50 |
| L. Sheryle Pitman | Case Management Assistant | 325.00 | 2.10 | $682.50 |

32. The nature of work performed by these persons is fully set forth in **Exhibit A** attached hereto. These are PSZ&J's normal hourly rates for work of this character. The reasonable value of the services rendered by PSZ&J for the Debtor during the Interim Period is $158,936.00.

33. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that, for the period of December 1, 2018 through January 10, 2020, a monthly interim allowance be made to PSZ&J for compensation in the amount of $158,936.00 and actual and necessary expenses in the amount of $9,159.07 for a total allowance of $168,095.07 and payment of $127,148.80 (80% of the allowed fees) and reimbursement of $9,159.07 (100% of the allowed expenses) for a total payment of $136,307.87; and for such other and further relief as this Court deems proper.

Dated: January 21, 2020            PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Henry C. Kevane (CA Bar No. 125757)
John D. Fiero (CA Bar No. 136557)
John W. Lucas (CA Bar No. 271038)
James E. O'Neill (DE Bar No. 4042)
Colin R. Robinson (DE Bar No. 5524)
919 N. Market Street, 17th Floor
P. O. Box 8705
Wilmington, DE 19899 (Courier 19801)

Attorneys for Debtor and Debtor in Possession

## **DECLARATION**

STATE OF DELAWARE     :
                                              :
COUNTY OF NEW CASTLE  :

Colin R. Robinson, after being duly sworn according to law, deposes and says:

a) I am Of-Counsel with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b) I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Debtor.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on August 8, 2018 and submit that the Application substantially complies with such Rule and Order.

／s／ *Colin R. Robinson*
Colin R. Robinson